EXHIBIT 2

SUPREME COURT - STATE OF NEW YORK
DUTCHESS COUNTY

Present:

        Hon. JAMES V. BRANDS

                                      Justice.

SUPREME COURT: DUTCHESS COUNTY
---------------------------------------X
RED WING PROPERTIES, INC.
                      Petitioner-Plaintiff,

    -against-

TOWN OF MILAN, THE TOWN OF MILAN TOWN
BOARD, JOHN VAN TALMAGE, IN HIS OFFICIAL
CAPACITY AS TOWN SUPERVISOR, AND PAULINE
COMBE-CLARK, ALFRED LOBRUTTO, DIANE MAY &
ROSS WILLIAMS, IN THEIR OFFICIAL CAPACITIES
AS TOWN BOARD MEMBERS,
                      Respondents-Defendants.
---------------------------------------X

DECISION, ORDER
and JUDGMENT
Index No: 2883/06

      The following papers were read and considered on this petition pursuant to Article 78 of the CPLR and for a declaratory judgment pursuant to CPLR Section 3001.

NOTICE OF PETITION
VERIFIED PETITION AND COMPLAINT

VERIFIED ANSWER
AFFIRMATION IN SUPPORT
AFFIDAVIT IN SUPPORT BY ROSS WILLIAMS
AFFIDAVIT IN SUPPORT BY CATHERINE GILL
CERTIFIED RETURN OF RECORD INCLUDING EXHIBITS A-DD
RESPONDENTS' MEMORANDUM OF LAW

REPLY AFFIRMATION
EXHIBITS A&B
REPLY MEMORANDUM OF LAW

1

Petitioner challenged Town of Milan Local Laws numbered 1 and 2 of 2006 in the verified petition dated May 25, 2006. The Town of Milan has since repealed Local Law number 2. Accordingly, those causes of action relative to Local Law No. 2 are moot. The petition was adjourned on consent of counsel due to the expectation that Local Law No. 2 would be repealed, to a final return date of January 11, 2007. Petitioner ("Red Wing") moves both pursuant to Articles 30 and 78 of the CPLR, seeking a declaration that Local Law No. 1 is invalid, and reversing the determination of the respondent Town Board of Milan's ("the Town Board") denying petitioner's application to change the zoning of property it owns from an "A3A district (Agriculture-3A)" to a Light Industrial Floating Zone, for the purpose of being permitted to mine 69 acres for sand and gravel. Zoning law regulations must be made according to a Town Comprehensive Plan (Town Law §263). The procedure is set forth at TL §272-a. Basically, the Town Board drafts an amended plan, gives notice of hearing, prior to adoption refers it to the County, decides on a proposed amended plan, notices further hearing, and adopts a plan. There must also be compliance with the State Environmental Quality Review Act (SEQRA) per TL §272-a (8).

Local Law No. 1 is the new Town of Milan Comprehensive Plan which recommends that the Floating Light Industrial Zone be eliminated and that Light Industry be eliminated as a separate category. In opposition to Local Law No. 1, petitioners pointed out to the Board that there are only 2 areas in the town that can be mined for sand and gravel which areas occupy only 1.1% of the town's total land area. Red Wing requested that these areas be re-zoned to permit sand and gravel mining.

The petitioner claims that rather than providing any reasonable basis for the town's determination, the town noted that residents spoke in opposition to gravel mining, that no one (other than on behalf of petitioner) spoke in favor of gravel mining, and based upon public sentiment and opposition, the Comprehensive Plan recommended the prohibition of mining. According to the respondents, the Board was considering changes to the Town of Milan Comprehensive Plan for various reasons, not related to Red Wing. Input was sought from the public, and concerns were raised at each public hearing, of which there were many, from in or about April of 2004 to January of 2006. Several public workshops were held to review the preliminary recommendations of the board, with community members. When concerns were initially raised, no one raised an issue regarding mining. When mining was addressed, it was met with objections from residents, as it had been several years earlier when similar proposals were made. Accordingly, respondents' counsel argues that while the petition sets forth a fair recitation of the facts leading to the enactment of Local Law No. 1, the petitioner's conclusion that the Town's actions were directly related to Red Wing is without factual support.

After Numerous board meetings and public hearings, a motion passed to send this plan and subsequently revised plans to the Dutchess County Planning Agency as required by Town Law. Dutchess County did not advocate precluding mining and urged that the continuance of mining as an economic activity should be strongly considered particularly since the areas of the requisite gravel are so limited.

2

Petitioner challenged Town of Milan Local Laws numbered 1 and 2 of 2006 in the verified petition dated May 25, 2006. The Town of Milan has since repealed Local Law number 2. Accordingly, those causes of action relative to Local Law No. 2 are moot. The petition was adjourned on consent of counsel due to the expectation that Local Law No. 2 would be repealed, to a final return date of January 11, 2007. Petitioner ("Red Wing") moves both pursuant to Articles 30 and 78 of the CPLR, seeking a declaration that Local Law No. 1 is invalid, and reversing the determination of the respondent Town Board of Milan's ("the Town Board") denying petitioner's application to change the zoning of property it owns from an "A3A district (Agriculture-3A)" to a Light Industrial Floating Zone, for the purpose of being permitted to mine 69 acres for sand and gravel. Zoning law regulations must be made according to a Town Comprehensive Plan (Town Law §263). The procedure is set forth at TL §272-a. Basically, the Town Board drafts an amended plan, gives notice of hearing, prior to adoption refers it to the County, decides on a proposed amended plan, notices further hearing, and adopts a plan. There must also be compliance with the State Environmental Quality Review Act (SEQRA) per TL §272-a (8).

