LT-39ddd

## STONEWOOD SUBDIVISION
## CONSERVATION EASEMENT

THIS CONSERVATION EASEMENT is made this 14 day of May, 2007, by Milan Wood and Water, LLC, a New York limited liability company, having offices at 639 Spring Lake Road, Milan, New York 12571, its successors or assigns ("Grantor") to the Town of Milan, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 20 Wilcox Circle, Milan, New York 12571 ("Grantee").

### WITNESSETH:

WHEREAS, Grantor is the sole owner in fee simple of certain real property situated on Spring Lake Road in the Town of Milan, County of Dutchess, State of New York, consisting of approximately 34.973 acres and more particularly described in a deed dated February 5, 2005 and recorded in the office of the Dutchess County Clerk on February 7, 2005 as Document No. 02 2005 1162 and which property is also known as "Stonewood Subdivision" as shown on a map known as "Preliminary Plat Site Layout", prepared by Crawford & Associates Engineering, P.C. and last revised on July 17, 2006, which subdivision plat received final conditional approval from the Town of Milan Planning Board on September 6, 2006; and

WHEREAS, the Master Plan of the Town of Milan and the Greenway Compact, which was adopted by the Town of Milan on April 12, 2004 by Local Law No. 4 of 2004, encourages the preservation of open and undeveloped space, forested land, perpetuation of the Town's rural character and atmosphere and protection against erosion and deforestation; and

WHEREAS, in 1988 the Dutchess County Legislature adopted the County Master Plan, Directions, which, in Policy 5.19, advocates preservation of steep slopes and ridgelines and, in Policy 5.24, encourages the preservation of woodland "greenbelt" corridors through communities to provide recreational space, wildlife habitat, natural buffers and aquifer protection; and

WHEREAS, Grantor desires to grant to Grantee a Conservation Easement, and Grantee desires to accept the aforesaid Easement; and

WHEREAS, Grantor has offered to place certain portions of the subdivision, consisting of approximately 16.267 acres, in the southeasterly section of the site, identified as "Lot 10" on the aforementioned Final Plat Site Layout and further described in Schedule A" attached hereto (the "Easement Area") under a perpetual Conservation Easement; and

WHEREAS, by resolution dated April 10, 2006 the Town Board of the Town of Milan agreed to accept this Conservation Easement; and

WHEREAS, Grantee is a municipal corporation as defined in Section 2 of the General Municipal Law, and a "public body", as defined in the New York State Environmental Conservation Law ("ECL") §49-0303(3), and qualified under ECL §§49-0301 et seq., to accept a Conservation Easement; and

Page 1 of 10

**Exhibit 12 to Declaration of Kenneth J. Mc Culloch**

Grantor's intention to confine the use of the property to such activities that preserve the natural and scenic values of the property and maintain existing land use patterns consistent with these values.

4. <u>Reserved Rights.</u> Grantor reserves to itself, and to its successors and assigns, all rights and benefits accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this Easement; the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of this Easement, including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically granted herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

A. Agricultural, horticultural, managed forest land, equestrian, passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

This shall include, without limitation, the raising of agricultural and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private walking trails, nature viewing and similar activities, and educational activities relating to the above. The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial" use of the property in violation of paragraph "3(A)" above, and are permitted uses in the Easement Area unless restricted by a Homeowner's Association (HOA) and such restriction shall be effective during the existence of any HOA.

Specifically excluded, however, in accordance with Town of Milan Code §200-39(A)(1)(b)(2), are concentrated animal feeding operations ("CAFO's") as defined by the U.S. Environmental Protection Agency, or commercial livestock operations involving swine, poultry, mink, ratites and other animals likely to produce highly offensive odors.

B. General maintenance of the Easement Area, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials in accordance with generally accepted forest conservation practices. Notwithstanding the foregoing, no living tree with a diameter in excess of five (5) inches in diameter at breast height measured from the down slope

   side of the tree, may be cut without permission of Grantee, except trees may be removed which endanger public safety, are diseased, damaged or fallen, or need to be cleared to ensure the health of other trees. All clearing of trees and vegetation shall be conducted in conformity with sound land and forest management practices to minimize erosion and adverse impacts on natural resources.

  C. In accordance with ECL §49-0305(3)(b), this Easement shall not limit, restrict or modify the right to construct, operate or continue the use of any facility, or impede any activity, duly authorized under the applicable provisions.

