02/22/2008   06:23   2127640900                                          PAGE   02/22
Novell WebAccess
                                                    https://www.brglaw2.com/servlet/webacc?action=Item.Read&User.c.

# Mail Message

N

Close    Previous   Next    Forward    Reply to Sender    Reply All    Move    Delete    Read Later    Properties

Print View

**From:** "Janis Mary Gomez" <jgomez@vandewaterlaw.com>
**To:** Kenneth McCULLOCH
**Date:** Monday - February 6, 2006 11:01 AM
**Subject:** Woodland Hills Conservation Easement

Woodland Hills Conservation Easement Draft - to KM.doc (90624 bytes)   [View] [Save As]
Mime.822 (139468 bytes)                                                 [View] [Save As]

Mr. McCulloch,

I think there is a misunderstanding.  Your final plat approval was condition on the offering of a conservation easement (see page 11 of 11 of the Woodland Hills Final Plat report dated 06-30-05).  While the process was begun with the Town, it was not completed.  The purposes of my e-mails has been to bring the conservation easement forward to completion.

The form I sent you is generally the form used by the Town of Milan for conservation easements (another copy is attached for your convenience) and the list of requirements is all part of the offering and acceptance of the conservation easement.  I have listed them again below.

The Town needs the following in addition to the Conservation Easement itself:

Per the Town's Fee Schedule, donation to the Town of $100 per easement acre and $200 per non-easement acre.

Exhibit A to the easement:  a survey of the easement area which must be prepared by the grantor's surveyor.

The Town must also have a survey map which is certified to the Town and the title company.

Exhibit B to the easement:  a description of the existing conditions which will be prepared by representatives of the Town.

Title Report

Title Insurance with Town named as insured

TP 584

Check for Recording Fees paid for by Grantor

Subordination of any mortgages

If the grantor is signing other than as Individual, other items such as articles of incorporation or

**Exhibit 6 to Declaration of Kenneth J. Mc Culloch**

2/15/2008 10:29 AM
02/22/08   FRI 14:26   [TX/RX NO 8375]   ☑002

02/22/2008  06:23    2127540900                                    PAGE  03/20

**KENNETH J. MC CULLOCH, ESQ.**
**516 FIFTH AVENUE, 12TH FLOOR**
**NEW YORK, N. Y. 10036**
**TEL. 212-398-9508; FAX 212-398-9512**
**Cell-phone 917-748-0771**

November 7, 2007
US Express Mail EB 004159591 US

Catherine M. Gill, Town Clerk, Town of Milan
1415 Route 199, P.O. Box 42
Red Hook, New York 12571

Re:　　Request for records pursuant to FOIL

Dear Ms. Gill,

　　Please find enclosed my request for records pursuant to FOIL. I have enclosed a check for $100. If the cost for copies is going to be more than that amount, please advise and I will send the balance. Thank you for your attention to this matter.

Very truly yours,

Kenneth Mc Culloch

EB004159591US

**Exhibit 7 to Declaration of Kenneth J. Mc Culloch**

## TOWN OF MILAN

### Application For Public Access to Records

Date: NOVEMBER 7 2007
Time: _____

TO:         Catherine M. Gill, Town Clerk, Town of Milan
            1415 Route 199, P.O. Box 42
            Red Hook, NY 12571

FROM:       Kenneth McCulloch
            Name of Individual
            LAW Office of Kenneth McCulloch
            Name of Agency or Firm

ADDRESS:    516 Fifth Ave. 12th Fl.
            New York, New York 10036

PHONE#      212-398-9508 ; cell phone 917-748-0771
FAX #       212-398-9512

I hereby apply to:

                        __x__   inspect the following record and/or
if available to the public.     receive a copy at $.25/page

Description of record requested:   See attached sheet

_____

                        Kenneth McCulloch
                            Signature

Mailing address of applicant, if different from above:

_____

Documents Requested By Kenneth Mc Culloch
pursuant to FOIL Request Dated November 7, 2007

1.  Copies of all the minutes of all the meetings of the Town of Milan Planning
    Board for the period from January 1, 2005 to the present time.

2.  Copies of all resolutions passed by the Town of Milan Planning Board from
    January 1, 2005 to the present time granting preliminary approval and/or final
    approval for any subdivision or site plan.

3.  A copy of each decision that was filed by the Milan Planning Board with the
    Town Clerk, pursuant to Section 177-35 of the Town's subdivision regulations.

4.  A summary of the charges and a copy of the bills for which those charges were
    made, from the escrow accounts of the persons making the following applications
    for subdivision approval or site plan approval: Mc Culloch, Borenstein,
    Napolitano, Carreola, and Savoury.

