UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**CARMEN OTERO Mc CULLOCH**,

                          Plaintiff,                          **DECLARATION**

        -against-                                 **07 CV 9780 (LAP)(RLE)**

**TOWN OF MILAN, TOWN OF MILAN TOWN BOARD, JOHN V. TALMADGE**, Town Supervisor, and **ALFRED LO BRUTTON, PAULINE COMBE-CLARK, DIANE MAY**, and **ROSS WILLIAMS**, Councilpersons, **TOWN OF MILAN PLANNING BOARD, LAUREN KINGMAN**, Chairman, and Members **JEFFREY ANAGOS, PETER GROSS, SHEILA MARGIOTTA, MARY ANN HOFFMAN,** and **PAULINE COMBE-CLARK, GARY E. BECK**, Zoning Enforcement Officer, Town of Milan, and **FRANK MARGIOTTA, BARBARA HUGHEY,** and **CHARLOTTE NORMAN,**

                          Defendants.

------------------------------------------------------------------------X

      Terry Rice, an attorney admitted to practice law in the United States District Court for the Southern District of New York, states that the following is true, under penalty of perjury:

      1. I am a partner in Rice & Amon, attorneys for Defendants (hereinafter collectively referred to as the "Town") in the above-captioned matter and am familiar with the facts, circumstances and prior proceedings herein. I make this Declaration in opposition to Plaintiff's motion for a preliminary injunction.

      2. The instant action was commenced by the filing of a summons and complaint on or about November 5, 2007. Thereafter, the Town moved to dismiss the complaint pursuant to Rule 12(b)(6) and, following the filing of an amended complaint, a motion to

dismiss the amended complaint, which motion is simultaneously pending before the Court. Plaintiff moved for a preliminary injunction on or about February 29, 2008.

3.  As is related herein and in the accompanying memorandum of law and affidavits, it is respectfully submitted that no credible basis for the relief requested exists.

## FACTS

4.  As is related in the accompanying affidavits, the facts are not as averred by Ms. Mc Culloch.

### Conservation Easement

5.  As is related in detail in the affidavit of Janis Gomez Anderson, the conservation easement about which Plaintiff now complains was negotiated in detail by Mr. Mc Culloch with her and the provisions about which he now complains are what was requested and agreed to by him. Now concluding that he could have requested different terms and that the restrictions, in Plaintiff's subjective view, may interfere with the marketability or value of the property, Plaintiff challenges the provisions to which he not only agreed but actually negotiated.

6.  Moreover, the conservation easement specifically provides that "Supreme Court, Dutchess County, New York, shall have exclusive jurisdiction of any disputes arising therefrom .…" Plaintiff did not seek an interpretation or declaration from the forum contractually agreed upon as the exclusive forum for adjudication of disputes regarding the agreement.

7.  Moreover, Plaintiff bases his allegations regarding the purported restrictions of the conservation easement on his rendition of a conversation with Planning Board Chairman Kingman. However, in the first instance, the agreement is between Plaintiff

and the Town of Milan, not the Planning Board. Any advice related by Mr. Kingman was purely gratuitous since the Town, through the Town Board, is the relevant party. Plaintiff did not seek the interpretation of the Town Board as to the meaning of the terms, did not request that the Town Board modify the terms and certainly did not address his complaints to Supreme Court Dutchess County.

8. Moreover, as is related in the annexed affidavit of Mr. Kingman, the subdivision plat proposed by Plaintiff depicted protected or preserved open space. Mr. Mc Culloch, as Plaintiff's attorney and representative, agreed that such areas should be included in a conservation easement. Consequently, as offered by Plaintiff, those areas were included within a conservation easement. Mr. Kingman relates that there was no question that inclusion of the areas in a conservation easement was offered by Plaintiff and not initially mandated by the Planning Board. As is related in the annexed affidavit of R. Peters Hubbell, Jr., the areas included within the conservation easement, in any event, consist of environmentally sensitive areas, primarily steep slopes.

### Cutting of Trees

9. Mr. Mc Culloch does not accurately recount the discussion that transpired between him and Mr. Kingman regarding the cutting of trees on the lots pursuant to the conservation easement.

