**POINT I**

**PLAINTIFF HAS FAIELD TO SATISFY THE
REQUIREMENTS FOR ISSUANCE OF
A PRELIMINARY INJUNCTION**

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant by a clear showing, carries the burden of persuasion." *Moore v. Consolidated Edison Company of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *see also Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 277 F.3d 253, 258 (2d Cir. 2002); *Hammer v. Trendl*, 2003 WL 21466686 (E.D.N.Y. 2003) (*citing JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir.1990); *Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 273 (2d Cir.1986) (stating that a preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies."); *Transperfect Translations Intern., Inc. v. Merrill Corp.*, 2004 WL 2725032 at 4 (S.D.N.Y. 2004), *aff'd*, 159 Fed.Appx. 313 (2d Cir. 2005); *Pickney v. Board of Education of the Westbury Union Free School District*, 920 F.Supp. 393, 399 (E.D.N.Y. 1996). Plaintiff has failed to satisfy her burden herein.

Under ordinary circumstances, in order to obtain a preliminary injunction, a plaintiff must establish: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Random House, Inc. v. Rosetta Books, LLC*, 283 F.3d 490, 491 (2d Cir. 2002); *Maryland Casualty Co. v. Realty Advisory Bd. On Labor Relations*, 107 F.3d 979, 984 (2d Cir.1997) (internal quotations and citations omitted);

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979); *Madison Square Garden, L.P. v. National Hockey League*, 2007 WL 3254421 (S.D.N.Y. 2007); *Pickney*, 920 F.Supp. at 399.

However,

> if … 'the moving party seeks a preliminary injunction that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction will be granted only if the moving party meets the more rigorous likelihood-of- success standard.' *No Spray Coalition, Inc. v. City of N.Y.*, 252 F.3d 148, 150 (2d Cir.2001) (per curiam ) (internal quotation marks omitted); *see, e.g., Rockefeller v. Powers*, 74 F.3d 1367, 1376-77 (2d Cir.1995) (applying the more rigorous standard of preliminary relief in the context of candidate ballot access in a primary election). Further, when such an injunction against the government 'will alter rather than maintain the status quo, the movant must show ... [a] substantial likelihood of success.' *No Spray Coalition*, 252 F.3d at 150 (internal quotation marks omitted).

*Queens County Republican Committee v. New York State Board of Elections*, 222 F.Supp.2d 341, 345-46 (E.D.N.Y. 2003); *see also Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999); *Holblock v. Albany County Board of Elections*, 422 F.3d 77, 96-97 (2d Cir. 2005); *Carpenter Technology Corp. v. City of Bridgeport*, 180 F.3d 93, 98 (2d Cir. 1999); *Celauro v. Internal Revenue Service*, 371 F.Supp.2d 219, 222 (E.D.N.Y. 2005).

Plaintiff's application fails to satisfy either of the foregoing tests.

In addition, in considering whether interim relief should be granted, the four most important factors are: (1) the significance of the threat of irreparable harm to plaintiff if the injunction is not granted; (2) the state of the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest. *See* Wright, Miller, Kane, Federal

Practice and Procedure § 2948 (*citing New York Pathological & X-Ray Lab., Inc. v. Immigration & Naturalization Serv.*, 523 F.2d 79, 81 (2d Cir. 1975)).

Moreover, "the purpose of the preliminary injunction is the preservation of the *status quo* and that an injunction may not issue if it would disturb the *status quo*." *Id.* (*citing Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969); *see also Pickney*, 920 F.Supp. at 399. The purpose of a preliminary injunction is to preserve the Court's power to render a meaningful decision after an ultimate determination on the merits, not to give the plaintiff the ultimate relief it seeks. *See Warner Vision Entertainment, Inc. v. Empire of Carolina, Inc.,* 101 F.3d 259, 261-62 (2d Cir. 1996). Plaintiff seeks to disturb the *status quo* and offers no compelling reasoning or demonstration to support the drastic relief sought. If an injunction may be categorized as mandatory, the movant must make a "clear" or "substantial" showing of a likelihood of success on the merits as opposed to a mere "likelihood." *See Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995); *Bronx Household of Faith v. Board of Educ. of City of New York*, 226 F.Supp.2d 401, 411 (S.D.N.Y. 2002), *aff'd*, 331 F.3d 342 (2d Cir. 2003); *Pickney*, 920 F.Supp. at 399. A requested injunction is classified as "mandatory" if the *status quo* is sought to be altered (as opposed to a prohibitory injunction which seeks to maintain the *status quo*). *See Holblock*, 422 F.3d at 97; *Rodriquez v. Debuone*, 175 F.3d 227, 233 (2d Cir. 1999). Again, the application fails to satisfy this requirement.

### No Irreparable Harm

"To establish irreparable harm, plaintiffs must demonstrate 'an injury that is neither remote nor speculative, but actual and imminent.'" *Transperfect Translations*

*Intern.*, 2004 WL 2725032 at 4 (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir.1989) (*quoting Consol. Brands, Inc. v. Mondi*, 638 F.Supp. 152, 155 (E.D.N.Y.1986)).

Additionally, a party's delay in moving for preliminary injunctive relief undercuts the sense of urgency that typically accompanies such a motion. *See Transperfect Translations Intern.,* 2004 WL 2725032 at 4 (*citing Tough Traveler, Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2d Cir.1995).  "Courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Id.* (*quoting Gidatex, S.r.L. v. Campaniello Imp., Ltd*., 13 F.Supp.2d 417, 419 (S.D.N.Y.1998)). The instant action was commenced on November 5, 2007. Plaintiff moved for a preliminary injunction on or about February 29, 2008 – almost three months after the action was commenced. Moreover, the events upon which Plaintiff's complaint are based occurred more than 32 months ago. Clearly, in addition to the other deficiencies related herein, Plaintiff's delay is seeking relief premised on the purported difficulty in selling the lots is belied by her delay in instituting the action and in seeking interim relief.

As is reflected in the arguments made in Plaintiff's motion papers and related in the accommodating affidavit of R. Peters Hubbell, Jr., Plaintiff's claims of difficulty in selling the property as a consequence of the conservation easement are unsupported, speculative and based on faulty suppositions. Plaintiff has not demonstrated irreparable harm.

**Plaintiff has Failed to Demonstrate a
Likelihood of Success on the Merits**

Simultaneously pending before the Court is the Town's motion to dismiss the amended complaint which, it is submitted, demonstrates the facial insufficiency of the amended complaint and establishes that the amended complaint fails to state any viable claim as a matter of law. Rather than again repeating the arguments and law cited in the Town's memorandum of law in support of the motion to dismiss the amended complaint herein, the Town respectfully refers the Court thereto and incorporates the same in the Town's instant opposition. A copy of the previously filed memorandum of law is annexed to the accompanying declaration as Exhibit "A".

**CONCLUSION**

The Defendants respectfully submit that the motion for a preliminary injunction be denied.

Dated: Suffern, New York
       March 12, 2008

                                    Rice & Amon


                                    /s/_____
                                    By: Terry Rice (TR 1022)
                                    Attorneys for Defendants
                                    Four Executive Boulevard
                                    Suite 100
                                    Suffern, New York 10901
                                    (845) 357-4000