UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

**CARMEN OTERO Mc CULLOCH,**

                                  Plaintiff,                        **AFFIDAVIT**

              -against-                            **07 CV 9780 (LAP)(RLE)**

**TOWN OF MILAN, TOWN OF MILAN TOWN BOARD,
JOHN V. TALMADGE,** Town Supervisor, and **ALFRED
LO BRUTTON, PAULINE COMBE-CLARK, DIANE
MAY,** and **ROSS WILLIAMS,** Councilpersons, **TOWN OF
MILAN PLANNING BOARD, LAUREN KINGMAN,**
Chairman, and Members **JEFFREY ANAGOS, PETER
GROSS, SHEILA MARGIOTTA, MARY ANN
HOFFMAN,** and **PAULINE COMBE-CLARK, GARY
E. BECK,** Zoning Enforcement Officer, Town of Milan, and
**FRANK MARGIOTTA, BARBARA HUGHEY,** and
**CHARLOTTE NORMAN,**

                                 Defendants.

--------------------------------------------------------------------X

      Lauren Kingman, III, being duly sworn, deposes and says:

      1.  I served as chairman of the Town of Milan Planning Board from on or about

January 1, 2004 to December 31, 2007. Previously, I served as a member of the Planning

Board during a portion of 2001 and during 2002. Thereafter, I served as chairman of the

Zoning Board of Appeals from on or about January 1, 2003 to December 31, 2003. I

presently am a member of the Planning Board. I also am a.named Defendant in the

instant action.

      2.  Mr. Mc Culloch or other agents represented Ms. Mc Culloch in her dealings

with the Planning Board. The subdivision plan proposed by Plaintiff depicted protected

or preserved open space. He agreed that such area should be included in a conservation

easement and, as a result, it was included within a conservation easement. There was no question that this was offered by Plaintiff and initially not mandated by the Planning Board. Ms. Mc Culloch's conservation easement and the specifics were negotiated between him and the Planning Board attorney, Janis Gomez Anderson.

3. I understand that Mr. Mc. Culloch claims that I advised him that no trees whatsoever could be cut within the area of the conservation easement. That is not accurate.

4. In the first instance, I do not believe that it is up to me to interpret the conservation easement. The conservation easement was entered into between Ms. Mc Culloch and the Town Board and it provides that any interpretation or disputes shall be determined by Supreme Court, Dutchess County. However, Mr. Mc Culloch wrote to me and requested my input and in an effort to be of assistance I advised him of my opinion.

5. I advised him that in conformance with the provisions of the conservation easement agreement, live trees and brush could be cut in accordance with "generally accepted forest conservation practices." In other words, dead, diseased, dangerous or invasive trees and brush could be cut if reasonably necessary and consistent with "generally accepted forest conservation practices."

6. A potential purchaser apparently also wanted to be able to cut fire wood as desired. Obviously, the ability to cut firewood whenever desired would effectively undermine the effectiveness and purpose for the conservation easement. I advised Mr. Mc Culloch that such harvesting or cutting of firewood would be acceptable if undertaken pursuant to a DEC forest management plan. In fact, at the specific request of another

individual who subdivided a large track of land, such a provision was included in that conservation easement.

7. I never heard back from Mr. Mc Culloch with respect to the issue.

8. I understand that he apparently contacted DEC and ascertained that a forest management plan could not be approved or implemented with respect to the individual lots because each 5 to 7 acre individual lot was considered to be too small for implementation of a forest management plan. However, as with my understanding of the other instance in which it was requested to be able to cut firewood, the entire Mc Culloch tract was large enough for approval of a forest management plan.

9. I do believe that Mr. Mc Culloch either did not understand my conversation with him or is not recounting it accurately. Again, it is my opinion that routine maintenance is permissible pursuant to the agreement, but that a DEC forest management plan would be necessary for the harvesting of fire wood.

10. I understand that Plaintiff also complains regarding my advice that they could not cut down trees or brush along the road while the subdivision and, more particularly, the SEQRA ("State Environmental Quality Review Act") review was ongoing. I based my conclusion on 6 NYCRR § 617.3(a) which provides that "A project sponsor may not commence any physical alteration related to an action until the provisions of SEQR have been complied with." 6 NYCRR § 617.2(ab) defines "physical alteration" as including but not limited to "vegetation removal, … grading and other forms of earthwork, dumping filling or depositing…." In addition, § 177-6(C) of the Subdivision Regulations provide that among other things, clearing for roads or utilities or the clearing of trees and shrubbery for a proposed subdivision may not occur until preliminary subdivision

approval has been granted. Consistent with those regulations, I did not believe that it would be permissible for Plaintiff to undertake such activities at that time.

11. I would note that I understand that Plaintiff accuses me, the Planning Board and the Town of discrimination against Ms. Mc Culloch because of her Puerto Rican ancestry or against "City People" in general. Nothing could be further from the truth. I have acted impartially on her application and on every application in which I have been involved and acted based on my understanding of the law and facts in each case, often with the assistance of counsel. To the best of my knowledge, no member of the Planning Board or Town official has ever acted other than properly and impartially on Ms. Mc Culloch's application or any other application.

JUDITH GELA
NOTARY PUBLIC, STATE OF N
QUALIFIED IN DUTCHESS CO.
REG. 01GE110873
MY COMM. EXP. JUNE 1, 2008

_____
Lauren Kingman

Sworn to before me this
12ᵗʰ day of March, 2008