**Exhibit 6**

# VAN DeWATER & VAN DeWATER, LLP
## Counselors at Law

40 Garden Street
P.O. Box 112
Poughkeepsie, New York 12602
Telephone: (845) 452-5900
Fax (845) 452-5848

---

TO:  Kenneth McCulloch, Esq.

    cc: Lauren Kingman -- 758-3334

    Janis M. Gomez Anderson (e-mail)

FAX NUMBER:  212-398-9512 / 212-764-0900

FROM:  James E. Nelson, Esq.

DATE:  May 2, 2006

NUMBER OF PAGES INCLUDING THIS COVER SHEET:

RE:  T/Milan with McCulloch

FILE NO.:

MESSAGE:  Dear Ken:

Janis is working out of the office today, but I sent her your most recent letter. We will be back to you as soon as we can.

For your reference, I attach a form of Performance Bond, which we need to discuss with both you and the Town.

As far as the Conservation Easement is concerned, I should point out that your early discussions were with Peter Dranginis rather than Janis. As far as the substance of the document is concerned, I need to speak further with Janis but at this point we know that we need:

1. A corrected amount of acreage and map reference.
2. Provisions for points of access to the conservation areas. The easements are not worth much if we cannot reach them.
3. A reverter clause providing that if the Town is unable or unwilling to continue that the easement will revert to the grantor. The Town Code requires this.
4. We need some reasonable description of existing conditions so that there can be a baseline.
5. In the reference to the terms and conditions the "from time to time" language needs to be deleted.
6. The grantor will need to take care of recording the document.

7. The Town needs reasonable confirmation that the easement is not subordinate to any mortgage or other encumbrance. Obviously, we can discuss pre-existing utility easements.

Finally, there is an open issue as to whether trees in excess of those which were discussed with the Planning Board were removed, and what type restoration should be effected.

I will call you as soon as I can.

Regards, Jim Nelson

| Original Documents Were: | ☐ | forwarded Regular Mail |
|---|---|---|
| | ☐ | forwarded Next Day Service |
| | ☐ | forwarded Certified Mail |
| | ☒ | not mailed, Faxed only |

**IF YOU DO NOT RECEIVE THE CORRECT NUMBER OF PAGES OR IF THIS TRANSMITTAL IS NOT CLEAR, PLEASE CALL (845) 452-5900.**

This message is intended only for the use of the individual or entity for which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are neither the intended recipient nor the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please return the original to the sender.

PERFORMANCE BOND

    Bond given by _____, a _____ corporation, with its principal place of business located at _____, _____, 200\_\_\_ ("Obligor") to the Town of Milan, a municipal corporation whose Town Hall is located at Wilcox Memorial Hall, 20 Wilcox Circle, Milan, NY 12571, ("Obligee"), dated _____, 200\_\_\_.

    KNOW ALL MEN BY THESE PRESENTS that the Obligor is held and firmly bound unto the Obligee in the sum of $_____ for the payment whereof to Obligee the said Obligor binds itself, its successors and assigns.

    WHEREAS, the Obligor made application to the Planning Board of the Town of Milan for approval for a subdivision known as _____ (the "Subdivision"), and

    WHEREAS, the Obligor was granted final subdivision approval by the Planning Board of the Town of Milan of the Subdivision, and

    WHEREAS, pursuant to specifications approved by the Planning Board in connection with final subdivision approval, the Obligor must construct certain roads and/or other public improvements per the approved specifications in connection with the development of the Subdivision, and

    WHEREAS, the Obligor's subdivision approval is subject to a condition that a performance bond be given guaranteeing the construction and dedication with marketable title, where any offer of dedication is accepted by the Town, of the public improvements identified within the plans approved by the Planning Board, and

    NOW, THEREFORE, the condition of this performance obligation is such that, if the Obligor shall well and truly make all of the aforesaid public improvements in accordance with

the plans and specifications approved by the Town of Milan, and if said improvements are deemed complete by the Town of Milan and are offered to the Town for dedication free and clear of liens and encumbrances, together with a maintenance bond and supporting security as provided for in §177-29 of the Town Code of the Town of Milan, on or before _____, 200___, then this obligation shall be null and void; otherwise, the obligation shall remain in full force and effect after said time.

The Obligor shall at all times provide the Obligee with such security or surety as the Obligee shall deem sufficient. In furtherance of this covenant, the Obligor has obtained and hereby delivers to the Town of Milan the following security for faithful performance of this obligation:

_____

_____

_____

The Obligor hereby agrees to both release and covenant not to sue the Town of Milan with respect to any and all claims on behalf of itself, its successors or assigns, with respect to the enforceability of this performance obligation for any non-conformity with the procedural and substantive provisions of Town Law Section 277; furthermore, the Obligor agrees hereby to defend and indemnify the Town of Milan with respect to any claims or defenses by any lending institution in connection with this project or by an institution providing collateral security to the Town of Milan with respect to this performance obligation that the aforesaid provisions of Town Law Section 277 may not have been followed in connection with giving, acceptance and approval of this performance obligation with respect to the construction and installation of the road and public improvements in the development of the Subdivision.

The Obligor agrees to execute and/or endorse and deliver to the Town and/or the aforesaid Bank any documents required for the Town to call upon said _____ (cash deposit, certificate of deposit, letter of credit, etc.).

Dated: _____, 200___

                                                            _____
                                                            (print/type developer name)

                                         By: _____
                                                            (signature)

                                                            _____
                                                           (print/type signatory's name)

                                                           _____
                                                           (print/type signatory's title)

STATE OF _____ )
                                   ) ss.:
COUNTY OF _____ )

On the _____ day of _____, 200__, before me, the undersigned, a notary public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                           _____
                                                              NOTARY PUBLIC

K:\WPDOCS\Milan (0070)\FORMS\Subdivision Forms\9-21-04 Road Performance Bond.doc

3