**Exhibit 15**

TOWN OF MILAN PLANNING BOARD SPECIAL MEETING MINUTES - FINAL

WEDNESDAY, OCTOBER 19, 2005

MEMBERS PRESENT:

Lauren Kingman, Chairman
Jeffrey Anagnos
Peter Goss
Mary Ann Hoffmann

MEMBERS ABSENT:

Sheila Margiotta

ALSO PRESENT:

Pauline Clark
Ross Williams

Chairman Kingman opened the meeting at 7:00 p.m.

1. Comprehensive Plan Review - The board discussed the document Chairman Kingman has circulated, and Chairman Kingman read the note from Ms. Margiotta (since she could not attend the meeting) stating her concerns.

   Chairman Kingman motioned that the Planning Board approve the review and recommendations for the referred comprehensive plan as attached. Mr. Goss seconded. All aye. Motion carried 4-0. A copy of the recommendations will be forwarded to the Town Board, Dutchess County Planning (Roger Akeley and Jennifer Cocozza), Ross Williams, and Linda Murray.

2. Morton Getman Area Variance Recommendation - Chairman Kingman distributed a review of the case. The major concern of the board members was setting a precedent for creating substandard lots. Mr. Williams, Chair of the ZBA, said he would work with Janis Gomez, Planning and Zoning Attorney, to word a resolution so it would be extremely limited, only applying to a situation with these circumstances such as where the lot was originally a 3 acre lot, the lots were combined, zoning was changed, and now the applicant wants to change the configuration back to the original lot. Ms. Williams said Ms. Gomez seems to be of the view that if the resolution is written correctly, it will not set a precedent.

   Chairman Kingman motioned that the Planning Board approve the attached Getman variance referral recommending denial of the Getman variance application. Ms. Hoffmann seconded. All aye. Motion carried 4-0. This referral will be forwarded to Dutchess County Planning, VanDeWater and VanDeWater, the Town Clerk, and the Building Inspector.

1

TOWN OF MILAN PLANNING BOARD SPECIAL MEETING MINUTES-FINAL-10-19-05

Mr. Goss motioned to adjourn at 7:55 p.m., Ms. Hoffmann seconded. All aye. Motion carried 4-0.

Respectfully submitted,

Karen Buechele, Clerk
Planning and Zoning

cc:   Catherine Gill, Town Clerk

2

# TOWN OF MILAN
# PLANNING BOARD
Dutchess County, New York

Wilcox Memorial Town Hall
20 Wilcox Circle
Milan, N.Y. 12571

Tel. (845) 758-5133
(845) 876-3463
Fax (845) 876-1449

Date: October 19, 2005

To: Milan Zoning Board of Appeals

Subject: Getman Area Variance Application
Reference:

## GETMAN AREA VARIANCE REFERRAL FROM ZBA

The review and recommendations contained herein are the Planning Board's response to the Milan Zoning Board of Appeals referral of the Getman Area Variance Application.

### BACKGROUND

Morton Getman, Applicant, owned two lots (#13 & #14) from the Enterprise Acres subdivision, created in 1978. In August 1999 a dwelling existed on lot #13 (3.79 acres) while lot #14 (5.71 acres) was vacant. The zoning district was A3A and the tax assessments on the lots were $168,000 and $43,000, respectively. At the request of the Applicant, the two lots were combined into a single lot of 9.5 acres with a tax assessment of $183,600. The new assessment was 13% ($27,500) less than the total assessment of the two lots. In 2001, the Town rezoned the area around the Applicant's lot to A5A for consistency with the Town of Clinton's adjacent 5 acre district. Applicant would like to subdivide the property and build a new home on the new lot. He has a health condition that requires wheel chair access and he claims his current house can not be reasonably modified for accessibility.

Applicant proposes subdividing along the previous lot boundaries which would identically recreate the original lots #13 and #14. As the parcel is now within A5A there is insufficient area to create two conforming lots therefore the Planning Board could not approve a subdivision application. Applicant has applied to the ZBA for at least two area variances: Lot area (3.79 acres vs 5 A required), lot width (295' vs 400' required) and possibly a side setback variance for the existing house.

### FINDINGS

IMPACT and PRECEDENT: The impact of an area variance typically is contained within the bounds of the applicant's property although, in some cases, there may be some additional impacts (e.g. visual, storm water) that can affect immediately adjacent properties. This variance is expected to set a precedent that goes beyond the applicant's property and can have an impact, over time, across the whole Town.

The Town has never granted a variance to create an undersized, substandard lot. In order to subdivide a parcel, the lots must all be of the minimum area required by the district (with the one exception of Cluster Development.) This Board believes granting this variance will set a precedent that opens the door to granting future variances for undersized lots.

