**Exhibit 4**

# BALLARD, ROSENBERG, GOLPER & SAVITT, LLP.

**NEW YORK OFFICE**

516 FIFTH AVE., 12TH FLOOR
NEW YORK, N.Y. 10036
TEL. 212-398-9508
FAX. 212-398-9512

**CALIFORNIA OFFICE**

10 UNIVERSAL CITY PLAZA
SIXTEENTH FLOOR
UNIVERSAL CITY, CALIFORNIA
91608-1097
TEL. 818-508-3700
FAX. 818-506-4827; 818-985-8167

This fax is from the New York Office. Please call immediately if this transmission is illegible or incomplete.

**Date:_03/29/06_____Recipient's Fax Number:  845-452-5848**

**Deliver to: James Nelson, Esq.**

**Number of pages being transmitted (including this cover page ) 3**

**Sender's name: Ken Mc Culloch**

**Message:  See letter attached.**

**Confidentiality Notice:**

This facsimile transmission is intended solely for the use of the individual or entity named above and may contain information that is confidential, privileged, and exempt from disclosure under the applicable law. If you are not the intended recipient, any use or this information is prohibited. If you have received this transmission in error, please notify the sender immediately. Thank you.

**KENNETH J. MC CULLOCH**
**BALLARD, ROSENBERG, GOLPER & SAVITT, LLP.**
**516 FIFTH AVENUE, 12TH FLOOR**
**NEW YORK, N. Y. 10036**
**TEL. 917-748-0771; FAX 212-398-9512**

March 29, 2006
By fax this date, without enclosures,
Fedex this date with enclosures

Van de Water & Van de Water, LLP
40 Garden Street
Poughkeepsie, New York 12601
Attn:  James Nelson, Esq.

Re: Town of Milan, Woodland Hills Subdivision, Conservation Easement

Dear Jim,

I called to Janis Gomez Anderson about an e-mail that she sent to me with regard to the above matter. I was told she is out on sick leave and will be out for a few weeks, but that I should address this matter to you.

Some time ago, Ms. Gomez forwarded to me the format for the Conservation Easement that the Town of Milan Planning Board wanted the applicant, Carmen Mc Culloch, my wife and client, to enter into as a condition for approval of this subdivision. It is "A". We agreed to it, and signified our assent as requested by her and the Town Planning Board, by initialing each page, as they wanted it. See "B". This Conservation Easement that is "B" was part of the package that we submitted to the Milan Planning Board prior to March 2, 2005. It is noted as Item 6 under the heading of "Package Submitted For Preliminary Plat Approval" on the Milan Planning Board's Report dated 3/2/05. See "C". The subsequent Milan Planning Board Report dated 6/30/05, which is "D", noted that the Final Plat and the supporting documents (including this Conservation Easement), became the basis for final approval and development. See "D", p. 4. The Milan Town Planning Board granted conditional final approval for the subdivision by letter dated June 30, 2005, see "E", and one of the conditions was the applicant's acceptance of the Conservation Agreement as listed. The Milan Planning Board required that the applicant request that the Town Board approve the Open Development Plan provided for in the subdivision plans and conservation easement that were submitted to the Town Planning Board. We made that request, and as part of the request, I forwarded a copy of the Conservation Easement to the Town Board. In the minutes of the meeting of the Town Planning Board for the meeting of 6/29/05, see "F", it is noted that "As far as the ODA, Mr. Mc Culloch has provided a letter for the Town Board, the Planning Board has recommended approval, and the Fire Department has reviewed the application and approved it. The ODA has been reviewed by the Planning Board attorney and the Town Board attorney and should receive approval at the July

1

meeting." The Town Board granted that approval on July 11, 2005. *See* "G". That Town Board approval was conditioned on "upon the applicant's final plat map submission and Planning Board approval of said plat being in substantial conformity to that which was presented on its Woodland Hills Subdivision Layout and Easement Plan Map prepared by Povall Engineering dated May 16, 2005, said map having been directly relied upon by this Town Board in reaching a resolution granting issuance of an ODA to lots 2, 3, 4, and 5." The applicant has met that condition, and there is no issue in that regard. The Conservation Easement that Ms. Gomez drafted, and that the applicant has agreed to, has been the basis for approval actions by the Milan Planning Board and the Milan Town Board. I met with Lauren Kingman, the Planning Board Chairman, yesterday, March 28, 2006, and he said that he and the Planning Board have no problem with the Conservation Easement, *i.e.*, "B", that we presented to them. In reliance on all of the above, and with the knowledge of the Town Planning Board, we have substantially completed the infrastructure improvements, including the new driveways, and the installation of utilities to all of the lots, at a cost in excess of $100,000. Fifty-six monuments have been installed identifying the Conservation Easement Area. A separate survey just for the Conservation Easement Area, has been completed by our surveyor, Mike Dalbo, and is being presented to the Town Planning Board by Mr. Dalbo early next week. Our engineer, and the Town's engineer have agreed on the amount that should be recommended to the Milan Planning Board as required for completion of the improvements so that the mylar can be presented to the Chairman of the Milan Planning Board for signature and, thereafter, for filing with the Town Clerk.

