**EXHIBIT H**

### CONSERVATION EASEMENT

**THIS CONSERVATION EASEMENT** is made this _____ day of August, 2005, by Carmen O. McCulloch, having an office/address at 2 Tudor City, Apartment 4, New York, NY 10017 ("Grantor"), in favor of the TOWN OF MILAN, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 20 Wilcox Circle, Milan, NY 12571 ("Grantee").

### WITNESSETH:

**WHEREAS,** Grantor is the sole owner in fee simple of certain property situated on Willowbrook Road in the Town of Milan, Dutchess County, State of New York, consisting of approximately 35.216 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on _____ __, 200_ as Document No. __ 200_ ____, and which property is also known as "Woodland Hills Subdivision" as shown on a subdivision plat map prepared by Povall Engineering, LLC and last revised on May 16, 2005, which final subdivision plat received conditional final approval from the Town of Milan Planning Board on June 29, 2005, which map was filed on _____, 2005 in the Dutchess County Clerk's Office, as filed map number _____; and

**WHEREAS,** the Master Plan of the Town of Milan and the Greenway Compact, which was adopted by the Town of Milan on April 12, 2004, by Local Law No. 4 of 2004, encourage the preservation of open and undeveloped space forested land, perpetuation of the

1

Town's rural character and atmosphere, and protection against
erosion and deforestation; and

   **WHEREAS**, in 1988, the Dutchess County Legislature adopted
the County Master Plan*, Directions*, which, in Policy 5.19,
advocates preservation of steep slopes and ridgelines and, in
Policy 5.24, encourages the preservation of woodland "greenbelt"
corridors through communities to provide recreational space,
wildlife habitat, natural buffers and aquifer protection; and

   **WHEREAS**, Grantor desires to grant to Grantee a Conservation
Easement, and Grantee desires to accept the aforesaid Easement;
and

   **WHEREAS**, Grantor has offered to place certain portions of
the subdivision, consisting of approximately 17.755 acres, as
described in Exhibit "A" attached hereto (the "Easement Area")
and shown on a "Woodland Hills Subdivision Layout and Easement
Plan" map prepared by Povall Engineering, LLC and last revised on
May 16, 2005, which final subdivision plat received conditional
final approval from the Town of Milan Planning Board on June 29,
2005, under a perpetual Conservation Easement; and

   **WHEREAS**, by resolution dated August 8, 2005 the Town Board
of the Town of Milan agreed to accept this Conservation Easement;
and

   **WHEREAS**, Grantee is a municipal corporation as defined in
Section 2 of the General Municipal Law, and a "public body", as

defined in the New York State Environmental Conservation Law ("ECL") §49-0303(3), and qualified under ECL §§49-0301 et seq., to accept a Conservation Easement; and

**WHEREAS**, the Grantor intends that the conservation values of the property be preserved and maintained by the continuation of existing land use patterns, including without limitation those land use patterns relating to recreational activities and natural, scenic values existing at the time of this grant which do not significantly impair or interfere with those values; and

**WHEREAS**, Grantor intends, as owner of the Easement Area, to convey to Grantee the right to preserve, and protect, and enforce the conservation values of the Easement Area in perpetuity; and Grantee agrees, by accepting this grant, to honor the intentions of Grantor stated herein and to preserve and protect in perpetuity the conservation values of the Easement Area.

**NOW, THEREFORE,** in consideration of the above and the mutual covenants, terms, conditions, and restrictions contained herein, and pursuant the laws of New York State and in particular ECL Article 49, Title 3, General Municipal Law §247, and §200-39 of the Town of Milan Code ("Milan Code"), Grantor hereby voluntarily grants, transfers, and conveys by gift to Grantee a Conservation Easement in perpetuity over the Easement Area of the nature and character to the extent hereinafter set forth ("Easement").

1.    Purpose. It is the purpose of this Easement to protect

3

the natural and open space condition and preserve the forested character of the Easement Area, and to prevent damage to sloped areas from excessive or clear cutting.

