from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

(A) (Agricultural) horticultural, managed forest land, equestrian, passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

This shall include, without limitation, the raising of agricultural and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private trail walking, nature viewing and similar activities, and educational activities relating to the above. The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial" use of the property in violation of paragraph A3"

8

above. Specifically excluded, however, in accordance with Town of Milan Code §200-39(A)(1)(b)(2), are concentrated animal feeding operations ("CAFO's") as defined by the U.S. Environmental Protection Agency, or commercial livestock operations involving swine, poultry, mink, rallies and other animals likely to produce highly offensive odors.

(B) General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials only in accordance with generally accepted forest conservation practices, but no living tree with a diameter in excess of five (5) inches diameter at breast height measured from the down slope side may be cut without permission of Grantee, except trees may be removed which endanger public safety, are diseased, damaged or fallen, or need to be cleared to ensure the health of other trees. All clearing of trees and vegetation shall be conducted in conformity with sound land and forest management practices to minimize erosion and adverse impacts on natural resources.

(C) In accordance with ECL §49-0305(3)(b), this Easement shall not limit, restrict or modify the

9

right to construct, operate or continue the use of any facility, or impede any activity, duly authorized under the applicable provisions of the federal natural gas act (15 U.S.C. §§717-717 w.)

5. <u>Enforcement.</u> The Grantee may enforce this Conservation Easement against any violating party, in law or equity pursuant to the provisions of Article 49 of the ECL and Milan Code §200-39(b)(4).

  (A) If Grantee determines that Grantor, its Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, Grantee shall give written notice by certified U.S. Mail, return receipt requested, to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured. If the violating party fails to cure the violation within thirty (30) days after service of notice thereof from Grantee, or under circumstances where the violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the

10

thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable (costs) and attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury. Grantee's rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantor agrees that Grantee's remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving

either actual damages or the inadequacy of otherwise available legal remedies. Grantee's remedies described in this paragraph shall be cumulative. Where the party alleged to be in violation disputes the allegation that violation(s) exist, the determination as to the existence of such violation(s) shall be made by a court of competent jurisdiction.

(B) <u>Grantee's Discretion.</u>   Enforcement of the terms of this Easement shall be at the discretion of the Grantee, and any forbearance by Grantee to exercise its rights under this Easement in the event of any breach of any term of this Easement by Grantor shall not be deemed or construed to be a waiver by Grantee of such terms or of any subsequent breach of the same or any other term of this Easement or any of Grantee's rights under this Easement.

(C) <u>Acts Beyond Grantor's Control.</u> Nothing contained herein shall be construed to entitle Grantee to bring any action against Grantor for any injury to or change in the Easement Area resulting from causes beyond Grantor's control, including, without limitation, natural fire, flood, storm and earth movement, or from any prudent action taken

12

by Grantor under emergency conditions to prevent, abate or mitigate significant injury to the Easement Area resulting from such causes.

6. <u>Access.</u>   No right of general access by the public to any portion of the Easement Area is conveyed by this Easement.

7. <u>Costs and Liabilities; Maintenance of Premises.</u> Grantor retains all responsibilities and shall bear all costs and liabilities of any kind related to the ownership, operation, upkeep, and maintenance of the Easement Area. Grantor retains the obligation to pay taxes and shall pay taxes assessed and levied on the Easement Area, but this shall not be construed as impairing the rights of any party to challenge the assessment of property pursuant to law. (Grantor shall maintain adequate general liability insurance for the property covering the Easement Area.)

8. <u>Amendment.</u> This Easement may be amended only with the written consent of Grantee, its successors or assigns, Grantor its successors or assigns and all the owners of the Easement Area. (Any such amendment shall be done so by written instrument executed by the Grantor and Grantee or such parties' successors or assigns and recorded by the Grantee in the land records of Dutchess County, New York. Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.) Any amendments or modifications to this Easement shall be consistent with the basic purpose of this Easement, and

13

shall comply with Article 49, Title 3 of the ECL, Section 170 of the Internal Revenue Code and all applicable laws and regulations.

9. <u>Assignment.</u>  This Easement is transferable, but Grantee may only assign its rights and obligations under this Easement to a qualified organization, at the time of the transfer, under Section 170(h) of the Internal Revenue Code of 1954, as amended, and the applicable regulations promulgated thereunder, and authorized to acquire and hold conservation easements under Article 49 of the ECL.

10. <u>Extinguishment.</u>  If circumstances arise such as to render the purpose of this Easement impossible to accomplish, this Easement can only be terminated or extinguished, whether in whole or in part, in accordance with the provisions of ECL §49-0307.

11. <u>Subsequent Transfers.</u>  Grantor agrees to incorporate the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in all or a portion of the Easement Area, including, without limitation, a leasehold interest. The failure of Grantor to perform any act required by this paragraph shall not impair the validity of this Easement or limit its enforceability in any way. The Grantor, its successors or assigns, shall notify the Grantee, its successors or assigns, of any such conveyance in writing by certified U.S. mail, return receipt requested, at least thirty (30) days before any sale,

transfer or conveyance.

