**Exhibit 7**

*To Jim Nelson*
*from Ken McCulloch*

# VAN DeWATER & VAN DeWATER, LLP
## Counselors at Law

4 Garden Street
P.O. Box 112
Poughkeepsie, New York 12602
Telephone: (845) 452-5900
Fax: (845) 452-5848

---

TO: Kenneth McCulloch, Esq.

cc: Lauren Kingman - 758-3334

Janis M. Gomez Anderson (e-mail)

FAX NUMBER: 212-398-9512

FROM: James E. Nelson, Esq.

DATE: May 2, 2006

NUMBER OF PAGES INCLUDING THIS COVER SHEET:

RE: T/Milan with McCulloch

FILE NO.:

MESSAGE: Dear Ken:

Janis is working out of the office today, but I sent her your most recent letter. We will be back to you as soon as we can.

For your reference, I attach a form of Performance Bond, which we need to discuss with both you and the Town.

As far as the Conservation Easement is concerned, I should point out that your early discussions were with Peter Dranginis rather than Janis. As far as the substance of the document is concerned, I need to speak further with Janis but at this point we know that we need:

1. A corrected amount of acreage and map reference.
2. Provisions for points of access to the conservation areas. The easements are not worth much if we cannot reach them.
3. A reverter clause providing that if the Town is unable or unwilling to continue that the easement will revert to the grantor. The Town Code requires this.
4. We need some reasonable description of existing conditions so that there can be a baseline.
5. In the reference to the terms and conditions the "from time to time" language needs to be deleted.
6. The grantor will need to take care of recording the document.

*Handwritten annotations in left margin:*
1. We will provide
2. You can access over any of all the lots. This is not a problem.
3. ok
4. Can you make a suggestion?
5. ok.
6. We will do this.

7. The Town needs reasonable confirmation that the easement is not subordinate to any mortgage or other encumbrance. Obviously, we can discuss pre-existing utility easements.

8. Finally, there is an open issue as to whether trees in excess of those which were discussed with the Planning Board were removed, and what type of restoration should be effected.

I will call you as soon as I can.

Regards, Jim Nelson

Original Documents Were:
- ☐ forwarded Regular Mail
- ☐ forwarded Next Day Service
- ☐ forwarded Certified Mail
- ☒ not mailed, Faxed only

**IF YOU DO NOT RECEIVE THE CORRECT NUMBER OF PAGES OR IF THIS TRANSMITTAL IS NOT CLEAR, PLEASE CALL (845) 452-5900.**

This message is intended only for the use of the individual or entity for which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are neither the intended recipient nor the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please return the original to the sender.

---

7. Jim, on this most deeds provide that title is subject to any easements of record, including this one.

8. Jim, I did not know that there was an "open issue" on whether trees in excess of those discussed were cut. Last fall there was "an issue", but I thought Lawson understood. We were told by the Highway Dept & by Central Hudson that we had to cut trees along Wallbrook Rd. Lawson + the Highway Superintendent + our engineers + I all were together. We were told to grade back the slope + seed. We did that. There is now better sight distance for everyone on that curve. It is safer. I hope they don't want us to plant trees there. Also, it is not in the Conservation Easement area.

[margin note: Those trees are the only trees cut.]