**Exhibit 8a**

CONSERVATION EASEMENT

**THIS CONSERVATION EASEMENT** is made this _____ day of _____ 2006, by **CARMEN O. MCCULLOCH**, having an office/address at 2 Tudor City, Apartment 4, New York, NY 10017("Grantor"), in favor of the **TOWN OF MILAN**, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 1415 Route 199, Milan, NY 12571 ("Grantee").

WITNESSETH:

**WHEREAS,** grantor is the owner of certain property in the Town of Milan, Dutchess County, State of New York, consisting of approximately 35.216 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on March 261, 2004, as Document # 02 2004 3996, and which property is also known as "Woodland Hill Subdivision" a subdivision as shown on a subdivision map entitled "Woodland Hills" prepared by Povall Engineering and last revised on May 16, 2005, which subdivision received preliminary plat approval from the Town of Milan Planning Board on June 29, 2005, which map was filed on _____, 2006 in the Dutchess County Clerk's Office as filed map number _____; and

**WHEREAS,** the Master Plan of the Town of Milan encourages the preservation of open and undeveloped space; and

**WHEREAS,** Grantor has offered to place certain portions of the subdivision, as described and shown on Exhibit "A" hereto as

"Open Space Subject to Declaration of Restrictions", and as further described by metes and bounds on Exhibit "B" hereto under a perpetual conservation easement (the "Easement Area"); and

**WHEREAS**, by resolution dated _____ \_\_, 2004 the Town Board of the Town of Milan agreed to accept this Conservation Easement; and

**WHEREAS**, Grantee is a municipal corporation as defined in Section 2 of the General Municipal Law and qualified under Sections 501(c)(3) and 17(h) of the Internal Revenue Code, and a "public body", as defined in ECL 49-0303(3), qualified under the NYS Environmental Conservation Law Article 49, Sections 49-0301 et seq, to accept a conservation easement; and

**WHEREAS**, Grantor intends, as owner of the Easement Area, to convey to Grantee the right to preserve and protect the conservation values of the conservation area in perpetuity; and Grantee agrees, by accepting this grant, to honor the intentions of Grantor stated herein and preserve and protect in perpetuity the conservation values of the Easement Area.

**NOW, THEREFORE,** in consideration of the above and the mutual covenants, terms, conditions, and restrictions contained herein, and pursuant the laws of New York State and in particular ECL Article 49, Title 3, Grantor hereby grants and conveys to Grantee a conservation easement in perpetuity over the Easement Area of the nature and character to the extent hereinafter set forth (the "Easement").

1. <u>Purpose</u> It is the purpose of this Easement to protect the natural forested and open space condition of the Easement Area.

2. <u>Rights of Grantee</u>  To accomplish the purpose of this easement, the following rights, but not obligations, are conveyed to Grantee and its authorized agents, by this Easement:

   (A) To preserve and protect the open space and forested character of the Easement Area pursuant to values identified in the Town's master plan.

   (B) In accordance with ECL 49-0305(6), to enter upon the easement area at reasonable times in order to inspect the Easement Area, gaining access through Lots 1, 2, 3, 4, 5, and 6, to monitor Grantor's compliance with and otherwise assure compliance with the terms of this Easement, it being anticipated that the easement may be inspected once per year, provided that such entry shall be upon prior reasonable notice to Grantor, and Grantor shall not unreasonably interfere with Grantor's use and quiet enjoyment of the Easement Area.  Grantee shall have the right to delegate its inspection responsibilities from time to time as Grantee determines is appropriate and necessary.  Grantee shall notify Grantor in writing by certified U.S. Mail, return receipt

           requested, if Grantee delegates its inspection responsibilities; and

    (C)    To prevent any activity on, or use of, the Easement Area that is inconsistent with the purpose of this Easement and to require the restoration of areas or features of the Easement Area that may have been damaged by any inconsistent activity or use.

3.    <u>Prohibited Uses</u>    The following activities and uses are deemed inconsistent with the purposes of the Easement, and are prohibited:

    (A)    There shall be no industrial or commercial use of the land. There shall be no further subdivision of the property burdened by this Easement.

    (B)    No structures shall be placed on the land within the Easement Area.

    (C)    There shall be no alteration of natural wetland areas.

    (D)    Land within the Easement Area which is now forested shall remain forested.

    (E)    As provided for in the Town of Milan Code provisions dealing with conservation easements, there will be no use of rifle ranges or motorized vehicles, such as snowmobiles and off-road recreational vehicles, upon the Conservation

Easement Area except to provide access to all parts of Grantor's property for normal management, security, or emergencies purposes as deemed necessary by Grantor.

4. <u>Reserved Rights</u>   Grantor reserves to itself, and to its successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this easement; the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

> A. Horticultural and managed forest land, equestrian, passive recreational and open space uses. This shall include, without limitation, passive recreational use such as private trail walking, nature viewing and similar activities.

  B. General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials in accordance with generally accepted forest conservation practices.

5. <u>Enforcement</u> The Grantee may enforce this conservation easement against any violating party, in law or equity pursuant to the provisions of Article 49 of the Environmental Conservation law against any or all owners of the property forming the Easement Area, or any part thereof.

  A. If Grantee determines that Grantor, Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, such enforcing party shall give written notice by certified U.S. Mail, return receipt requested, to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured. If the violating party fails to cure the violation within thirty (30) days after receipt of notice thereof from Grantee, or under circumstances where the

violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury.  Grantee's rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantor agrees that Grantee's remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to