**Exhibit 8b**

Case 1:07-cv-09780-LAP-RLE    Document 61-17    Filed 03/13/2008    Page 1 of 16

CONSERVATION EASEMENT

**THIS CONSERVATION EASEMENT** is made this _____ day of _____ 2006, by **CARMEN O. MCCULLOCH**, having an office/address at 2 Tudor City, Apartment 4, New York, NY 10017("~~Developer~~Grantor"), in favor of the **TOWN OF MILAN**, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 1415 Route 199, Milan, NY 12571 ("Grantee").

WITNESSETH:

**WHEREAS,** grantor is the owner of certain property in the Town of Milan, Dutchess County, State of New York, consisting of approximately ~~77.8~~35.216 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on March 261, 2004, as Document # 02 2004 3996, and which property is also known as "Woodland Hill Subdivision" a subdivision as shown on a subdivision map entitled "Woodland Hills" prepared by Povall Engineering and last revised on May 16, 2005, which subdivision received preliminary plat approval from the Town of Milan Planning Board on June 29, 2005, which map was filed on _____, 2006 in the Dutchess County Clerk's Office as filed map number _____; and

**WHEREAS,** the Master Plan of the Town of Milan encourages the preservation of open and undeveloped space; and

**WHEREAS,** Grantor has offered to place certain portions of the subdivision, as described and shown on Exhibit "A" hereto as

"Open Space Subject to Declaration of Restrictions", <u>and as further described by metes and bounds on Exhibit "B" hereto under a perpetual conservation easement (the "Easement Area")</u>; and

**WHEREAS**, by resolution dated _____ \_\_, 2004 the Town Board of the Town of Milan agreed to accept this Conservation Easement; and

**WHEREAS**, Grantee is a municipal corporation as defined in Section 2 of the General Municipal Law and qualified under Sections 501(c)(3) and 17(h) of the Internal Revenue Code, and a "public body", as defined in ECL 49-0303(3), qualified under the NYS Environmental Conservation Law Article 49, Sections 49-0301 et seq, to accept a conservation easement; and

**WHEREAS**, ~~Developer~~ Grantor intends, as owner of the Easement Area, to convey to Grantee the right to preserve and protect the conservation values of the conservation area in perpetuity; and Grantee agrees, by accepting this grant, to honor the intentions of Grantor stated herein and preserve and protect in perpetuity the conservation values of the Easement Area.

**NOW, THEREFORE,** in consideration of the above and the mutual covenants, terms, conditions, and restrictions contained herein, and pursuant the laws of New York State and in particular ECL Article 49, Title 3, Grantor hereby ~~voluntarily~~ grants and conveys to Grantee a conservation easement in perpetuity over the Easement Area of the nature and character to the extent hereinafter set forth (the "Easement").

1. <u>Purpose</u>  It is the purpose of this Easement to protect the natural forested and open space condition of the Easement Area.

2. <u>Rights of Grantee</u>  To accomplish the purpose of this easement, the following rights, but not obligations, are conveyed to Grantee and its authorized agents, by this Easement:

   (A) To preserve and protect the open space and forested character of the Easement Area pursuant to values identified in the Town's master plan.

   (B) In accordance with ECL 49-0305(6), to enter upon the easement area at reasonable times in order to inspect the Easement Area, <u>gaining access through Lots 1, 2, 3, 4, 5, and 6,</u> to monitor Grantor's compliance with and otherwise assure compliance with the terms of this Easement, it being anticipated that the easement may be inspected once per year, provided that such entry shall be upon prior reasonable notice to Grantor, and Grantor shall not unreasonably interfere with Grantor's use and quiet enjoyment of the Easement Area.  <u>Grantee shall have the right to delegate its inspection responsibilities from time to time as Grantee determines is appropriate and necessary.  Grantee shall notify Grantor in writing by certified U.S. Mail, return receipt</u>

<u>requested, if Grantee delegates its inspection responsibilities</u>; and

(C) To prevent any activity on, or use of, the Easement Area that is inconsistent with the purpose of this Easement and to require the restoration of areas or features of the Easement Area that may have been damaged by any inconsistent activity or use.

3. <u>Prohibited Uses</u>   The following activities and uses are deemed inconsistent with the purposes of the Easement, and are prohibited:

(A) There shall be no industrial or commercial use of the land.  There shall be no further subdivision of the property burdened by this Easement.

(B) No structures shall be placed on the land within the Easement Area.

(C) There shall be no alteration of natural wetland areas.

