which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving either actual damages or the inadequacy of otherwise available legal remedies. Grantee's remedies described in this paragraph shall be cumulative. Where the party alleged to be in violation disputes the allegation that violation exists, the determination as to the existence of such violation shall be made be a court of competent jurisdiction.

B. <u>Grantee's Discretion</u>  Enforcement of the terms of this Easement shall be at the discretion of the Grantee, and any forbearance by Grantee to exercise its rights under this Easement in the event of any breach of any term of this Easement by Grantor shall not be deemed or construed to be a waiver by Grantee of such terms or of any subsequent breach of the same or any other term of this Easement of any of Grantee's rights under this Easement.

C. <u>Acts Beyond Grantor's Control</u>   Nothing contained herein shall be construed to entitle Grantee to bring any action against Grantor for any injury to or change in the Easement Area resulting from causes beyond Grantor's control, including, without limitation, fire, flood, storm and earth movement, from

any prudent action taken by Grantor under emergency conditions to prevent, abate or mitigate significant injury to the Easement Area resulting from such causes.

6. <u>Access</u>   No right of general access to any portion of the Easement Area is conveyed by this Easement.

7. <u>Costs and Liabilities; Maintenance of Premises</u> Grantor retains all responsibilities and shall bear all costs and liabilities of any kind related to the ownership, operation, upkeep, and maintenance of the Easement Area.  Grantor retains the obligation to pay taxes and shall pay taxes assessed and levied on the Easement Area, but this shall not be construed as impairing the rights of any party to challenge the assessment of property pursuant to law.

8. <u>Amendment</u>   This Conservation Easement may be amended only with the written consent of Grantee and all the then owners of the Easement Area.  Any such amendment shall be consistent with the basic purpose of this Conservation Easement, and shall comply with Article 49, Title 3 of the Environmental Conservation Law, Section 170 of the Internal Revenue Code and all applicable regulations.

9. <u>Assignment</u>   This Easement is transferable, but Grantee may only assign its rights and obligations under this Easement to a qualified organization, at the time of the transfer, under Section 170(h) of the Internal Revenue Code of 1954, as amended, and the applicable regulations promulgated

thereunder, and authorized to acquire and hold conservation easements under Article 49 of the New York State Environmental Law.

    10.  <u>Extinguishment</u>    If circumstances arise such as render the purpose of this Easement impossible to accomplish, this Easement can only be terminated or extinguished, whether in whole or in part, in accordance with the provisions of ECL 49-0307.    11.  <u>Subsequent Transfers</u>    Grantor agrees to incorporate
the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in all or a portion of the Easement Area, including, without limitation, a leasehold interest.  The failure of Grantor to perform any act required by this paragraph shall not impair the validity of this Easement or limit its enforceability in any way.

    12.  <u>Reverter.</u>  In accordance with the Town of Milan Code §200-39(A)(1)(a)(2), in the event that the Grantee becomes unwilling or unable to continue carrying out its functions, this Easement shall, at the Grantee's option, revert back to the Grantor.  The Grantee shall notify the Grantor, its successors or assigns of its intent for the Easement to revert back to the Grantor.  Grantor and Grantee hereby agree to execute, within sixty days of delivery of said written notice, such document(s) or agreements(s) which are necessary for said reverter to take effect.  Grantee shall record said document(s) or agreement(s) in

the land records of Dutchess County, New York.  Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

    13.  <u>Existing Conditions.</u>  This Conservation Easement is granted subject to any existing conditions currently shown on the "Woodland Hills Subdivision Layout & Easement Plan" map prepared by Povall Engineering, PLLC, last revised on May 16, 2005, Exhibit "A" and that which is described in Exhibit "C" (Written Description of Existing Conditions on the Easement Area), attached hereto and incorporated herein.

    14.  MISCELLANEOUS MATTERS.

    (a)  Nothing in this Agreement, express or implied, is intended to confer upon any third-party any rights or remedies under or by reason of this Agreement.  Each party represents that it is entering into this transaction as principal for its own account and not as an agent for any other party.

    (b)  This Agreement is deemed to be a contract entered into and shall be interpreted under the laws of the State of New York, except the provisions thereof pertaining to the conflicts of laws.  Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of ECL Article 49.  If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it

invalid.

(c) Each party will, at any time and from time to time, at the request of any other party, make, execute, acknowledge and deliver, or cause to be done, all such further acts, deeds or other documents as may reasonably be necessary or appropriate to carry out the provisions of this Conservation Easement, or which are necessary to qualify this instrument as a conservation easement under ECL Article 49, Title 3 or any regulations promulgated pursuant thereto.

(d) This Agreementconstitutes the entire agreement of the parties as to the subject matter hereof, supersedes all prior understandings (whether written or oral) and may not be amended or modified except by a written document signed by both parties and stating that it is intended to amend this Agreement.

(e) Each party represents to the other party that it has the power and authority to execute, deliver and perform this Agreement, that all actions necessary to authorize the execution, delivery and performance of this Agreement have been duly taken, that it has duly executed and delivered this Agreement and that this Agreement is legal, valid and binding on it, and enforceable against it, in accordance with its terms.

(f) The parties understand that the Supreme Court, Dutchess County, New York, shall have exclusive jurisdiction of any disputes arising therefrom and that all disputes shall be tried before the Court without a jury.

(g)  All notices and written communications between the parties concerning this Agreement, shall be deemed to have been delivered upon receipt or refusal of delivery to the following addresses:

If to the Town:          Supervisor
                         Town of Milan
                         Wilcox Memorial Town Hall
                         20 Wilcox Circle
                         Milan, NY 12571

If to Grantor:           Carmen O. McCulloch
                         2 Tudor City
                         Apartment 4
                         New York, NY 10017

Either party may change the address to which notice is to be sent by like notice.

(h)  Grantee shall record this instrument in timely fashion in the office of the Dutchess County Clerk, Town Clerk and Town Assessor.  Payment of any recording fees shall be the responsibility of the Grantor, its successors or assigns.

(i)  Payment for the title report prepared in connection with this Easement shall be the responsibility of the Grantor, its successors or assigns.

(j)  <u>Termination of Righs and Obligations</u>   A party's rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

```
                              TOWN OF MILAN

                              By_____
                                   John V. Talmgage, Supervisor


                              _____
                              Carmen O. McCulloch
```

STATE OF NEW YORK, COUNTY OF DUTCHESS    ) ss.:

    On the ____ day of _____, 2006 before me, the undersigned, a notary public in and for said state, personally appeared CARMEN O. MCCULLOCH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

```
                              _____
                                       NOTARY PUBLIC
```

STATE OF NEW YORK, COUNTY OF DUTCHESS    ) ss.:

    On the ____ day of _____, 2006, before me, the undersigned, a notary public in and for said state, personally appeared VAN TALMAGE, SUPERVISOR, TOWN OF MILAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

```
                              _____
                                       NOTARY PUBLIC
```

**Record & Return to**
Janis M. Gomez Anderson
Van DeWater & Van DeWater, LLP
40 Garden Street, 5th Floor
Poughkeepsie, NY 12601