Local Law No. 1 is the new Town of Milan Comprehensive Plan which recommends that the Floating Light Industrial Zone be eliminated and that Light Industry be eliminated as a separate category. In opposition to Local Law No. 1, petitioners pointed out to the Board that there are only 2 areas in the town that can be mined for sand and gravel which areas occupy only 1.1% of the town's total land area. Red Wing requested that these areas be re-zoned to permit sand and gravel mining.

The petitioner claims that rather than providing any reasonable basis for the town's determination, the town noted that residents spoke in opposition to gravel mining, that no one (other than on behalf of petitioner) spoke in favor of gravel mining, and based upon public sentiment and opposition, the Comprehensive Plan recommended the prohibition of mining. According to the respondents, the Board was considering changes to the Town of Milan Comprehensive Plan for various reasons, not related to Red Wing. Input was sought from the public, and concerns were raised at each public hearing, of which there were many, from in or about April of 2004 to January of 2006. Several public workshops were held to review the preliminary recommendations of the board, with community members. When concerns were initially raised, no one raised an issue regarding mining. When mining was addressed, it was met with objections from residents, as it had been several years earlier when similar proposals were made. Accordingly, respondents' counsel argues that while the petition sets forth a fair recitation of the facts leading to the enactment of Local Law No. 1, the petitioner's conclusion that the Town's actions were directly related to Red Wing is without factual support.

After Numerous board meetings and public hearings, a motion passed to send this plan and subsequently revised plans to the Dutchess County Planning Agency as required by Town Law. Dutchess County did not advocate precluding mining and urged that the continuance of mining as an economic activity should be strongly considered particularly since the areas of the requisite gravel are so limited.

2

Local Law No. 1 was nevertheless passed by the Town Board on January 26, 2006. The fifth, seventh, ninth and eleventh causes of action relate to Local Law No. 1. The balance relate to the repealed Local Law No. 2, which eliminated the Floating Light Industrial Zone.

In the fifth cause of action, the petitioner points to Town Law §272-a (5) (b) and §200-72 of the Town of Milan Zoning Code which provides that if the town acts against a recommendation by Dutchess County, a report must be filed within seven (7) days with the County Department of Planning setting forth the reasons for taking action contrary to the County's recommendation, which petitioner states the Town failed to do, therefore, warranting a declaration that Local Law No. 1 is null and void. The Town acknowledges the report was filed 8 days later but that the delay was harmless. (Citing in comparison, Cipperley v. Town of East Greenbush, 213 AD2d 933 [3rd Dept. 1995] where the petition to declare void a zoning amendment prohibiting mining was granted on appeal because the respondent town failed to demonstrate that its non-compliance with publishing notice of hearing on the proposed amendment to neighboring municipalities was inconsequential and excusable as a mere irregularity). Petitioners claim the failure to timely report is fatal (citing, Dalrymple Gravel v. Town of Erwin, 305 AD2d 1036 [4th Dept. 2003] where again petitioners challenged enactment of a local law prohibiting mining. Notice of hearing to neighboring municipalities was not provided. The petition was granted.)

The seventh cause of action asserts that the a lead agency (here the town) did not make the determination of environmental significance pursuant to SEQRA (State Environmental Quality Review Act) or, if it did, that it was made before an Environmental Assessment Form was prepared and before the Town declared itself the lead agency, and that it was not published in accordance with SEQRA. All of this, it is argued, requires a determination that Local Law No. 1 should be declared null and void.

In the ninth cause of action, petitioner asserts that SEQRA requires that an Environmental Assessment Form be signed once the determination of significance has been made, and that at bar, if the Town Board made a determination of significance then it failed to sign the EAF, thereby warranting a declaration of Local Law No. 1 as null and void.

In the eleventh cause of action, petitioner argues that the Town failed to follow 6 NYCRR § 617.7(b). Petitioner asserts that Local Law No. 1 constitutes a Type 1 action under SEQRA requiring the Town Board to take a "hard look" at the environmental impact, requiring an Environmental Impact Statement, but that the Board engaged in no discussion of SEQRA at any of its meetings, failed to discuss the environmental impact, failed to prepare an EIS which constitutes a failure to take the necessary hard look, thereby violating the spirit and intent of SEQRA and warranting a declaration that Local Law No. 1 is null and void.