5. <u>Enforcement.</u> The Grantee may enforce this Conservation Easement against any violating party, in law or equity pursuant to the provisions of Article 49 of the ECL and Milan Code §200-39(b)(4) at Grantee's sole cost and expense, subject to the right of the Grantee to recover costs and attorneys fees, as provided in more detail below. If Grantee determines that Grantor, its Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, Grantee shall give written notice by certified U.S. Mail, return receipt requested, to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured. If the violating party fails to cure the violation within thirty (30) days after service of notice thereof from Grantee, or under circumstances where the violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable costs and attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury. Grantee's rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantor agrees that Grantee's remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving either actual damages or the inadequacy of otherwise available legal remedies. Grantee's remedies described in this paragraph shall be cumulative. Where the party alleged to be in violation disputes the allegation that violation(s) exist, the determination as to the existence of such violation(s) shall be made by a court of competent jurisdiction.

Upon conveyance of all of the subdivision lots, Milan Wood and Water, LLC shall have fully performed all of its commitments hereunder and it shall have no further liability hereunder, except that liability for acts or omissions occurring prior to the transfer shall survive the transfer.

GRANTOR:
MILAN WOOD AND WATER, LLC

By: _____
Catherine E. Napolitano, Sole Member

GRANTEE:
TOWN OF MILAN

By: _____
John Van Talmage, Supervisor

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

On the 19th day of May, 2007, before me, the undersigned, a notary public in and for said state, personally appeared CATHERINE E. NAPOLITANO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

JANIS MARY GOMEZ ANDERSON
Notary Public, State Of New York
No. 02GO6090204
Qualified In Dutchess County
Commission Expires April 07, 2011

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

On the 19th day of May, 2007, before me, the undersigned, a notary public in and for said state, personally appeared JOHN V. TALMAGE, SUPERVISOR, TOWN OF MILAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Record & Return to
Janis M. Gomez Anderson, Esq.
Van DeWater & Van DeWater LLP
40 Garden Street
Poughkeepsie, NY 12601

JANIS MARY GOMEZ ANDERSON
Notary Public, State Of New York
No. 02GO6090204
Qualified In Dutchess County
Commission Expires April 07, 2011

# TOWN OF MILAN
## OFFERING OF CONSERVATION EASEMENT

Name of Subdivision: _Campagnola_

Applicant
Name: _Lynn Campagnola_
Address: _____
Telephone: _____

Owner
Name: _David Cohen_
Address: _South Broadway, Red Hook, NY 12571_
Telephone: _____

Location of Site: _1500 ft South of Rt. 199 on the west side of South Rd_

Tax Map ID: Section: _6571_  Block: _00_  ID: _915210_

Zoning District: _2A_   Total Number of Lots: _3_

Total Size of Conservation Easement: _Approx. 3 Acres_   TOTAL PARCEL: _8.36 Acres_

Description of Land Offered for Conservation Easement:
_The westerly portion of the property adjoining the Town Park. The area consists of a wooded sloping site. Well._

This Conservation Easement is offered under the terms of Milan Town Code § 200-39, Open space and conservation easements, and NYS Environmental Conservation Law Article 49 Title 3.

_____   _____   _____   _10-6-04_
Applicant signature          Date        Owner signature (for David Cohen by _____)   Date

Planning Board recommendation:
_THE PLANNING BOARD RECOMMENDS ACCEPTING THIS EASEMENT TO PROTECT THE STEEP SLOPES AND WOODED AREA ADJOINING THE MILAN RECREATION PARK & MILAN RECYCLING CENTER_

Planning Board Chair: _____   Date: _10-7-04_

Received 10-06-2004

Offering of Conservation Easement                                Page 1 of 2

**Exhibit 13 to Declaration of Kenneth J. McCulloch**

_____ For Milan Town Board Use _____

Public Hearing Date  __11/8/04__

Offer  ✓ Accepted     ___ Rejected

Vote  _5_ For   _0_ Against   ___ Abstain   ___ Absent

Date  _11/10/04_   _/s/ John V. Tchirgi_

The Town Board authorizes the Planning Board to work with the applicant to develop an acceptable Conservation Easement Agreement for __Carrereous__ Subdivision.