5.  Copies of all written reports done by the CAC relating to any property that was
    the subject of a subdivision application or site plan approval application, from
    January 1, 2004 to the present time.

**KENNETH J. MC CULLOCH, ESQ.**
**516 FIFTH AVENUE, 12TH FLOOR**
**NEW YORK, N. Y. 10036**
**TEL. 212-398-9508; FAX  212-398-9512**
**Cell-phone 917-748-0771**

December 12, 2007
US Express Mail EB 745172512 US

Catherine M. Gill, Town Clerk, Town of Milan
1415 Route 199, P.O. Box 42
Red Hook, New York 12571

Re:     Request for records pursuant to FOIL

Dear Ms. Gill,

    Please find enclosed my request for records pursuant to FOIL. I have enclosed a check for $300. If the cost for copies is going to be more than that amount, please advise and I will send the balance. Thank you for your attention to this matter.

Very truly yours,

Kenneth Mc Culloch

**Exhibit 8 to Declaration of Kenneth J. Mc Culloch**

TOWN OF MILAN

Application For Public Access to Records

Date: December 12, 2007
Time: _____

TO:

Catherine M. Gill, Town Clerk, Town of Milan
1415 Route 199, P.O. Box 42
Red Hook, NY 12571

FROM:     Kenneth McCulloch
          Name of Individual
     LAW  Office of Kenneth McCulloch
          Name of Agency or Firm

ADDRESS:  516 Fifth Ave. 12th Fl.
          New York, New York 10036

PHONE#    212-398-9508
FAX #     212-398-9572 ; cell phone 917-798-0771

I hereby apply to:

if available to the public.     [X]     inspect the following record and/or
                                        receive a copy at $.25/page

Description of record requested:     See attached sheet

                              Kenneth McCulloch
                    Kenneth McCulloch
                              Signature

Mailing address of applicant, if different from above:

**Documents requested by Kenneth Mc Culloch**
**Pursuant to FOIL Request Dated December 11, 2007**

1. A summary of the charges and a copy of the bills for which those charges were made, from the escrow accounts of the persons making applications for subdivision or site plan approval for the years 2004 to the present, except for Mc Culloch, Borenstein, Napolitano, Carrezola, and Savoury. While I am not sure that this list is all inclusive, that would mean the applications filed by Isaacs, Painter, Cross County, Oliosi, Getman, Nessel, Jankowiak-Galbraith, Patty/Wesarg, Kathy Hayes, Miller/Reed, David Koepp, Martin/Djurkinjak, Milan Market and Pizzeria, Sekul/Sore, Elderkin, Foti, 1010 Holdings LLC, Stephen Feld/Peter Hollander, Merri Carol Cook/Jean Marie Burkhart, Quarterfelt Enterprises, LLC, Judith Gelardi, Linda Hershman, High Ridge Estates (AMD), Tegtmeier/Hill, Chestnut Mart of Milan, George Carrothers, Bay Horse Gazebos & Barns, Red Hook Fence and Deck, Milan Road House, Licitra/Stauss, Pasture Rock Phase II, Mount Concert Estates, Elderkin, Berg, Pegelow/Middel (Kai's Crossing), Nextel of New York, Huckleberry Crossing, Oyen Subdivision, Hayes Lot Line adjustment, LoBrutto Subdivision, Battenfield, and Kiviat/Colandrea.

2. A copy of the memo that is referenced by Lauren Kingman in the minutes of the Town Planning Board for December 7, 2005 which is described on page 1 of those minutes as "A memo is in the file from Chairman Kingman regarding the stop work order for Woodland Hills".

3. A copy of the Decision of Judge Brands that is referenced in the Town of Milan Master Plan at page 1.6 at the bottom of the page, wherein it is stated:

   Milan's Comprehensive Plan was initially adopted on January 26, 2006 and was ruled void by Justice James V. Brands, Supreme Court of New York, Dutchess County, because of procedural errors. The Comprehensive Plan, redated 2007, and containing this paragraph, was reintroduced March 12, 2007.

   I request that the copy of the Decision also show the Index Number of the Action and the date of Judge Brands decision.

4. A copy of each Conservation Easement, each Open Development Area (ODA) agreement and each Restricted Clearing Easement which had been approved by the Town of Milan Town Board and/or the Town of Milan Planning Board, from January 1, 2004 to the present time.

5. In response to the prior request that I made dated November 7, 2007, the response to request No. 3 indicated that the custodian of records did not understand this request and therefore did not respond to it. That request is now being clarified.