10. As is related in Mr. Kingman's affidavit, it is not up to him to interpret the conservation easement because it was entered into between Ms. Mc Culloch and the Town Board and provides that any interpretation or disputes shall be determined by Supreme Court, Dutchess County. However, at the written request of Mr. Mc Culloch Mr. Kingman advised him of his opinion. Mr. Kingman advised Mr. Mc Culloch that in

conformance with the provisions of the conservation easement agreement, live trees and brush could be cut in accordance with "generally accepted forest conservation practices." Accordingly, dead, diseased, dangerous or invasive trees and brush could be cut if reasonably necessary and consistent with "generally accepted forest conservation practices."

11. Mr. Kingman also relates that Mr. Mc Culloch advised him that a potential purchaser apparently desired to be able to cut fire wood as desired and that he advised Mr. Mc Culloch that such harvesting or cutting of firewood was acceptable if undertaken pursuant to a DEC forest management plan. According to his understanding, a forest management plan could be approved by DEC for the 35-acre subdivision.

## Stop Work Order

12. Plaintiff also complains regarding a stop work order associated with her cutting of trees. As is related by Mr. Kingman, he reasonably based his opinion on the SEQRA regulations, 6 NYCRR § 617.3(a), and the Subdivision Regulations. Of course, it is the Building Inspector or Code Enforcement Officer that makes determinations as to violations of law and issues stop work orders.

## Billing Practices

13. Additionally, as is also related in the affidavit of Ms. Anderson, Mr. Mc Culloch claims regarding the utilization of the escrow account for payment of consultants reviewing Plaintiff's subdivision application are inaccurate. Plaintiff was not charged for the defense of the quickly withdrawn Article 78 proceeding and was not charged for work done on other conservation easements. His claims are simply wrong.

14. Escrow accounts for recoupment of consultants' review fees for land use applications are a well-recognized and sanction mechanism in New York. Consistent with that concept, Plaintiff was charged only for engineering, planning and legal review of the subdivision application. Mr. Mc Culloch's contentions to the contrary, although not highly relevant to the instant application for a preliminary injunction, are simply wrong.

### Discriminatory Motive

15. Plaintiff also seeks to impute an institutionalized discriminatory motive on the part of the Town by selective neutral quotations from the comprehensive plan. However, although again not highly relevant to the instant application, the affidavit of the Town planner, John Morabito, repudiates those claims and demonstrates that the Town considered regional housing needs and affordable housing in both the consideration and preparation of the comprehensive plan and in the Zoning Law.

16. Moreover, it is somewhat hypocritical of Plaintiff to assert that she is entitled to some form of relief because, in her opinion, the Town has not sufficiently considered regional housing needs when, in fact, she desires to construct single-family dwellings on large lots.

### Discrimination

17. Despite alleging discriminatory intent, the moving papers are utterly devoid of any evidence to substantiate that bald claim. In fact, the affidavits submitted in opposition to the motion demonstrate an even-handed and non-discriminatory review of the application administration of the approval. The instant matter is a common, local land use dispute which Plaintiff has attempted to elevate to constitutional dimensions. The facts and the case law cited in the Town's memorandum of law in support of its motion to

dismiss the amended complaint demonstrate that no credible or cognizable claims of discrimination exist herein.

## STANDARD FOR PRELIMINARY INJUNCTION

18. As is related in the accompanying memorandum of law, in order to obtain preliminary relief, Plaintiff must demonstrate irreparable harm and a high likelihood of success on the merits. Moreover, because the instant application seeks to upset rather than preserve the *status quo* and because it involves governmental action sought to serve the public interest, a substantial likelihood of success must be demonstrated. As failed to satisfy that standard.

## PLAINTIFF HAS FAILED TO DEMONSTRATE
## A LIKLIHOOD OF SUCCESS ON THE MERITS

19. It is respectfully submitted that Plaintiff has failed to demonstrate a likelihood of success on the merits, let alone, a high likelihood of success.

20. Simultaneously pending before the Court is the Town's motion to dismiss the amended complaint which, it is submitted, demonstrates the facial insufficiency of the amended complaint and establishes that the amended complaint fails to state any viable claim as a matter of law.