Discussions at the ZBA meetings indicated members felt they could circumscribe this variance such that it would not set precedent. We do not believe that to be true:

- If this variance is granted, the Town will establish that it will consider variances to the minimum lot size
- The Town will establish that personal hardship is a valid reason to grant such a variance

- With a 'valid' hardship, it is reasonable to expect this principle of variance to be extended to at least three lot minor subdivisions if not major subdivisions (e.g. an applicant pleading hardship wants to subdivide an A3A 8.5 acre lot into 3 lots.)

This is the one case where an area variance results in an additional lot, up to three additional dwellings, and additional population. If this is viewed only as an isolated case, the impact appears negligible. But, the ripple effect of this variance could have a sizeable impact on the Town.

A document titled 'Variance Standards' issued by the Dutchess County Planning Department, concludes "The potential for substantial negative impacts from the granting of use variances continues to be considered more significant than those related to the granting of area variances and thus the tests for issuing this type of relief are more stringent. **However, as Zoning Boards of Appeal are faced with a far greater number of area variance requests, the potential cumulative impacts of granting these requests is at least as significant**." (emphasis added). The indirect impact of granting this variance on the whole Town should be carefully considered.

UNDESIRABLE CHANGE to the NEIGHBORHOOD: Given the potential future impact to the Town of granting this variance, the ZBA should consider the whole Town as a neighborhood in addition to the immediately adjacent properties.

BENEFIT to the APPLICANT: When an applicant requests a variance, the ZBA investigates the request to determine if there are other feasible solutions that would not require a variance. In this case there are three: modifying the existing residence, ECHO housing, and an accessory apartment. The ZBA had a very brief discussion with the applicant about these alternatives and was told by the Applicant they "would not work." Considering the importance of this variance, this Board believes the ZBA should exercise due diligence and fully investigate these alternatives with the applicant. Even if one of these alternatives required variances in order to work for the applicant that would be preferable to setting a precedent for area variance.

VARIANCE is SUBSTANTIAL: The applicant requests a 24% variance from the minimum required area of 5 acres and a 26% variance from the minimum lot width of 400'. This Board considers these variances to be substantial.

Consistent with the requirement that the ZBA grant only the minimum variance required, this Board believes that, should the ZBA consider approving this application, it should change the requested area variance to reflect a 4.5 acre lot for the existing dwelling and a 5 acre undeveloped lot. This would require only a 10% area variance. Additionally, the applicant should be required to conform to the 400' minimum lot width requirement on the developed lot, thus eliminating one variance.

ADVERSE EFFECT on NEIGHBORHOOD or DISTRICT: As previously described, setting precedent with this variance will likely lead to more undersized lots in the future which will increase water usage, waste water, traffic, storm water, habitat disturbance, etc. across the Town.

DIFFICULTY was SELF-CREATED: The Applicant combined these lots in 1999 and thereby created the lot he now wants to subdivide. If he had not taken this action, he would not be in this position today. The 9-19-05 ZBA minutes reflect that the applicant bought lot #14 "just to have additional land." The Applicant offered no substantive reason for combining the parcels so it is surmised that it was done to reduce the assessment and subsequently the taxes.

GRANTING the MINIMUM VARIANCE: As discussed above, this Board does not believe there has been sufficient research or analysis to establish that the requested variance is the minimum deemed necessary and adequate. There are solutions available that will not require the granting of a variance to create a substandard lot. Action on this variance should not be considered until sufficient investigation is completed.

## RECOMMENDATION

The Milan Planning Board recommends the ZBA DENY the Getman Area Variance application. If this variance to allow an undersized, substandard lot is approved it will establish the precedent that the Town will consider permitting the creation of undersized lots for reasons of personal hardship. This could become quite common for minor subdivisions, permitting two lots where subdivision is not permitted or three lots where only two lots are permitted. This could have a significant affect on the Town's build out in the future, especially if the precedent erodes over time to apply to major subdivisions.

In the case that the ZBA decides to favorably consider approving this variance request, the Planning Board further recommends that the ZBA minimize the area variance by changing the lot areas to 4.5 acres for #13 and 5 acres for #14. Further, we recommend the ZBA require a minimum width for lot #13 of 400' so that it will conform to current zoning requirements and eliminate the need for this variance.

Respectfully Submitted

L Kingman, Chair
J Anagnos, Member
P Goss, Member
M Hoffmann, Member

CC:   J Coccozza    Dutchess County Planning
      J Gomez       Planning Board Attorney