By e-mail, Ms. Gomez advised me that she did not consider the Conservation Easement that has formed the basis for all of the above to have been "finalized". She has sent me a new, twenty-page Conservation Easement that she wants to be substituted for the existing 11-page Conservation Easement that has been the basis for all of the above approvals. This new Conservation Easement, *see* "H", recites at p. 2 that "Whereas, by resolution dated August 8, 2005 the Town Board of the Town of Milan agreed to accept this Conservation Easement". This new Conservation Easement did not exist as of August 8, 2005. The only Conservation Easement that existed as of that time, and that was before the Town Board as of that time, was the Conservation Easement that is "B". As I said, Lauren and the Town Planning Board are satisfied with the Conservation Easement that is "B". We are satisfied with the Conservation Easement that is "B". We are not satisfied with the new Conservation Easement. Moreover, we do not want to change the documents that have led us to this stage, and achieved for us final approval, after public hearing and other processes. To do so, we believe, would jeopardize the validity of the entire process by which the Town's Boards have acted, and the public has been kept advised of what is happening. Lauren told us to contact you. I called you on Monday and Tuesday, March 27 and March 28, 2006, but I have not been able to speak with you. Therefore, I have sent this letter today.

Very truly yours,

Kenneth Mc Culloch

Kenneth Mc Culloch

2

**EXHIBIT A**

Table of Contents

- [Purpose It is the purpose of this Easement to protect ]
- [Rights of Grantee  To accomplish the purpose of this ]
- []
  - [To preserve and protect the open space and forested character of the Easement Area pursuant to values identified in the Town's master plan. ]
  - [In accordance with ECL 49-0305(6), to enter upon the easement area at reasonable times in order to inspect the Easement Area to monitor Grantor=s compliance with and otherwise assure compliance with the terms of this Easement, it being anticipated that the easement may be inspected once per year, provided that such entry shall be upon prior reasonable notice to Grantor, and Grantor shall not unreasonably interfere with Grantor=s use and quiet enjoyment of the Easement Area; and ]
  - [To prevent any activity on, or use of, the Easement Area that is inconsistent with the purpose of this Easement and to require the restoration of areas or features of the Easement Area that may have been damaged by any inconsistent activity or use. ]
- [Prohibited Uses The following activities and uses ]
  - [There shall be no industrial or commercial use of the land.  There shall be no further subdivision of the property burdened by this Easement. ]
  - [No structures shall be placed on the land within the Easement Area. ]
  - [There shall be no alteration of natural wetland areas. ]
  - [Land within the Easement Area which is now forested shall remain forested. ]
- [Reserved Rights Grantor reserves to itself, and to ]
- [General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials in accordance with generally accepted forest conservation practices. ]
- [Enforcement  The Grantee may enforce this ]
  - [If Grantee determines that Grantor, Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, such enforcing party shall give written notice to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured.  If the violating party fails to cure the violation within thirty (30) days after receipt of notice thereof from Grantee, or under circumstances where the violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury.  Grantee=s rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantor agrees that Grantee=s remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving either actual damages or the inadequacy of otherwise available legal remedies.  Grantee=s remedies described in this paragraph shall be cumulative.  Where the party alleged to be in violation disputes the allegation that violation exists, the determination as to the existence of such violation shall be made by a court of competent jurisdiction. ]
  - [Grantee=s Discretion  Enforcement of the terms ]
  - [Acts Beyond Grantor=s Control  Nothing contained ]
- [Access  No right of general access to any portion of ]
- [Costs and Liabilities; Maintenance of Premises ]
- [Amendment  This Conservation Easement may be ]
- []
- [Assignment This Easement is transferable, but ]
- [Extinguishment  If circumstances arise such as ]
- [Subsequent Transfers Grantor agrees to incorporate ]
- []
  - [All notices and written communications between the ]
  - [ Grantee shall record this instrument in timely ]
- [Termination of Rights and Obligations A party=s ]

---

CONSERVATION EASEMENT

THIS CONSERVATION EASEMENT is made this _____ day of October 2004, by CARMEN O. MCCULLOCH, having an office/address at 2 Tudor City, Apartment 4, New York, NY 10017 ("Developer"), in favor of the TOWN OF MILAN, a municipal corporation in Dutchess County, State of New York,

having offices at Wilcox Memorial Town Hall, 1415 Route 199, Milan, NY 12571 ("Grantee").