2.    <u>Rights of Grantee.</u>    To accomplish the purpose of thisEasement, the following rights, but not obligations, are conveyed to Grantee and its authorized agents, by this Easement:

(A)    To preserve, protect, and enforce the conservation values of the Easement Area.

(B)    In accordance with ECL §49-0305(6), to enter upon the Easement area, gaining access through Lots 1, 2, 3, 4, 5, and 6 at reasonable times to perform routine and periodic inspections of the Easement Area in a reasonable manner to monitor Grantor's compliance with and otherwise assure compliance with the terms of this Easement, it being anticipated that the Easement Area may be inspected at least once per year, provided that such entry shall be upon prior reasonable notice to Grantor, and Grantee shall not unreasonably interfere with Grantor's use and quiet enjoyment of the Easement Area.  Grantee shall have the right to delegate its inspection responsibilities from time to time as Grantee determines is appropriate and necessary.  Grantee shall notify Grantor in writing by certified U.S. Mail, return

4

receipt requested, if Grantee delegates its

inspection responsibilities; and

(C)   To prevent any activity on, or use of, the

Easement Area that is inconsistent with the

purpose of this Easement and to require the

restoration of such areas or features of the

Easement Area that may have been damaged by any

inconsistent activity or use.

3.   <u>Prohibited Uses.</u>   The following activities and uses

are deemed inconsistent with the purposes of the Easement, and

are prohibited:

(A)   There shall be <u>no industrial</u> or commercial use of

the land.  There shall be no further subdivision

of the Easement Area.

(B)   <u>No buildings,</u> mobile homes, motor vehicles,

advertising signs, billboards or other advertising

materials, man-made objects or other structures

shall be placed or constructed within the Easement

Area as described in Exhibit "A".

(C)   There shall be no alteration of natural wetland

areas, except for drainage facilities which are

not detrimental to water purity and which are

approved by Grantee or its designee.

(D)   There will be no manipulation or alteration of

watercourses, lakeshores, wetlands or other water

5

bodies within the Conservation Easement which are
detrimental to water purity.

(E)    In accordance with the Town of Milan Code §200-
39(A)(1)(b)(1), there shall be no clearing of
woodland except as necessary to create trails and
passive recreation facilities, to maintain scenic
viewsheds identified by the Town as important
aesthetic resources, and to install subsurface
sewage disposal systems.  The determination of
necessity shall lie with the Town of Milan
Planning Board (the "Planning Board").

(F)    There will be no filling, excavating, mining or
drilling, removal of topsoil, sand, gravel, rock,
minerals or other materials nor any change in the
topography of the land in the Easement Area except
as otherwise provided for herein.

(G)    No pesticide, herbicide, or other chemical
treatment for land, vegetation, or animals shall
be used on the Easement Area unless its use is
legal and in accordance with all applicable laws
and regulations and the manufacturer's directions.

(H)    No dumping or release of chemicals, non-composted
organic waste, sewage, solid waste, scrap
materials, sediment discharge, oil and its by-
products, leached compounds, toxic fumes or other

6

unsightly, hazardous, or offensive materials shall
be allowed on the Easement Area.

(I)  There will be no use of rifle ranges, motorized
vehicles, such as snowmobiles and off-road
recreational vehicles upon the Conservation
Easement Area except to provide access to all
parts of Grantor's property for normal management,
security, or emergencies purposes as deemed
necessary by Grantor.

(J)  Any activity or condition that significantly
impairs or interferes with the conservation values
of this Easement or that impairs or interferes
with the Grantor's intention to confine the use of
the property to such activities that preserve the
natural and scenic values of the property and
maintain existing land use patterns consistent
with these values shall be prohibited.