12. <u>Reverter.</u> In accordance with the Town of Milan Code §200-39(A)(1)(a)(2), in the event that the Grantee becomes unwilling or unable to continue carrying out its functions, this Easement shall, at the Grantee's option, revert back to the Grantor. The Grantee shall notify the Grantor, its successors or assigns of its intent for the Easement to revert back to the Grantor. Grantor and Grantee hereby agree to execute, within sixty days of delivery of said written notice, such document(s) or agreements(s) which are necessary for said reverter to take effect. Grantee shall record said document(s) or agreement(s) in the land records of Dutchess County, New York. Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

13. <u>Existing Conditions.</u> This Conservation Easement is granted subject to any existing conditions currently shown on the "Woodland Hills Subdivision Layout & Easement Plan" map prepared by Povall Engineering, PLLC, last revised on May 16, 2005, Exhibit "A" and that which is described in Exhibit "B" (Written Description of Existing Conditions on the Easement Area), attached hereto and incorporated herein.

14. <u>Miscellaneous Matters.</u>

    (A) Nothing in this Agreement, express or implied, is intended to confer upon any third-party any rights or remedies under or by reason of this Agreement.

15

        Each party represents that it is entering into this transaction as principal for its own account and not as an agent for any other party.

(B) This Agreement is deemed to be a contract entered into and shall be interpreted under the laws of the State of New York. Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of Article 49 of the ECL. If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it invalid.

(C) Each party will, at any time and from time to time, at the request of any other party, make, execute, acknowledge and deliver, or cause to be done, all such further acts, deeds or other documents as may reasonably be necessary or appropriate to carry out the provisions of this Conservation Easement, or which are necessary to qualify this instrument as a conservation easement under ECL Article 49, Title 3 or any regulations promulgated pursuant thereto.

(D) This Agreement constitutes the entire agreement of

16

the parties as to the subject matter hereof, supersedes all prior understandings, whether written or oral, and may not be amended or modified except by a written document signed by both parties and stating that it is intended to amend this Agreement.

(E) Each party represents to the other party that it has the power and authority to execute, deliver and perform this Agreement, that all actions necessary to authorize the execution, delivery and performance of this Agreement have been duly taken, that it has duly executed and delivered this Agreement and that this Agreement is legal, valid and binding on it, and enforceable against it, in accordance with its terms.

(F) This Easement shall be interpreted in accordance with the laws of the State of New York. The parties agree to submit any disputes rising out of this Easement to the Supreme Court of New York in and for the County of Dutchess except as may otherwise be provided by applicable statutes. The parties, their successors and assigns, further agree, except as may otherwise be provided by applicable statutes, to submit to the jurisdiction of the Supreme Court of New York in and for the

17

   County of Dutchess should either party, its successors or assigns, submit any controversies arising out of the Easement to that Court.

(G)  All notices and written communications between the parties concerning this Agreement, shall be deemed to have been served when deposited in the United States mail, with postage prepaid thereon to either of the parties at the following addresses:

| | |
|---|---|
| If to the Town: | Supervisor<br>Town of Milan<br>Wilcox Memorial Town Hall<br>20 Wilcox Circle<br>Milan, NY 12571 |
| If to Grantor: | Carmen O. McCulloch<br>2 Tudor City<br>Apartment 4<br>New York, NY 10017 |

Either party may change the address to which notice is to be sent by like notice. If the Grantor, its successors or assigns, conveys a fee interest to all or any party of the Easement Area, it shall notify the Grantee, its successors or assigns, in writing by certified U.S. mail, return receipt requested, within 10 days after the conveyance, of the name and address of the entity or person to whom notice should be sent under this

Agreement.

(H) Any reference to the Grantee in this instrument shall include the Grantee's successors or assigns unless specifically excluded. Any reference to the Grantor in this instrument shall include the Grantor's successors or assigns unless specifically excluded.

(I) Grantee shall record this instrument in timely fashion in the offices of the Dutchess County Clerk, Town Clerk and Town Tax Assessor. Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

(J) Payment for the title report prepared in connection with this Easement shall be the responsibility of the Grantor, its successors or assigns.

(K) <u>Termination of Rights and Obligations.</u> A party's rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area and such rights and obligations shall be transferred to the successor(s) and/or assign(s) in interest, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

19

TOWN OF MILAN                                Carmen O. McCulloch


By_____     By_____
    JOHN VAN TALMAGE                       CARMEN O. MCCULLOCH
    Supervisor                             OWNER

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

    On the ____ day of _____, 2005, before me, the
undersigned, a notary public in and for said state, personally
appeared _____, personally known to me or proved to me
on the basis of satisfactory evidence to be the individual(s)
whose name(s) is (are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their
signature(s) on the instrument, the individual(s), or the person
upon behalf of which the individual(s) acted, executed the
instrument.


                                    _____
                                    NOTARY PUBLIC

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

    On the ____ day of _____, 2005, before me, the
undersigned, a notary public in and for said state, personally
appeared _____, SUPERVISOR, TOWN OF MILAN, personally
known to me or proved to me on the basis of satisfactory evidence
to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they
executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted,
executed the instrument.


                                    _____
                                    NOTARY PUBLIC


**Record & Return to**
Linda Murray, Esq.
Gellert & Klein, P.C.
75 Washington Street, Poughkeepsie, NY 12601