(D) Land within the Easement Area which is now forested shall remain forested.

(E) <u>As provided for in the Town of Milan Code provisions dealing with conservation easements, there will be no use of rifle ranges or motorized vehicles, such as snowmobiles and off-road recreational vehicles, upon the Conservation</u>

<u>Easement Area except to provide access to all parts of Grantor's property for normal management, security, or emergencies purposes as deemed necessary by Grantor.</u>

4.   Reserved Rights   Grantor reserves to itself, and to its successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this easement; the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantor in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantor, its heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this easement are the rights and privileges described below, which are reserved to the Grantor, together with the right to grant the same or similar non-exclusive rights to others:

   A.   Horticultural and managed forest land, equestrian, passive recreational and open space uses.  This shall include, without limitation, passive recreational use such as private trail walking, nature viewing and similar activities.

    B.    General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials in accordance with generally accepted forest conservation practices.

5.    <u>Enforcement</u>    The Grantee may enforce this conservation easement against any violating party, in law or equity pursuant to the provisions of Article 49 of the Environmental Conservation law against any or all owners of the property forming the Easement Area, or any part thereof.

    A.    If Grantee determines that Grantor, Tenants, or any of its successors or assigns, is in violation of this Easement or that a violation is threatened, such enforcing party shall give written notice <u>by certified U.S. Mail, return receipt requested,</u> to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured.  If the violating party fails to cure the violation within thirty (30) days after receipt of notice thereof from Grantee, or under circumstances where the

violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages, including recovery of reasonable attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury.  Grantee's rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantor agrees that Grantee's remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to

which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving either actual damages or the inadequacy of otherwise available legal remedies. Grantee's remedies described in this paragraph shall be cumulative. Where the party alleged to be in violation disputes the allegation that violation exists, the determination as to the existence of such violation shall be made be a court of competent jurisdiction.

B.  <u>Grantee's Discretion</u>  Enforcement of the terms of this Easement shall be at the discretion of the Grantee, and any forbearance by Grantee to exercise its rights under this Easement in the event of any breach of any term of this Easement by Grantor shall not be deemed or construed to be a waiver by Grantee of such terms or of any subsequent breach of the same or any other term of this Easement of any of Grantee's rights under this Easement.

C.  <u>Acts Beyond Grantor's Control</u>   Nothing contained herein shall be construed to entitle Grantee to bring any action against Grantor for any injury to or change in the Easement Area resulting from causes beyond Grantor's control, including, without limitation, fire, flood, storm and earth movement, from

any prudent action taken by Grantor under emergency conditions to prevent, abate or mitigate significant injury to the Easement Area resulting from such causes.

   6.   <u>Access</u>     No right of general access to any portion of the Easement Area is conveyed by this Easement.

   7.   <u>Costs and Liabilities; Maintenance of Premises</u>
Grantor retains all responsibilities and shall bear all costs and liabilities of any kind related to the ownership, operation, upkeep, and maintenance of the Easement Area.  Grantor retains ~~this~~ the obligation to pay taxes and shall pay taxes assessed and levied on the Easement Area, but this shall not be construed as impairing the rights of any party to challenge the assessment of property pursuant to law.

   8.   <u>Amendment</u>    This Conservation Easement may be amended only with the written consent of Grantee and all the then owners of the Easement Area.  Any such amendment shall be consistent with the basic purpose of this Conservation Easement, and shall comply with Article 49, Title 3 of the Environmental Conservation Law, Section 170 of the Internal Revenue Code and all applicable regulations.

   9.   <u>Assignment</u>    This Easement is transferable, but
     Grantee may only assign its rights and obligations under this Easement to a qualified organization, at the time of the transfer, under Section 170(h) of the Internal Revenue Code of 1954, as amended, and the applicable regulations promulgated

thereunder, and authorized to acquire and hold conservation easements under Article 49 of the New York State Environmental Law.

10. <u>Extinguishment</u>   If circumstances arise such as render the purpose of this Easement impossible to accomplish, this Easement can only be terminated or extinguished, whether in whole or in part, in accordance with the provisions of ECL 49-0307.

11. <u>Subsequent Transfers</u>   Grantor agrees to incorporate the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in all or a portion of the Easement Area, including, without limitation, a leasehold interest. The failure of Grantor to perform any act required by this paragraph shall not impair the validity of this Easement or limit its enforceability in any way.