According to Ross Williams, a named defendant and Town Board member, there are approximately 2,500 residents of the Town of Milan. Many of those residents have long been dissatisfied with traffic congestion, safety, noise, dust, decreased property values, associated with Red Wing's operation of a current mine which resulted in the residents' opposition to a new mine. Before 2004, the Zoning Law included a classification: "Light Industrial Floating Zone" which allowed for mining. Since mining was such a strong issue, only those candidates supporting restriction of further mining, and supporting a repeal of the Floating Light Industrial Zone, were elected in the 2003 election. In 2005, all candidates for Town Board, supported that position, which Mr. Williams believes is a measure of public view on that topic. Mr. Williams acknowledges the County's suggestion that it permit continued sand and gravel mining stating that the board nonetheless concluded that its residents' concerns outweighed the County's, and, as required, passed a motion to approve the plan (Local Law No. 1) eliminating the Light Industrial Floating Zone, and did so by a super majority vote, as required, and provided a written explanation of its reasons for doing so to the County, albeit 8 days late. Further, he states that contrary to petitioner's assertion, during the January 26, 2006 Town Board meeting, the Board declared a negative declaration on SEQRA and signed the determination of significance. An Environmental Assessment Form ("EAF") was completed, and sent to members of the Board for review prior to a meeting held January 31, 2006. At the meeting, the Town Board passed a motion for a negative declaration under SEQRA. Mr. Williams points out that at a hearing on January 24, 2006, counsel for Red Wing presented to the Town Board an extensive comment document and spoke in opposition to Local Law No. 2, in reliance upon, and in consideration of, the same findings and County recommendations for Local Law No. 1. He states the Town Board postponed its action to adopt Local Law No. 1 in order to take the requisite hard look, then scheduled the January 31, 2006 meeting.

In its memorandum of law, respondents' counsel points out that since the lead agency (the Town) determined that the proposed action (eliminating the Floating Light Industrial Zone) is a Type 1 or Type 2 action under SEQRA, the Town had to make a determination of the significance of the action. Either it had to require an Environmental Impact Statement ("EIS") or make a finding that an EIS is not required based upon a "negative declaration" by determining that there will be no adverse environmental impacts or that such impact would not be significant. Relative to Local Law No. 1, counsel points out that at the January 3, 2006 meeting, the Town Board acknowledged its preparation of an EAF, its determination that the proposed was a Type 1 action, declared itself lead agency, and scheduled a public hearing for January 21, 2006. On January 26, 2006 the Town Board issued a negative declaration so that no EIS was required, and authorized its chair to execute the EAF and file the negative declaration, and thereby made a determination of non-significance.

While counsel concedes that this determination was not published in the Environmental Notice Bulletin, as required, counsel claims this is not fatal to the SEQRA process as no time limit is imposed, and as this is a "ministerial act". While 6 NYADC 617.12 and 617.7 does not impose a specific time for publication, it defies logic to conclude that publishing a negative declaration anytime, even after the adoption of the amendment, satisfies the purpose of SEQRA.

4

The court's review is limited to whether the Town's determination violated lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion. While any one of the procedural defects standing alone could possibly be construed as a mere irregularity and inconsequential, this court cannot ignore the cumulative nature of the several procedural errors nor assign relative importance to each one as that is a legislative responsibility. To ignore them all would seem to defeat the purpose of the statutes requiring these procedures. Accordingly, it is hereby

ORDERED that the petition is granted. As Chief Judge Kaye stated in King v. Saratoga, 89 NY2d 341 [1996], strict, not substantial, compliance with SEQRA's procedural requirements is necessary. "Nor is strict compliance with SEQRA a meaningless hurdle" (Id at p. 348). Local Law No. 1 is annulled on the basis of respondents' failure to follow lawful procedure [§7803(3)].

The foregoing constitutes the decision, order and judgment of this court.

Dated: February 9, 2007
       Poughkeepsie, New York

ENTER:

_____
James V. Brands
Supreme Court Justice

Bond, Schoeneck & King, PPLC
Kevin M. Bernstein, Esq.
One Lincoln Center
Syracuse NY 13202

Santangelo Randazzo & Mangone, LLP
James A. Randazzo, Esq.
151 Broadway
Hawthorne NY 10532

Pursuant to CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.

The court's review is limited to whether the Town's determination violated lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion. While any one of the procedural defects standing alone could possibly be construed as a mere irregularity and inconsequential, this court cannot ignore the cumulative nature of the several procedural errors nor assign relative importance to each one as that is a legislative responsibility. To ignore them all would seem to defeat the purpose of the statutes requiring these procedures. Accordingly, it is hereby

ORDERED that the petition is granted. As Chief Judge Kaye stated in King v. Saratoga, 89 NY2d 341 [1996], strict, not substantial, compliance with SEQRA's procedural requirements is necessary. "Nor is strict compliance with SEQRA a meaningless hurdle" (Id at p. 348). Local Law No. 1 is annulled on the basis of respondents' failure to follow lawful procedure [§7803(3)].

The foregoing constitutes the decision, order and judgment of this court.

Dated: February 9, 2007
       Poughkeepsie, New York

ENTER:

_____
James V. Brands
Supreme Court Justice

Bond, Schoeneck & King, PPLC
Kevin M. Bernstein, Esq.
One Lincoln Center
Syracuse NY 13202

Santangelo Randazzo & Mangone, LLP
James A. Randazzo, Esq.
151 Broadway
Hawthorne NY 10532

Pursuant to CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.