# Town of Milan

## Resolution
### Acceptance of Conservation Easement Carrezola Subdivision
### Town Board, Town of Milan
### May 8, 2006

The Town Board of Milan hereby acts as follows in consideration of the proposed acceptance of a conservation easement encumbering part of the property located in the proposed Carrezola Subdivision on South Road:

WHEREAS, the Carrezola Subdivision is a proposed subdivision which received conditional final approval on March 1, 2006; and

WHEREAS, a condition of said approval was that the property owner grant a conservation easement on a portion of the property to the Town of Milan; and

WHEREAS, the owner proposes to grant a conservation easement to the Town of Milan in substantially the form attached hereto; and

WHERAS, the establishment of a conservation easement will protect open space in the Town of Milan; and

WHEREAS, Town of Milan Code §200-39(B)(11) requires that a Public Hearing be held on the proposed acquisition of the conservation easement;

NOW THEREFORE BE IT RESOLVED, the Town Board schedules a Public Hearing on the acceptance of the proposed conservation easement, for _____ and directs the Town Clerk to provide notice thereof not less than ten (10) calendar days prior to the Public Hearing in the Town's official newspaper.

Dated: May 8, 2006

Motion by: _____
Seconded by: _____

Roll Call Vote on Resolution:

Council Member Pauline Clark   ___
Council Member Diance May      ___
Council Member Al LoBrutto     ___
Council Member Ross Williams   ___
Supervisor John V. Talmage     ___

Resolution Declared:

Adopted  ___
Defeated ___

Resolution Certified:

_____        _____
Catherine Gill, Town Clerk              Date

## CONSERVATION EASEMENT

**THIS CONSERVATION EASEMENT** is made this _____ day of April __, 2006, by

_____

("Grantor"), in favor of the TOWN OF MILAN, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 20 Wilcox Circle, Milan, NY 12571 ("Grantee"),

### WITNESSETH:

**WHEREAS**, Grantor is the sole owner in fee simple of certain property situated on South Road in the Town of Milan, Dutchess County, State of New York, consisting of approximately 8.36 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on April ___ 2006 as Document No. 02-2006-_____, and which property is known as "Carrezola Subdivision" as shown on a subdivision plat map prepared by Timothy A. Ross, P.E., and last revised on January 18, 2006, which final subdivision plat received conditional final approval from the Town of Milan Planning Board on _____, 2006, which map was filed on ___ _____, 2006 in the Dutchess County Clerk's Office, as filed map number ____ ___ __ __; and

**WHEREAS**, the Master Plan of the Town of Milan and the Greenway Compact, which was adopted by the Town of Milan on April 12, 2004, by Local Law No. 4 of 2004, encourage the preservation of open and undeveloped space forested land, perpetuation of the Town's rural character and atmosphere, and protection against erosion and deforestation; and

**WHEREAS**, in 1988, the Dutchess County Legislature adopted the County Master Plan, *Directions*, which, in Policy 5.19, advocates preservation of steep slopes and ridgelines and, in Policy 5.24, encourages the preservation of woodland "greenbelt" corridors through communities

Page 1 of 16

security, or emergency purposes as deemed necessary by Grantor.

(K) Any activity or condition that significantly impairs or interferes with the conservation values of this Easement or that impairs or interferes with the Grantor's intention to confine the use of the property to such activities that preserve the natural and scenic values of the property and maintain existing land use patterns consistent with these values shall be prohibited.

4. <u>Reserved Rights.</u> Grantor reserves to itself, and to its successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this Easement; the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

(A) Agricultural, horticultural, managed forest land, equestrian, and passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

This shall include, without limitation, the raising of agricultural

02/22/2008  06:36   2127640900                                             PAGE  07/17

and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private trail walking, nature viewing and similar activities, and educational activities relating to the above. The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial" use of the property in violation of paragraph "3" above. Specifically excluded, however, in accordance with Town of Milan Code §200-39(A)(1)(b)(2), are concentrated animal feeding operations ("CAFO's") as defined by the U.S. Environmental Protection Agency, or commercial livestock operations involving swine, poultry, mink, rallies and other animals likely to produce highly offensive odors.

(B) General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials only in accordance with generally accepted forest conservation practices but no living tree with a diameter in excess of five (5) inches diameter at breast height measured from the down slope side may be cut without permission of Grantee, except trees may be removed which endanger public safety, are diseased, damaged or fallen, or need to be cleared to ensure the health of other trees. All clearing of trees and vegetation shall be conducted in conformity with sound land and forest management practices to minimize erosion and adverse impacts on natural resources.