1

**The original request** stated: "A copy of each decision that was filed by the Milan Planning Board pursuant to Section 177-35 of the Town's subdivision regulations."

**Clarification.** This Section 177-35 states that

> Any person or persons, or any officer, department, board or bureau of the town, jointly or severally aggrieved by any decision of the Planning Board regarding subdivision plat decisions may apply to the New York Supreme Court for relief by a proceeding under Article 78 of the Civil Practice Law and Rules of New York State, and:
>
> A. The proceeding shall be initiated by the aggrieved party within 30 days **after the filing of the Planning Board's decision in the office of the Town Clerk.**

The above regulations provide for the filing of Planning Board decisions in the office of the Town Clerk. I am requesting a copy of all the Planning Board decisions that have been filed in the office of the Town Clerk pursuant to this provision, for the period from January 1, 2004 to the present time.

6. A copy of the three proposals drafted by Lauren Kingman, and referenced in the minutes of the Planning Board for 02/01/06. One is the Taconic State Parkway Buffer Protection Buffer, dated January 25, 2006; another is the Subdivision Wetlands Buffer, dated January 25, 2006; the third is the proposal for Protecting the Lafayetteville, dated January 25, 2006.

7. A copy of the proposal and any documents relating to the increase in the escrow amounts to $1,000 for a lot line adjustment, $3000 for a minor subdivision, and 10,000 for a major subdivision that was referenced in the minutes of the Planning Board for the meeting held on June 7, 2006.

8. A copy of all STOP WORK orders issued by the Town or the Town Zoning Enforcement Officer from January 1, 2004 to the present.

2

# TOWN OF MILAN

## DUTCHESS COUNTY, NEW YORK
### PLANNING BOARD

Wilcox Memorial Town Hall
20 Wilcox Circle
Milan, N.Y. 12571

Tel. (845) 758-5133
www.milan-ny.gov
Fax. (845)758-0445

January 2, 2008

To:        Catherine Gill, Town Clerk

From:      Karen Buechele, Clerk            758-5133 x21
           Planning and Zoning

REF:       MCCULLOCH FOIL REQUEST DATED 12/12/07

Enclosed are the following documents relevant to the subject FOIL request:

Request Number 1:
    A summary of the charges and associated vouchers for the following applications:
Cross Country, G&S Energy, Hirshman, Getman, Bay Horse, Berg, Chestnut Mart, AMD
(High Ridge), Hayes, Isaacs, Painter, Oliosi, Nextel, Nesel, Quarfelt, Newmarket, Milan
Hill Estates (summary, no vouchers), Middel/Pegelow/Kai's Crossing, Kiviat/Colandrea,
Jankowiak/Galbraith, Neumann, Oja, Smith, LoBrutto, Martin, Carrothers
                                    **236 copies @ .25 each = $59.00**

Request Number 2:
    A memo dated November 7, 2006 from Lauren Kingman to Attendees, Subject
"Woodland Hills Meeting to Resolve Stop Work Order".
                                    **1 copy @ .25 each = .25**

Request Number 4:
    Copies of Conservation Easements for Hidden In the Hill, Napolitano (Stonewood),
Carrezola, and Quarfelt. Mr. McCulloch should have a copy of the Woodland Hills
easement.
                                    **41 copies @ .25 = $10.25**

    Copies of approved ODA agreements for Oliosi, Nesel, Hirshman, Carrezola
                                    **9 copies @ .25 = $2.25**

Request Number 6:
    A memo dated January 25, 2006 from Lauren Kingman to the Milan Town Board,
Subject "Proposal for Protecting the Lafayetteville and Roeliff Jansen Kill Multiple Use
Areas; a memo dated January 30, 2006 from Lauren Kingman to the Milan Town Board,

## Exhibit 9 to Declaration of Kenneth J. Mc Culloch

Subject "Proposal for a Subdivision Wetlands Buffer"; a memo dated January 25, 2006 from Lauren Kingman to the Milan Town Board, Subject "Proposal for a Taconic State Parkway Protection Buffer".

**3 copies @ .25 = .75**

Request Number 7:

Minutes from the Planning Board meeting dated June 7, 2006 (only document available), page 6.

**1 copy @ .25 = .25**

Request number 8:

Copies of Stop Work Orders issued to: Napolitano, Wern, 459 Fitzsimmons Road (no name), Dyal, Carrothers, Carrothers, Dwyer, West, Levitz & Crespi, Agnifilo, Borenstein, Harsthorn, Patty, Walker.

**14 copies @ .25 = $3.50**

cc:    Terry Rice, Esq.