21. In particular, as is related in the motion to dismiss the amended complaint, it is submitted that the amended fails to state any viable claim as a matter of law because:

- Plaintiff's claims are not ripe because she failed to appeal the issuance of a stop-work order of which she complains to the Zoning Board of Appeals;
- Plaintiff's taking claim is not ripe because she failed to seek compensation for the purported taking in a State court action;

- Plaintiff's claims regarding the interpretation and application of the conservation easement are not ripe because she failed to seek to have the matter interpreted or adjudicated in Supreme Court, Dutchess, which possesses "exclusive jurisdiction of any disputes arising" from the conservation easement agreement.

- Although apparently not a basis for the interim relief sought, the FHA claims are barred by the statute of limitations.

- The challenge to the condition of subdivision approval involving the conservation easement, adopted on June 29, 2005, is barred by the applicable 30-day statute of limitations.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a cognizable claim pursuant to the FHA because "City People" is not a class protected by the FHA.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a cognizable claim pursuant to the FHA because the Town did not make a dwelling "unavailable" pursuant to the provisions of the FHA.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a disparate treatment claim pursuant to the FHA because the complaint is devoid of any fact-based allegations to assert that the purported animus against Ms. Mc Culloch was a motivating factor that she was the victim of intentional discrimination.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a cognizable disparate impact claim pursuant to the FHA because Plaintiff

has not asserted the existence of a neutral policy or practice that resulted in a significant disparate impact on a protected group.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a cognizable disparate impact claim pursuant to the FHA because Plaintiff has failed to assert cognizable, germane or admissible statistical evidence to assert a disparate impact.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a substantive due process, procedural due process, taking or equal protection claim because Plaintiff lacks a property interest.

- Although apparently not a basis for the interim relief sought,, because Plaintiff has asserted claims pursuant to the more specific provisions of the Equal Protection and Fifth Amendment Taking Clauses, she may not also assert a substantive due process claim based on the same conduct.

- Although apparently not a basis for the interim relief sought, the complaint fails to state a substantive due process claim as a matter of law.

- Although apparently not a basis for the interim relief sought, because of the existence of available judicial review of her complaints, the complaint fails to state a cognizable substantive due process claim as a matter of law.

- Although apparently not a basis for the interim relief sought,, because of the availability of administrative appeal procedures and/or judicial review of the determinations by which Plaintiff claims to be aggrieved, a procedural due process claim is not stated as a matter of law.

- Although apparently not a basis for the interim relief sought, a taking claim pursuant to the Fifth Amendment has not been stated because Plaintiff has not been deprives of all use of her property.
- The conservation easement is not an unconstitutional exaction as a matter of law.
- Plaintiff fails to state any viable claim pursuant to New York State law.

22. Rather than again repeating the arguments and law cited in support of the motion to dismiss the amended complaint in the instant memorandum of law in opposition to the motion for a preliminary injunction, the Town respectfully refers the Court thereto and incorporates the same in the Town's instant opposition. A copy of the previously filed memorandum of law is annexed hereto as Exhibit "A".

## LACK OF IRREPARABLE HARM

23. Plaintiff's moving papers are devoid of any demonstration of irreparable harm.

24. In the first instance, Plaintiff has asserted virtually every conceivable damage claim that might theoretically be applicable herein. As is related in the accompanying memorandum of law, preliminary relief is inappropriate if an adequate remedy in damages is available. Although the Town submits that there is no basis for any cognizable damage claim, Plaintiff has asserted a plethora of such claims and, as a result, preliminary relief is inappropriate.

25. Moreover, because Plaintiff is asserting what amounts to a mandatory injunction, as opposed to one to maintain the *status quo*, relief is particularly inappropriate and Plaintiff has failed to satisfy the high burden necessary for such relief.

26. Further, as related in the annexed affidavit of R. Peters Hubbell, Jr., Plaintiff's claims of difficulty in selling the property as a consequence of the conservation easement are unsupported, speculative and based on faulty suppositions.

## SECURITY

27. Rule 65(c) directs that security be posted if a preliminary injunction is granted. Although the Town submits that Plaintiff has failed to demonstrate entitlement to such relief and that the granting of relief is inappropriate, should the Court deem it appropriate to grant relief, it is requested that security be posted in an appropriate amount to ensure that property may be restored to its present condition should Plaintiff not ultimately prevail on the issue.

## CONCLUSION

28. The Town respectfully submits that no basis exists for the granting of the requested preliminary injunction and that the relief requested be denied.

Dated: Suffern, New York
      March 12, 2008

/s/_____
Terry Rice (TR 1022)