**WITNESSETH:**

WHEREAS, grantor is the owner of certain property in the Town of Milan, Dutchess County, State of New York, consisting of approximately 77.8 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on _____, ____ in Liber ___ of Deeds, Page ___, and which property is also known as "Woodland Hill Subdivision" a subdivision as shown on a subdivision map entitled "Woodland Hills" prepared by Michael A. Dalbo and last revised on August 11, 2004, 2004, which subdivision received preliminary plat approval from the Town of Milan Planning Board on _____; and

WHEREAS, the Master Plan of the Town of Milan encourages the preservation of open and undeveloped space; and

WHEREAS, Developer has offered to place certain portions of the subdivision, as described and shown on Exhibit "A" hereto as "Open Space subject to Declaration of Restrictions", under a perpetual conservation easement (the "Easement Area"); and

WHEREAS, by resolution dated _____ __, 200_ the Town Board of the Town of Milan agreed to accept this Conservation Easement; and

WHEREAS, Grantee is a municipal corporation as defined in

Section 2 of the General Municipal Law and qualified under Sections 501(c)(3) and 17(h) of the Internal Revenue Code, and a "public body", as defined in ECL 49-0303(3), qualified under the NYS Environmental Conservation Law Article 49, Sections 49-0301 et seq, to accept a conservation easement; and

WHEREAS, Grantor intends, as owner of the Easement Area, to convey to Grantee the right to preserve and protect the conservation values of the conservation area in perpetuity; and Grantee agrees, by accepting this grant, to honor the intentions of Grantor stated herein and preserve and protect in perpetuity the conservation values of the Easement Area.

NOW, THEREFORE, in consideration of the above and the mutual covenants, terms, conditions, and restrictions contained herein, and pursuant the laws of New York State and in particular ECL Article 49, Title 3, Grantor hereby voluntarily grants and conveys to Grantee a conservation easement in perpetuity over the Easement Area of the nature and character to the extent hereinafter set forth (the "Easement").

    1. <u>Purpose</u> It is the purpose of this Easement to protect

the natural forested and open space condition of the Easement Area.

             2. <u>Rights of Grantee</u>  To accomplish the purpose of this

  3.

easement, the following rights, but not obligations, are conveyed to Grantee and its authorized agents, by this Easement:

        A. To preserve and protect the open space and forested character of the Easement Area pursuant to values identified in the Town's master plan.

        B. In accordance with ECL 49-0305(6), to enter upon the easement area at reasonable times in order to inspect the Easement Area to monitor Grantor's compliance with and otherwise assure compliance with the terms of this Easement, it being anticipated that the easement may be inspected once per year, provided that such entry shall be upon prior reasonable notice to Grantor, and Grantor shall not unreasonably interfere with Grantor's use and

quiet enjoyment of the Easement Area; and

C. To prevent any activity on, or use of, the Easement Area that is inconsistent with the purpose of this Easement and to require the restoration of areas or features of the Easement Area that may have been damaged by any inconsistent activity or use.

4. <u>Prohibited Uses</u> The following activities and uses are deemed inconsistent with the purposes of the Easement, and are prohibited:

A. There shall be no industrial or commercial use of the land. There shall be no further subdivision of the property burdened by this Easement.

B. No structures shall be placed on the land within the Easement Area.

C. There shall be no alteration of natural wetland areas.

D. Land within the Easement Area which is now forested shall remain forested.

5. <u>Reserved Rights</u> Grantor reserves to itself, and to its successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this easement; the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

A. Horticultural and managed forest land, equestrian, passive recreational and open space uses. This shall include, without limitation, passive recreational use such as private trail walking, nature viewing and similar activities.

B. General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials in accordance with generally accepted forest conservation practices.

5. <u>Enforcement</u> The Grantee may enforce this conservation easement against any violating party, in law or equity pursuant to the provisions of Article 49 of the Environmental Conservation law against any or all owners of the property forming the Easement Area, or any part thereof.

A. If Grantee determines that Grantor, Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, such enforcing party shall give written notice to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured. If the violating party fails to cure the violation within thirty (30) days after receipt of notice thereof from Grantee, or under circumstances where the violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such

violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury. Grantee's rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantor agrees that Grantee's remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving either actual damages or the inadequacy of otherwise available legal remedies. Grantee's remedies described in this paragraph shall be cumulative. Where the party alleged to be in violation disputes the allegation that violation exists, the determination as to the existence of such violation shall be made be a court of competent jurisdiction.

B. Grantee's Discretion Enforcement of the terms

of this Easement shall be at the discretion of the

Grantee, and any forbearance by Grantee to

exercise its rights under this Easement in the event of any breach of any term of this Easement by Grantor shall not be deemed or construed to be a waiver by Grantee of such terms or of any subsequent breach of the same or any other term of this Easement of any of Grantee's rights under this Easement.