   4.  <u>Reserved Rights.</u>    Grantor reserves to itself, and to
its successors and assigns, all rights accruing from ownership
of the Property, including the right to sell, transfer, lease,
mortgage or otherwise encumber the Property, subject to this
Easement; the right to engage in, or permit others to engage in,
all uses of the Property that are not expressly prohibited
herein and are not inconsistent with the purpose of the
Easement; and including the unqualified right to exclude others

7

from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

    (A)   Agricultural, horticultural, managed forest land, equestrian, passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

       This shall include, without limitation, the raising of agricultural and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private trail walking, nature viewing and similar activities, and educational activities relating to the above. The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial" use of the property in violation of paragraph A3"

8

above.  Specifically excluded, however, in accordance with Town of Milan Code §200-39(A)(1)(b)(2), are concentrated animal feeding operations ("CAFO's") as defined by the U.S. Environmental Protection Agency, or commercial livestock operations involving swine, poultry, mink, rallies and other animals likely to produce highly offensive odors.

(B)    General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials only in accordance with generally accepted forest conservation practices but no living tree with a diameter in excess of five (5) inches diameter at breast height measured from the down slope side may be cut without permission of Grantee, except trees may be removed which endanger public safety, are diseased, damaged or fallen, or need to be cleared to ensure the health of other trees.  All clearing of trees and vegetation shall be conducted in conformity with sound land and forest management practices to minimize erosion and adverse impacts on natural resources.

(C)    In accordance with ECL §49-0305(3)(b), this Easement shall not limit, restrict or modify the

9

right to construct, operate or continue the use of

any facility, or impede any activity, duly

authorized under the applicable provisions of the

federal natural gas act (15 U.S.C. §§717-717 w.)

5.   <u>Enforcement.</u>   The Grantee may enforce this Conservation

Easement against any violating party, in law or equity pursuant

to the provisions of Article 49 of the ECL and Milan Code §200-

39(b)(4).

(A)  If Grantee determines that Grantor, its Tenants,

or any of its successors or assigns, is in

violation of this Easement or that a violation is

threatened, Grantee shall give written notice by

certified U.S. Mail, return receipt requested, to

the violating party of such violation and demand

corrective action sufficient to cure the violation

and, where the violation involves injury to the

Easement Area resulting from a use or activity

inconsistent with the purpose of this Easement, to

restore the portion of the Easement Area so

injured.  If the violating party fails to cure the

violation within thirty (30) days after service of

notice thereof from Grantee, or under

circumstances where the violation cannot be

reasonably cured within a thirty (30) day period,

fails to begin curing such violation within the

10

thirty (30) day period, or fails to continue
diligently to cure such violation until finally
cured, Grantee may bring an action at law or in
equity in a court of competent jurisdiction to
enforce the terms of this Easement, to enjoin the
violation, by temporary or permanent injunction,
to recover any damages, including recovery of
reasonable costs and attorneys fees, to which it
may be entitled for violation of the terms of this
Easement, which damages shall be applied to defray
the cost of undertaking corrective action within
the Easement Area, and to otherwise require the
restoration of the Easement Area to the condition
that existed prior to any such injury. Grantee's
rights under this paragraph apply equally in the
event of either actual or threatened violations of
the terms of this Easement, and Grantor agrees
that Grantee's remedies at law for any violation
of the terms of this Easement are inadequate and
that Grantee shall be entitled to the injunctive
relief described in this paragraph, both
prohibitive and mandatory, in addition to such
other relief to which Grantee may be entitled,
including specific performance of the terms of
this Easement, without the necessity of proving

either actual damages or the inadequacy of
otherwise available legal remedies.  Grantee's
remedies described in this paragraph shall be
cumulative.  Where the party alleged to be in
violation disputes the allegation that
violation(s) exist, the determination as to the
existence of such violation(s) shall be made by a
court of competent jurisdiction.

(B)  Grantee's Discretion.    Enforcement of the terms
of this Easement shall be at the discretion of the
Grantee, and any forbearance by Grantee to
exercise its rights under this Easement in the
event of any breach of any term of this Easement
by Grantor shall not be deemed or construed to be
a waiver by Grantee of such terms or of any
subsequent breach of the same or any other term of
this Easement or any of Grantee's rights under
this Easement.