12. <u>Reverter.  In accordance with the Town of Milan Code §200-39(A)(1)(a)(2), in the event that the Grantee becomes unwilling or unable to continue carrying out its functions, this Easement shall, at the Grantee's option, revert back to the Grantor.  The Grantee shall notify the Grantor, its successors or assigns of its intent for the Easement to revert back to the Grantor.  Grantor and Grantee hereby agree to execute, within sixty days of delivery of said written notice, such document(s) or agreements(s) which are necessary for said reverter to take effect.  Grantee shall record said document(s) or agreement(s) in</u>

<u>the land records of Dutchess County, New York.  Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.</u>

13.  Existing Conditions.   <u>This Conservation Easement is granted subject to any existing conditions currently shown on the "Woodland Hills Subdivision Layout & Easement Plan" map prepared by Povall Engineering, PLLC, last revised on May 16, 2005, Exhibit "A" and that which is described in Exhibit "C" (Written Description of Existing Conditions on the Easement Area), attached hereto and incorporated herein.</u>

1~~2~~<u>4</u>.  MISCELLANEOUS MATTERS.

(a)  Nothing in this Agreement, express or implied, is intended to confer upon any third-party any rights or remedies under or by reason of this Agreement.  Each party represents that it is entering into this transaction as principal for its own account and not as an agent for any other party.

(b)  This Agreement is deemed to be a contract entered into and shall be interpreted under the laws of the State of New York, except the provisions thereof pertaining to the conflicts of laws.  Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of ECL Article 49.  If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it

invalid.

(c) Each party will, at any time and from time to time, at the request of any other party, make, execute, acknowledge and deliver, or cause to be done, all such further acts, deeds or other documents as may reasonably be necessary or appropriate to carry out the provisions of this Conservation Easement, or which are necessary to qualify this instrument as a conservation easement under ECL Article 49, Title 3 or any regulations promulgated pursuant thereto.

(d) This Agreement~~, together with the terms and conditions in effect from time to time,~~ constitutes the entire agreement of the parties as to the subject matter hereof, supersedes all prior understandings (whether written or oral) and may not be amended or modified except by a written document signed by both parties and stating that it is intended to amend this Agreement.

(e) Each party represents to the other party that it has the power and authority to execute, deliver and perform this Agreement, that all actions necessary to authorize the execution, delivery and performance of this Agreement have been duly taken, that it has duly executed and delivered this Agreement and that this Agreement is legal, valid and binding on it, and enforceable against it, in accordance with its terms.

(f) The parties understand that the Supreme Court, Dutchess County, New York, shall have exclusive jurisdiction of

any disputes arising therefrom and that all disputes shall be tried before the Court without a jury.

(g) All notices and written communications between the parties concerning this Agreement, shall be deemed to have been delivered upon receipt or refusal of delivery to the following addresses:

If to the Town:         Supervisor
                        Town of Milan
                        Wilcox Memorial Town Hall
                        ~~1415 Route 199~~20 Wilcox Circle
                        Milan, NY 12571

If to Grantor:          Carmen O. McCulloch
                        2 Tudor City
                        Apartment 4
                        New York, NY 10017

Either party may change the address to which notice is to be sent by like notice.

(h) Grantee shall record this instrument in timely fashion in the office of the Dutchess County Clerk, Town Clerk and Town Assessor. Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

(i) Payment for the title report prepared in connection with this Easement shall be the responsibility of the Grantor, its successors or assigns.

~~(i)~~ (j) Termination of Righs and Obligations A party's rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement

Area, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

```
                                    TOWN OF MILAN

                                    By_____
                                         John V. Talmgage, Supervisor


                                    _____
                                    Carmen O. McCulloch
```

STATE OF NEW YORK, COUNTY OF DUTCHESS      ) ss.:

On the ____ day of _____, ~~2004~~ 2006 before me, the undersigned, a notary public in and for said state, personally appeared CARMEN O. MCCULLOCH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

```
                                    _____
                                              NOTARY PUBLIC
```

STATE OF NEW YORK, COUNTY OF DUTCHESS      ) ss.:

On the ____ day of _____, ~~2004~~2006, before me, the undersigned, a notary public in and for said state, personally appeared VAN TALMAGE, SUPERVISOR, TOWN OF MILAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

```
                                    _____
                                              NOTARY PUBLIC
```

**Record & Return to**
Janis M. Gomez Anderson

<u>Van DeWater & Van DeWater, LLP</u>
<u>40 Garden Street, 5th Floor</u>
<u>Poughkeepsie, NY 12601</u>