(C) In accordance with ECL §49-0305(3)(b), this Easement shall not limit, restrict or modify the right to construct, operate or continue the use of any

02/22/08  FRI 14:38  [TX/RX NO 8376]  @007

facility, or impede any activity, duly authorized under the applicable provisions of the federal natural gas act (15 U.S.C. §§717-717 w.)

5. *Enforcement.* The Grantee may enforce this Conservation Easement against any violating party, in law or equity pursuant to the provisions of Article 49 of the ECL and Milan Code §200-39(b)(4).

A. If Grantee determines that Grantor, its Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, Grantee shall give written notice by certified U.S. Mail, return receipt requested, to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured. If the violating party fails to cure the violation within thirty (30) days after service of notice thereof from Grantee, or under circumstances where the violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable costs and attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within

# TOWN OF MILAN
## DUTCHESS COUNTY, NEW YORK
## PLANNING BOARD

Wilcox Memorial Town Hall  
20 Wilcox Circle  
Milan, N.Y. 12571

Tel. (845) 758-5133  
www.milan-ny.gov.  
Fax. (845)758-0445

October 29, 2007

To: Kenneth McCulloch

From: Karen Bucchele, Clerk  758-5133 x21
Planning and Zoning

REF: ESCROW ACCOUNTING

Ken, as per your request of October 25th, enclosed is a full set of vouchers for your escrow account as well as a print out of the balance sheet.

If you have any questions, please call me at the above number.

**Exhibit 14 to Declaration of Kenneth J. Mc Culloch**

Escrow Account - Woodland Hills

| Date | Description | Deposit | Amount | Balance |
|---|---|---|---|---|
| 5/5/04 | Deposit | $3,000.00 | | $3,000.00 |
| 7/25/04 | Greenplan | | $1,268.75 | 1,731.25 |
| 9/23/04 | Greenplan | | $ 656.25 | 1,075.00 |
| 10/4/04 | Paggi, Martin | | $ 192.50 | 882.50 |
| 10/26/04 | Paggi, Martin | | $ 331.25 | 551.25 |
| 10/31/04 | Greenplan | | $1,591.25 | (-1,040.00) |
| 08/19/04 | VanDeWater (recv'd 11/9) | | $  14.25 | (-1,054.25) |
| 09-27-04 | VanDeWater (recv'd 11/9) | | $ 175.75 | (-1,230.00) |
| 10-04-04 | VanDeWater | | $  71.25 | |
| 10-04-04 | VanDeWater | | $ 142.50 | |
| 10-06-04 | VanDeWater | | $  47.50 | (-1,491.25) |
| 12-08-04 | Greenplan (2792) | | $1,688.75 | (-3,180.00) |
| 12/07/04 | VanDeWater | | $2,066.25 | (-5,246.25) |
| 01/12/05 | Deposit | | $4,500.00 | (- 746.25) |
| 01/24/05 | Deposit | | $3,746.25 | $3,000.00 |
| 02/06/05 | Greenplan | | $1,600.00 | $1,400.00 |
| 05/15/05 | Greenplan (#3059) | | $ 382.50 | $1,017.50 |
| 05/20/05 | VanDeWater (26151) | | $ 114.00 | $ 903.50 |
| 05/27/05 | Delbene | | $1,051.50 | (- 148.00) |
| 6/30/05 | Deposit | | $3,147.50 | $2,999.50 |
| 6/27/05 | DelBene | | $ 504.00 | $2,495.50 |
| 7/26/05 | Greenplan (3174) | | $ 807.50 | $1,688.00 |
| 6/29/07 | VanDeWater (27097) | | $  72.50 | $1,615.50 |
| 4/4/05 | VanDeWater (25291) | | $  64.00 | $1,551.50 |
| 4/4/05 | VanDeWater (25292) | | $ 441.00 | $1,110.50 |
| 6/05/05 | Greenplan (3094) | | $ 187.50 | $ 923.00 |
| 9/26/05 | VanDeWater | | $   9.50 | $ 913.50 |
| 10/1/05 | VanDeWater | | $ 313.50 | $ 600.00 |
| 10/1/05 | Paggi | | $ 243.00 | $ 357.00 |
| 11/1/05 | Paggi | | $  48.00 | $ 309.00 |
| 11/29/05 | Woodland Hills | | $  28.50 | $ 280.50 |
| 12/8/05 | Woodland Hills (29919) | | $  47.50 | $ 233.00 |
| 12/23/05 | Paggi | | $ 339.00 | ($ 106.00) |
| 02/10/06 | Paggi | | $ 180.00 | ($ -286.00) |
| 06/06/06 | Deposit | $3,208.50 | | $2,922.50 |
| 06/22/06 | Deposit | $1,000.00 | | $3,922.50 |
| 03/23/06 | VanDeWater | | $ 116.00 | $3,806.50 |
| 05/08/06 | VanDeWater | | $  94.25 | $3,712.25 |
| 05/31/06 | VanDeWater (32606) | | $ 449.50 | $3,262.75 |
| 07/06/06 | VanDeWater (33116) | | $1,786.75 | $1,476.00 |
| 07/25/06 | VanDeWater (33585) | | $ 997.00 | $ 479.00 |
| 09/06/06 | VanDeWater (34024) | | $  10.84 | $ 468.16 |
| 04/30/07 | Paggi | | $ 368.75 | $  99.41 |