CONSERVATION EASEMENT

THIS CONVSERVATION EASEMENT is made this 7th day of September May, 2005, by Quarfelt Enterprises, LLC, having offices at 186 Creek Road, Pleasant Valley, New York 12569 ("Grantor"), in favor of the TOWN OF MILAN, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 20 Wilcox Circle, Milan, NY  12571 ("Grantee").

WITNESSETH:

WHEREAS, Grantor is the sole owner in fee simple of certain property situated on Quarfelt Road in the Town of Milan, Dutchess County, State of New York, consisting of approximately 19.9 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on August 24, 2004 as Document No. 02 2004 8686, and which property is also known as "Quarfelt Subdivision" as shown on a "Lot Line Alteration" map prepared by Welch Surveying and last revised on May 4, 2005, which final subdivision plat received conditional approval from the Town of Milan Planning Board on April 20, 2005, which map was filed on 8/25/05, 2005 in the Dutchess County Clerk's Office, as filed map number 11834; and

WHEREAS, the Master Plan of the Town of Milan and the Greenway Compact, which was adopted by the Town of Milan on April 12, 2004, by Local Law No. 4 of 2004, encourage the preservation of open and undeveloped space forested land, perpetuation of the

1

**Exhibit 10 to Declaration of Kenneth J. Mc Culloch**

products, leached compounds, toxic fumes or other unsightly, hazardous, or offensive materials shall be allowed on the Easement Area.

(I)   There will be no use of rifle ranges, motorized vehicles, such as snowmobiles and off-road recreational vehicles upon the Conservation Easement Area except to provide access to all parts of Grantor's property for normal management, security, or emergencies purposes as deemed necessary by Grantor.

(J)   Any activity or condition that significantly impairs or interferes with the conservation values of this Easement or that impairs or interferes with the Grantor's intention to confine the use of the property to such activities that preserve the natural and scenic values of the property and maintain existing land use patterns consistent with these values shall be prohibited.

4.   <u>Reserved Rights.</u>   Grantor reserves to itself, and to its successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this Easement; the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the

7

Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

(A)  Agricultural, horticultural, managed forest land, equestrian, passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

This shall include, without limitation, the raising of agricultural and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private trail walking, nature viewing and similar activities, and educational activities relating to the above.  The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial"

8

02/22/2008  06:23    2127640900                                    PAGE  15/22

use of the property in violation of paragraph "3"
above.  Specifically excluded, however, in
accordance with Town of Milan Code §200-
39(A)(1)(b)(2), are concentrated animal feeding
operations ("CAFO's") as defined by the U.S.
Environmental Protection Agency, or commercial
livestock operations involving swine, poultry,
mink, rallies and other animals likely to produce
highly offensive odors.

(B)   General maintenance of property, including
pruning, cutting, planting, landscaping, and
clearing of trees and other vegetative materials
only in accordance with generally accepted forest
conservation practices but no living tree with a
diameter in excess of five (5) inches diameter at
breast height measured from the down slope side
may be cut without permission of Grantee, except
trees may be removed which endanger public safety,
are diseased, damaged or fallen, or need to be
cleared to ensure the health of other trees.  All
clearing of trees and vegetation shall be
conducted in conformity with sound land and forest
management practices to minimize erosion and
adverse impacts on natural resources.

(C)   In accordance with ECL §49-0305(3)(b), this

9

Easement shall not limit, restrict or modify the
right to construct, operate or continue the use of
any facility, or impede any activity, duly
authorized under the applicable provisions of the
federal natural gas act (15 U.S.C. §§717-717 w.)

5.    Enforcement.    The Grantee may enforce this
Conservation Easement against any violating party, in law or
equity pursuant to the provisions of Article 49 of the ECL and
Milan Code §200-39(b)(4).

A.    If Grantee determines that Grantor, its Tenants,
or any of its successors or assigns, is in
violation of this Easement or that a violation is
threatened, Grantee shall give written notice by
certified U.S. Mail, return receipt requested, to
the violating party of such violation and demand
corrective action sufficient to cure the violation
and, where the violation involves injury to the
Easement Area resulting from a use or activity
inconsistent with the purpose of this Easement, to
restore the portion of the Easement Area so
injured.    If the violating party fails to cure the
violation within thirty (30) days after service of
notice thereof from Grantee, or under
circumstances where the violation cannot be
reasonably cured within a thirty (30) day period,

10

rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area and such rights and obligations shall be transferred to the successor(s) and/or assign(s) in interest, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