C. Acts Beyond Grantor's Control     Nothing contained

herein shall be construed to entitle Grantee to bring any action against Grantor for any injury to or change in the Easement Area resulting from causes beyond Grantor's control, including, without limitation, fire, flood, storm and earth movement, from any prudent action taken by Grantor under emergency conditions to prevent, abate or mitigate significant injury to the Easement Area resulting from such causes.

6. Access   No right of general access to any portion of

the Easement Area is conveyed by this Easement.

7. Costs and Liabilities; Maintenance of Premises

Grantor retains all responsibilities and shall bear all costs and liabilities of any kind related to the ownership, operation, upkeep, and maintenance of the Easement Area. Grantor retains this obligation to pay taxes and shall pay taxes assessed and levied on the Easement Area, but this shall not be construed as impairing the rights of any party to challenge the assessment of property pursuant to law.

8. Amendment   This Conservation Easement may be

9.

amended only with the written consent of Grantee and all the then owners of the Easement Area. Any such amendment shall be consistent with the basic purpose of this Conservation Easement, and shall comply with Article 49, Title 3 of the Environmental Conservation Law, Section 170 of the Internal Revenue Code and all applicable regulations.

10. Assignment   This Easement is transferable, but

Grantee may only assign its rights and obligations under this Easement to a qualified organization, at the time of the transfer, under Section 170(h) of the Internal Revenue Code of 1954, as amended, and the applicable regulations promulgated thereunder, and authorized to acquire and hold conservation easements under Article 49 of the New York State Environmental Law.

11. Extinguishment   If circumstances arise such as

render the purpose of this Easement impossible to accomplish, this Easement can only be terminated or extinguished, whether in whole or in part, in accordance with the provisions of ECL 49-0307.

12. Subsequent Transfers   Grantor agrees to incorporate

13.

the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in all or a portion of the Easement Area, including, without limitation, a leasehold interest. The failure of Grantor to perform any act required by this paragraph shall not impair the validity of this Easement or limit its enforceability in any way.

12. MISCELLANEOUS MATTERS.

(a) Nothing in this Agreement, express or implied, is intended to confer upon any third-party any rights or remedies under or by reason of this Agreement. Each party represents that it is entering into this transaction as principal for its own account and not as an agent for any other party.

(b) This Agreement is deemed to be a contract entered into and shall be interpreted under the laws of the State of New York, except the provisions thereof pertaining to the conflicts of laws. Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of ECL Article 49. If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it invalid.

(c) Each party will, at any time and from time to time, at the request of any other party, make, execute, acknowledge and deliver, or cause to be done, all such further acts, deeds or other documents as may reasonably be necessary or appropriate to carry out the provisions of this Conservation Easement, or which are necessary to qualify this instrument as a conservation easement under ECL Article 49, Title 3 or any regulations promulgated pursuant thereto.

(d) This Agreement, together with the terms and conditions in effect from time to time, constitutes the entire agreement of the parties as to the subject matter hereof, supersedes all prior understandings (whether written or oral) and may not be amended or modified except by a written document signed by both parties and stating that it is intended to amend this Agreement.

(e) Each party represents to the other party that it has the power and authority to execute, deliver and perform this Agreement, that all actions necessary to authorize the execution, delivery and performance of this Agreement have been duly taken, that it has duly executed and delivered this Agreement and that this Agreement is legal, valid and binding on it, and enforceable against it, in accordance with its terms.

(f) The parties understand that the Supreme Court, Dutchess County, New York, shall have exclusive jurisdiction of any disputes arising therefrom and that all disputes shall be tried before the Court without a jury.

g. All notices and written communications between the

parties concerning this Agreement, shall be deemed to have been delivered upon receipt or refusal of delivery to the following addresses:

If to the Town:  Supervisor

Town of Milan

Wilcox Memorial Town Hall

1415 Route 199

Milan, NY 12571

If to Grantor:  Carmen O. McCulloch

2 Tudor City

Apartment 4

New York, NY 10017

Either party may change the address to which notice is to be sent by like notice.

h. Grantee shall record this instrument in timely

fashion in the office of the Dutchess County Clerk.

i. Termination of Righs and Obligations A party's

rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

TOWN OF MILAN

By_____

Supervisor

_____

Carmen O. McCulloch

STATE OF NEW YORK, COUNTY OF DUTCHESS ) ss.:

On the ____ day of _____, 2004 before me, the undersigned, a notary public in and for said state, personally appeared CARMEN O. MCCULLOCH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

NOTARY PUBLIC


STATE OF NEW YORK, COUNTY OF DUTCHESS ) ss.:

On the ____ day of _____, 2004, before me, the undersigned, a notary public in and for said state, personally appeared VAN TALMADGE, SUPERVISOR, TOWN OF MILAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

NOTARY PUBLIC

K:\WPDOCS\Milan, Town of (9725)\Conservation easement\conservation easement form.wpd