(C)  Acts Beyond Grantor's Control.  Nothing contained
herein shall be construed to entitle Grantee to
bring any action against Grantor for any injury to
or change in the Easement Area resulting from
causes beyond Grantor's control, including,
without limitation, natural fire, flood, storm and
earth movement, or from any prudent action taken

12

by Grantor under emergency conditions to prevent,
abate or mitigate significant injury to the
Easement Area resulting from such causes.

6.   Access.   No right of general access by the public to
any portion of the Easement Area is conveyed by this Easement.

7.   Costs and Liabilities; Maintenance of Premises.
Grantor retains all responsibilities and shall bear all costs and
liabilities of any kind related to the ownership, operation,
upkeep, and maintenance of the Easement Area.  Grantor retains
the obligation to pay taxes and shall pay taxes assessed and
levied on the Easement Area, but this shall not be construed as
impairing the rights of any party to challenge the assessment of
property pursuant to law.  Grantor shall maintain adequate
general liability insurance for the property covering the
Easement Area.

8.   Amendment.  This Easement may be amended only with
the written consent of Grantee, its successors or assigns,
Grantor its successors or assigns and all the owners of the
Easement Area. Any such amendment shall be done so by written
instrument executed by the Grantor and Grantee or such parties'
successors or assigns and recorded by the Grantee in the land
records of Dutchess County, New York.  Payment of any recording
fees shall be the responsibility of the Grantor, its successors
or assigns.  Any amendments or modifications to this Easement
shall be consistent with the basic purpose of this Easement, and

13

shall comply with Article 49, Title 3 of the ECL, Section 170 of the Internal Revenue Code and all applicable laws and regulations.

9.  <u>Assignment.</u>    This Easement is transferable, but Grantee may only assign its rights and obligations under this Easement to a qualified organization, at the time of the transfer, under Section 170(h) of the Internal Revenue Code of 1954, as amended, and the applicable regulations promulgated thereunder, and authorized to acquire and hold conservation easements under Article 49 of the ECL.

10.  <u>Extinguishment.</u>    If circumstances arise such as to render the purpose of this Easement impossible to accomplish, this Easement can only be terminated or extinguished, whether in whole or in part, in accordance with the provisions of ECL §49-0307.

11.  <u>Subsequent Transfers.</u>    Grantor agrees to incorporate the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in all or a portion of the Easement Area, including, without limitation, a leasehold interest.  The failure of Grantor to perform any act required by this paragraph shall not impair the validity of this Easement or limit its enforceability in any way.  The Grantor, its successors or assigns, shall notify the Grantee, its successors or assigns, of any such conveyance in writing by certified U.S. mail, return receipt requested, at least thirty (30) days before any sale,

14

transfer or conveyance.

12. <u>Reverter.</u>  In accordance with the Town of Milan Code §200-39(A)(1)(a)(2), in the event that the Grantee becomes unwilling or unable to continue carrying out its functions, this Easement shall, at the Grantee's option, revert back to the Grantor.  The Grantee shall notify the Grantor, its successors or assigns of its intent for the Easement to revert back to the Grantor.  Grantor and Grantee hereby agree to execute, within sixty days of delivery of said written notice, such document(s) or agreements(s) which are necessary for said reverter to take effect.  Grantee shall record said document(s) or agreement(s) in the land records of Dutchess County, New York.  Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

13. <u>Existing Conditions.</u>  This Conservation Easement is granted subject to any existing conditions currently shown on the "Woodland Hills Subdivision Layout & Easement Plan" map prepared by Povall Engineering, PLLC, last revised on May 16, 2005, Exhibit "A" and that which is described in Exhibit "B" (Written Description of Existing Conditions on the Easement Area), attached hereto and incorporated herein.

14. <u>Miscellaneous Matters.</u>

(A)  Nothing in this Agreement, express or implied, is intended to confer upon any third-party any rights or remedies under or by reason of this Agreement.

15

Each party represents that it is entering into this transaction as principal for its own account and not as an agent for any other party.

(B)  This Agreement is deemed to be a contract entered into and shall be interpreted under the laws of the State of New York.  Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of Article 49 of the ECL.  If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it invalid.