| Date | | | | |
|---|---|---|---|---|
| 06/04/07 | Paggi | | $ 161.25 | ($ -61.84) |
| 07/11/07 | VanDeWater (39606) | | $ 65.00 | ($ -126.84) |
| 10/18/07 | Deposit (transfer of driveway bonds) | | $ 1,000.00 | 873.16 |

Unpaid Vouchers:
09/06/07     Paggi                                    $445.00

ENGINEERING ESCROW:

| Date | Payee | Amount | Balance |
|---|---|---|---|
| | Deposit | | $3,000.00 |
| 11/30/05 | DelBene | $384.00 | $2,616.00 |
| 12/31/05 | DelBene | $411.00 | $2,205.00 |
| 06/26/06 | Paggi (Engineering Escrow 04-090) | $345.00 | $1,860.00 |
| 09/12/06 | Paggi | $666.25 | $1,193.75 |
| 10/3/06 | Paggi | $356.35 | $ 837.40 |
| 10/30/06 | Paggi | $298.75 | $ 538.65 |
| 12/4/06 | Paggi | $485.00 | $ 53.65 |

Unpaid Vouchers:

| Greenplan, Inc. | Paggi Martin & DelBene | Van De Water |
|---|---|---|
| 1268.75 | 192.50 | 14.25 |
| 656.25 | 331.25 | 175.75 |
| 1591.25 | 1051.50 | 71.25 |
| 1688.75 | 504.00 | 142.50 |
| 1600.00 | 243.00 | 47.50 |
| 382.50 | 48.00 | 2066.25 |
| 807.50 | 339.00 | 114.00 |
| _187.50_ | 180.00 | 72.50 |
| 8182.50 | 368.75 | 64.00 |
| | 161.25 | 441.00 |
| | 445.00 | 9.50 |
| | 384.00 | 313.50 |
| | 411.00 | 116.00 |
| | 345.00 | 94.25 |
| | 666.25 | 449.50 |
| | 356.35 | 1786.75 |
| | 298.75 | 997.00 |
| | _485.00_ | _65.00_ |
| | 6810.60 | 7051.34 |

**Summaries Prepared by Kenneth Mc Culloch from total disbursements**

sup50804vouchervanderecon

Note on Voucher for Vandewater invoice #27097

The breakdown on this bill ($1484.75) is as follows:

```
General Planning activities related to
Planning Board, laws etc.
    8020-4                              871.00
Escrow (8020.4)
    Woodland Hills                       72.50
    Carrezola                            25.00
    Haggerty                            125.00
    Chestnut Mart                       344.75
Zoning and Code Enforcement (8010-4)
                                         46.50
```

Van
8/4/05

Page 1

**Exhibit 14A to Declaration of Kenneth J. Mc Culloch**

TOWN OF MILAN
DUTCHESS COUNTY
20 Wilcox Circle
Milan, NY 12571

## VOUCHER

Department: GENERAL FUND

Van DeWater & Van DeWater, LLP
40 Garden Street
P.O. Box 112
Poughkeepsie, NY 12602

Claimant's Name And Address

Purchase Order No.

**DO NOT WRITE IN THIS BOX**

| DATE VOUCHER REC'D | 7/6/05 | |
|---|---|---|
| FUND - APPROPRIATION | AMOUNT | |
| 8010.4 | 46.50 | |
| 8020.4 | 871.00 | |
| 8020.4 (Escrow) | 567.25 | |
| TOTAL | | |

ENTERED ON ABSTRACT NO. 7

Detailed invoices must be attached, and total entered on this voucher.
Certification below must be signed.