TOWN OF MILAN

By _____
    JOHN VAN TALMAGE
    Supervisor

QUARFELT ENTERPRISES, LLC

By _____
    ELLEN HAGGERTY
    Managing Member and Holder

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

On the 7th day of September, 2005, before me, the undersigned, a notary public in and for said state, personally appeared Ellen Haggerty, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC
DOUGLAS T. MOORE
Notary Public, State of New York
Reg. No. 01MO4950015
Qualified in Dutchess County
Commission Expires April 24, 2007

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

On the 19th day of August, 2005, before me, the undersigned, a notary public in and for said state, personally appeared John Talmage, SUPERVISOR, TOWN OF MILAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

19

02/24/2008  01:14   2127640900                                    PAGE  02/06

## HIDDEN IN THE HILL SUBDIVISION
## CONSERVATION EASEMENT

**THIS CONSERVATION EASEMENT** is made this 1st day of November, 2007, by Keith C. Savoury and Jeanmarie E. Savoury, having an address at 100 Knob Hill Road, Standfordville, NY 12581 ("Grantors"), in favor of the TOWN OF MILAN, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 20 Wilcox Circle, Milan, NY 12571 ("Grantee").

### WITNESSETH:

**WHEREAS**, Grantors are the owners in fee simple of certain property situated on Knob Hill Road in the Town of Milan, Dutchess County, State of New York, consisting of approximately 26.297 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on June 1, 1998 at Liber 2010 Page 21, and which property is also known as "Hidden in the Hill Subdivision" as shown on a subdivision plat map prepared by Michael J. Duval, P.E., and last revised on August 31, 2007, which final subdivision plat received conditional final approval from the Town of Milan Planning Board on June 28, 2006 and reapproval from the Town of Milan Planning Board on June 6, 2007, which map was filed on November 13, 2007 in the Dutchess County Clerk's Office, as filed map number 12106 ; and

**WHEREAS**, the Master Plan of the Town of Milan and the Greenway Compact, which was adopted by the Town of Milan on April

1 of 24

**Exhibit 11 to Declaration of Kenneth J. Mc Culloch**

materials, sediment discharge, oil and its by-products, leached compounds, toxic fumes or other unsightly, hazardous, or offensive materials shall be allowed on the Easement Area.

(I)   There will be no use of rifle ranges, motorized vehicles, such as snowmobiles and off-road recreational vehicles upon the Conservation Easement Area except to provide access to all parts of Grantors' property for normal management, security, or emergencies purposes as deemed necessary by Grantors.

(J)   Any activity or condition that significantly impairs or interferes with the conservation values of this Easement or that impairs or interferes with the Grantors' intention to confine the use of the property to such activities that preserve the natural and scenic values of the property and maintain existing land use patterns consistent with these values shall be prohibited.

4.   <u>Reserved Rights.</u>

(A)   Grantors reserves to themselves, and to their successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this Easement;

7 of 24

02/24/2008  01:14    2127640900                                      PAGE  04/08

the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantors in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantors, their heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantors, their successors and assigns, together with the right to grant the same or similar non-exclusive rights to others:

(i)      Agricultural, horticultural, managed forest land, equestrian, passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

8 of 24

This shall include, without limitation, the raising of agricultural and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private trail walking, nature viewing and similar activities, and educational activities relating to the above. The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial" use of the property in violation of paragraph "3" above. Specifically excluded, however, in accordance with Town of Milan Code §200-39(A)(1)(b)(2), are concentrated animal feeding operations ("CAFO's") as defined by the U.S. Environmental Protection Agency, or commercial livestock operations involving swine, poultry, mink, rallies and other animals likely to produce highly offensive odors.

(ii)  General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials only in accordance with generally

9 of 24

accepted forest conservation practices but, except as permitted under 4(B), below, no living tree with a diameter in excess of five (5) inches diameter at breast height measured from the down slope side may be cut without permission of Grantee, except trees may be removed which endanger public safety, are diseased, damaged or fallen, or need to be cleared to ensure the health of other trees. All clearing of trees and vegetation shall be conducted in conformity with sound land and forest management practices to minimize erosion and adverse impacts on natural resources.

(iii)   In accordance with ECL §49-0305(3)(b), this Easement shall not limit, restrict or modify the right to construct, operate or continue the use of any facility, or impede any activity, duly authorized under the applicable provisions of the federal natural gas act (15 U.S.C. §§717-717 w.)

(B)   Grantors reserves to themselves, Keith C. Savoury and Jeanmarie E. Savoury, of 100 Knob Hill Road, the right to selectively harvest trees from the conservation easement area in accordance with the

10 of 24