(C)  Each party will, at any time and from time to time, at the request of any other party, make, execute, acknowledge and deliver, or cause to be done, all such further acts, deeds or other documents as may reasonably be necessary or appropriate to carry out the provisions of this Conservation Easement, or which are necessary to qualify this instrument as a conservation easement under ECL Article 49, Title 3 or any regulations promulgated pursuant thereto.

(D)  This Agreement constitutes the entire agreement of

16

the parties as to the subject matter hereof,
supersedes all prior understandings, whether
written or oral, and may not be amended or
modified except by a written document signed by
both parties and stating that it is intended to
amend this Agreement.

(E)   Each party represents to the other party that it
has the power and authority to execute, deliver
and perform this Agreement, that all actions
necessary to authorize the execution, delivery and
performance of this Agreement have been duly
taken, that it has duly executed and delivered
this Agreement and that this Agreement is legal,
valid and binding on it, and enforceable against
it, in accordance with its terms.

(F)   This Easement shall be interpreted in accordance
with the laws of the State of New York.  The
parties agree to submit any disputes rising out of
this Easement to the Supreme Court of New York in
and for the County of Dutchess except as may
otherwise be provided by applicable statutes.  The
parties, their successors and assigns, further
agree, except as may otherwise be provided by
applicable statutes, to submit to the jurisdiction
of the Supreme Court of New York in and for the

17

County of Dutchess should either party, its

successors or assigns, submit any controversies

arising out of the Easement to that Court.

(G)  All notices and written communications between the

parties concerning this Agreement, shall be deemed

to have been served when deposited in the United

States mail, with postage prepaid thereon to

either of the parties at the following addresses:

If to the Town:              Supervisor
                             Town of Milan
                             Wilcox Memorial Town Hall
                             20 Wilcox Circle
                             Milan, NY 12571


If to Grantor:               Carmen O. McCulloch
                             2 Tudor City
                             Apartment 4
                             New York, NY 10017


Either party may change the address to which

notice is to be sent by like notice. If the

Grantor, its successors or assigns, conveys a fee

interest to all or any party of the Easement Area,

it shall notify the Grantee, its successors or

assigns, in writing by certified U.S. mail, return

receipt requested, within 10 days after the

conveyance, of the name and address of the entity

or person to whom notice should be sent under this

18

Agreement.

(H) Any reference to the Grantee in this instrument shall include the Grantee's successors or assigns unless specifically excluded. Any reference to the Grantor in this instrument shall include the Grantor's successors or assigns unless specifically excluded.

(I) Grantee shall record this instrument in timely fashion in the offices of the Dutchess County Clerk, Town Clerk and Town Tax Assessor. Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

(J) Payment for the title report prepared in connection with this Easement shall be the responsibility of the Grantor, its successors or assigns.

(K) <u>Termination of Rights and Obligations.</u> A party's rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area and such rights and obligations shall be transferred to the successor(s) and/or assign(s) in interest, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

19

TOWN OF MILAN                    Carmen O. McCulloch


By_____    By_____
        JOHN VAN TALMAGE              CARMEN O. MCCULLOCH
        Supervisor                   OWNER

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF DUTCHESS     )

        On the ____ day of _____, 2005, before me, the
undersigned, a notary public in and for said state, personally
appeared _____, personally known to me or proved to me
on the basis of satisfactory evidence to be the individual(s)
whose name(s) is (are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their
signature(s) on the instrument, the individual(s), or the person
upon behalf of which the individual(s) acted, executed the
instrument.


                              _____
                              NOTARY PUBLIC

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF DUTCHESS     )

        On the ____ day of _____, 2005, before me, the
undersigned, a notary public in and for said state, personally
appeared _____, SUPERVISOR, TOWN OF MILAN, personally
known to me or proved to me on the basis of satisfactory evidence
to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they
executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted,
executed the instrument.


                              _____
                              NOTARY PUBLIC


**Record & Return to**
Linda Murray, Esq.
Gellert & Klein, P.C.
75 Washington Street, Poughkeepsie, NY 12601