TERMS: _____    PURCHASE ORDER NO. _____

| DATE | VENDOR'S INVOICE NO. | QUANTITY | DESCRIPTION OF MATERIALS OR SERVICES | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 6/29/05 | 27097 | | Professional services rendered for the month of May, 2005 in connection with General. | | $1,484.75 |
| | | | (SEE INSTRUCTIONS ON REVERSE SIDE) | TOTAL: | $1,484.75 |

### CLAIMANT'S CERTIFICATION

I, James E. Nelson, certify that the above account in the amount of $1,484.75 is true and correct; that the items, services and disbursements charged were rendered to or for the municipality on the dates stated; that no part has been paid or satisfied; that taxes, from which the municipality is exempt, are not included; and that the amount claimed is actually due.

6/29/05
DATE          SIGNATURE                                  Attorney
                                                          TITLE

(SPACE BELOW FOR MUNICIPAL USE)

| DEPARTMENT APPROVAL | APPROVAL FOR PAYMENT |
|---|---|
| The above services or materials were rendered or furnished to the municipality on the dates stated and the charges are correct. | This claim is approved and ordered paid from the appropriations indicated above. |
| 5-5-05     _____ | _____  _____ |
| DATE    AUTHORIZED OFFICIAL | DATE    AUDITING BOARD |

Van DeWater & VanDeWater, LLP

Town of Milan
In Reference To: Planning Board - General

Page 2

Professional Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 01-24-05 | JMG | E-mail to Karen Buechele regarding template of driveway agreement and language for cover memorandum and minutes after each meeting. Discussion with James E. Nelson regarding template agreement and cover memorandum. |  |  |
| 01-25-05 | JMG | Review of e-mail from Lauren Kingman regarding assuring compliance with insurance and performance requirements for McCulloch Subdivision. Discussion regarding same with James E. Nelson. Telephone call to Lauren Kingman regarding same. | 0.20 | 19.00 |
| 01-30-05 | JMG | Research on requirement under Town Law 280-a to create open development area in subdivisions to which access is provided by easement or right of way. | 0.50 | 47.50 |
| 02-01-05 | JMG | Background research on legal requirements for conservation easements including review of Environmental Conservation Law Title 49 Art. 3 and 200-39 of Milan Town Code in preparation for preparation of conservation easement for Carrezola Subdivision. Web research for sample conservation easement and telephone call to D.E.C. Telephone call from Tim Ross. Conference call with James E. Nelson and Lauren Kingman | 0.30 | 28.50 |

Handwritten annotations: General; Woodland; General; General, Carrizola, Woodland, Hosbach (Dudley)

specifically excluded.

(I) Grantee shall record this instrument in timely fashion in the offices of the Dutchess County Clerk, Town Clerk and Town Tax Assessor. Payment of any recording fees shall be the responsibility of the Grantors, their successors or assigns.

(J) Payment for the title report prepared in connection with this Easement shall be the responsibility of the Grantors, their successors or assigns.

(K) <u>Termination of Rights and Obligations.</u> A party's rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area and such rights and obligations shall be transferred to the successor(s) and/or assign(s) in interest, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

By _____
KEITH C. SAVOURY

By _____
JEANMARIE E. SAVOURY

TOWN OF MILAN
By _____
JOHN V. TALMAGE
SUPERVISOR

22 of 24

Van DeWater & VanDeWater, LLP

Town of Milan
In Reference To: Planning Board - General

Page 5

Professional Services

|  | Hours | Amount |
|---|---|---|
| Requirements. | 1.00 | 95.00 |
|  | 14.35 | 1,484.75 |

Handwritten notes:

8020.    800)              8020.4
                           ESCROW

| General | Cole | Woodland | Corrizoli | Haggerty | Chestnut |
|---|---|---|---|---|---|
| 19.00 |  | 47.50 |  |  |  |
| 28.50 |  |  |  |  |  |
| 48.50 |  | 25.00 | 25.00 | 25.00 |  |
| 400.00 | 46.50 |  |  |  |  |
| 100.00 |  |  |  |  |  |
| 25.00 |  |  |  |  |  |
| 137.25 |  |  |  | 100.00 |  |
| 81.25 |  |  |  |  |  |
| 32.50 |  |  |  |  | 31.25 |
|  |  |  |  |  | 218.50 |
|  |  |  |  |  | 95.00 |
| 871 | (46.50) | (72.50) | (25.00) | (125.00) | (344.75) |