**Exhibit 10**

# DUTCHESS COUNTY CLERK RECORDING PAGE

RECORD & RETURN TO:

VANDEWATER & VANDEWATER
PO BOX 112
40 GARDEN ST
POUGHKEEPSIE          NY 12602

RECORDED: 11/13/2007
AT:       16:13:40
DOCUMENT #: 02 2007 8252

RECEIVED FROM:   FELDMAN JACOBSON ABSTRACT

GRANTOR:   SAVOURY KEITH C
GRANTEE:   MILAN TOWN

RECORDED IN:      DEED
INSTRUMENT TYPE:  EASE

TAX DISTRICT: MILAN

EXAMINED AND CHARGED AS FOLLOWS:

RECORDING CHARGE:              113.00           NUMBER OF PAGES:  27

TRANSFER TAX AMOUNT:

TRANSFER TAX NUMBER:  #002187

E & A FORM: N

TP-584:     Y

\*\*\*  DO NOT DETACH THIS
\*\*\*  PAGE
\*\*\*  THIS IS NOT A BILL

COUNTY CLERK BY: MDS /
RECEIPT NO:  R75393
BATCH RECORD: A00079

BRADFORD KENDALL
County Clerk



## HIDDEN IN THE HILL SUBDIVISION
## CONSERVATION EASEMENT

**THIS CONSERVATION EASEMENT** is made this 1st day of November, 2007, by Keith C. Savoury and Jeanmarie E. Savoury, having an address at 100 Knob Hill Road, Standfordville, NY 12581 ("Grantors"), in favor of the TOWN OF MILAN, a municipal corporation in Dutchess County, State of New York, having offices at Wilcox Memorial Town Hall, 20 Wilcox Circle, Milan, NY 12571 ("Grantee").

**WITNESSETH:**

**WHEREAS**, Grantors are the owners in fee simple of certain property situated on Knob Hill Road in the Town of Milan, Dutchess County, State of New York, consisting of approximately 26.297 acres and more particularly described in a deed recorded in the Dutchess County Clerk's Office on June 1, 1998 at Liber 2010 Page 21, and which property is also known as "Hidden in the Hill Subdivision" as shown on a subdivision plat map prepared by Michael J. Duval, P.E., and last revised on August 31, 2007, which final subdivision plat received conditional final approval from the Town of Milan Planning Board on June 28, 2006 and reapproval from the Town of Milan Planning Board on June 6, 2007, which map was filed on November 13, 2007 in the Dutchess County Clerk's Office, as filed map number 12106 ; and

**WHEREAS**, the Master Plan of the Town of Milan and the Greenway Compact, which was adopted by the Town of Milan on April

12, 2004, by Local Law No. 4 of 2004, encourage the preservation of open and undeveloped space forested land, perpetuation of the Town's rural character and atmosphere, and protection against erosion and deforestation; and

**WHEREAS**, in 1988, the Dutchess County Legislature adopted the County Master Plan, *Directions*, which, in Policy 5.19, advocates preservation of steep slopes and ridgelines and, in Policy 5.24, encourages the preservation of woodland "greenbelt" corridors through communities to provide recreational space, wildlife habitat, natural buffers and aquifer protection; and

**WHEREAS**, Grantors desire to grant to Grantee a Conservation Easement, and Grantee desires to accept the aforesaid Easement; and

**WHEREAS**, Grantors have offered to place certain portions of the subdivision, consisting of approximately 10.696 acres, as described in Exhibit "A" attached hereto (the "Easement Area") and shown on a subdivision plat map prepared by Michael J. Duval, P.E., and last revised on August 31, 2007, which final subdivision plat received conditional final approval from the Town of Milan Planning Board on June 28, under a perpetual Conservation Easement; and

**WHEREAS**, by resolution dated August 14, 2006, the Town Board of the Town of Milan agreed to accept this Conservation Easement; and

**WHEREAS**, Grantee is a municipal corporation as defined in

2 of 24

Section 2 of the General Municipal Law, and a "public body", as defined in the New York State Environmental Conservation Law ("ECL") §49-0303(3), and qualified under ECL §§49-0301 et seq., to accept a Conservation Easement; and

**WHEREAS**, the Grantors intend that the conservation values of the property be preserved and maintained by the continuation of existing land use patterns, including without limitation those land use patterns relating to recreational activities and natural, scenic values existing at the time of this grant which do not significantly impair or interfere with those values; and

**WHEREAS**, Grantors intend, as owners of the Easement Area, to convey to Grantee the right to preserve, and protect, and enforce the conservation values of the Easement Area in perpetuity; and Grantee agrees, by accepting this grant, to honor the intentions of Grantors stated herein and to preserve and protect in perpetuity the conservation values of the Easement Area.

**NOW, THEREFORE**, in consideration of the above and the mutual covenants, terms, conditions, and restrictions contained herein, and pursuant the laws of New York State and in particular ECL Article 49, Title 3, General Municipal Law §247, and §200-39 of the Town of Milan Code ("Milan Code"), Grantors hereby voluntarily grant, transfer, and convey by gift to Grantee a Conservation Easement in perpetuity over the Easement Area of the nature and character to the extent hereinafter set forth ("Easement").

1. <u>Purpose.</u> It is the purpose of this Easement to protect the natural and open space condition and preserve the forested character of the Easement Area, and to prevent damage to sloped areas from excessive or clear cutting.

2. <u>Rights of Grantee.</u> To accomplish the purpose of this Easement, the following rights, but not obligations, are conveyed to Grantee and its authorized agents, by this Easement:

   (A) To preserve, protect, and enforce the conservation values of the Easement Area.

   (B) In accordance with ECL §49-0305(6), to enter upon the Easement area, gaining access through Lots 2 and 3 at reasonable times to perform routine and periodic inspections of the Easement Area in a reasonable manner to monitor Grantors' compliance with and otherwise assure compliance with the terms of this Easement, it being anticipated that the Easement Area may be inspected at least once per year, provided that such entry shall be upon prior reasonable notice to Grantors, and Grantee shall not unreasonably interfere with Grantors' use and quiet enjoyment of the Easement Area. Grantee shall have the right to delegate its inspection responsibilities from time to time as Grantee determines is appropriate and necessary.

Grantee shall notify Grantors in writing by certified U.S. Mail, return receipt requested, if Grantee delegates its inspection responsibilities; and

(C) To prevent any activity on, or use of, the Easement Area that is inconsistent with the purpose of this Easement and to require the restoration of such areas or features of the Easement Area that may have been damaged by any inconsistent activity or use.

3. <u>Prohibited Uses.</u>  The following activities and uses are deemed inconsistent with the purposes of the Easement, and are prohibited:

(A) There shall be no industrial or commercial use of the land.  There shall be no further subdivision of the Easement Area.

(B) No buildings, mobile homes, motor vehicles, advertising signs, billboards or other advertising materials, man-made objects or other structures shall be placed or constructed within the Easement Area as described in Exhibit "A".

(C) There shall be no alteration of natural wetland areas, except for drainage facilities which are not detrimental to water purity and which are approved by Grantee or its designee.

(D) There will be no manipulation or alteration of watercourses, lakeshores, wetlands or other water bodies within the Conservation Easement which are detrimental to water purity.

(E) In accordance with the Town of Milan Code §200-39(A)(1)(b)(1), there shall be no clearing of woodland except as necessary to create trails and passive recreation facilities, to maintain scenic view sheds identified by the Town as important aesthetic resources, and to install subsurface sewage disposal systems. The determination of necessity shall lie with the Town of Milan Planning Board (the "Planning Board").

(F) There will be no filling, excavating, mining or drilling, removal of topsoil, sand, gravel, rock, minerals or other materials nor any change in the topography of the land in the Easement Area except as otherwise provided for herein.

(G) No pesticide, herbicide, or other chemical treatment for land, vegetation, or animals shall be used on the Easement Area unless its use is legal and in accordance with all applicable laws and regulations and the manufacturer's directions.

(H) No dumping or release of chemicals, non-composted organic waste, sewage, solid waste, scrap

    materials, sediment discharge, oil and its by-products, leached compounds, toxic fumes or other unsightly, hazardous, or offensive materials shall be allowed on the Easement Area.

(I) There will be no use of rifle ranges, motorized vehicles, such as snowmobiles and off-road recreational vehicles upon the Conservation Easement Area except to provide access to all parts of Grantors' property for normal management, security, or emergencies purposes as deemed necessary by Grantors.

(J) Any activity or condition that significantly impairs or interferes with the conservation values of this Easement or that impairs or interferes with the Grantors' intention to confine the use of the property to such activities that preserve the natural and scenic values of the property and maintain existing land use patterns consistent with these values shall be prohibited.

4. <u>Reserved Rights.</u>

(A) Grantors reserves to themselves, and to their successors and assigns, all rights accruing from ownership of the Property, including the right to sell, transfer, lease, mortgage or otherwise encumber the Property, subject to this Easement;

the right to engage in, or permit others to engage in, all uses of the Property that are not expressly prohibited herein and are not inconsistent with the purpose of the Easement; and including the unqualified right to exclude others from the land by all lawful means. All rights, interests, and privileges of the Grantors in the Easement Area not specifically donated, granted, transferred and conveyed herein shall remain with the Grantors, their heirs, successors and assigns.

Specifically EXCEPTED and RESERVED from the grant of this Easement are the rights and privileges described below, which are reserved to the Grantors, their successors and assigns, together with the right to grant the same or similar non-exclusive rights to others:

(i) Agricultural, horticultural, managed forest land, equestrian, passive recreational and open space uses, specifically excluding motorized off-road vehicles, rifle ranges, and other uses similar in character and potential impact as determined by the Planning Board, in accordance with the Town of Milan Code §200-39(A)(1)(b)(5).

       This shall include, without limitation, the raising of agricultural and horticultural crops, boarding or maintenance of livestock and/or horses, horseback riding, passive recreational uses such as private trail walking, nature viewing and similar activities, and educational activities relating to the above. The activities listed herein, including the sale of crops raised on the premises, shall not be deemed to be a "commercial" use of the property in violation of paragraph "3" above. Specifically excluded, however, in accordance with Town of Milan Code §200-39(A)(1)(b)(2), are concentrated animal feeding operations ("CAFO's") as defined by the U.S. Environmental Protection Agency, or commercial livestock operations involving swine, poultry, mink, rallies and other animals likely to produce highly offensive odors.

(ii)  General maintenance of property, including pruning, cutting, planting, landscaping, and clearing of trees and other vegetative materials only in accordance with generally

accepted forest conservation practices but, except as permitted under 4(B), below, no living tree with a diameter in excess of five (5) inches diameter at breast height measured from the down slope side may be cut without permission of Grantee, except trees may be removed which endanger public safety, are diseased, damaged or fallen, or need to be cleared to ensure the health of other trees. All clearing of trees and vegetation shall be conducted in conformity with sound land and forest management practices to minimize erosion and adverse impacts on natural resources.

(iii) In accordance with ECL §49-0305(3)(b), this Easement shall not limit, restrict or modify the right to construct, operate or continue the use of any facility, or impede any activity, duly authorized under the applicable provisions of the federal natural gas act (15 U.S.C. §§717-717 w.)

(B) Grantors reserves to themselves, Keith C. Savoury and Jeanmarie E. Savoury, of 100 Knob Hill Road, the right to selectively harvest trees from the conservation easement area in accordance with the

following conditions, restrictions, and requirements that are established especially to protect the wetlands and the habitats for the Indiana Bat (endangered) and Blandings Turtle (threatened). Such right shall be personal to the grantors and shall be non-transferable and shall not extend to grantors' successors or assigns.

    i.    Live Shagbark hickory will not be cut.

    ii.    Snags (standing dead trees) of greater than "3" dbh with exfoliating bark will not be cut.

    iii.    Trees bordering the wetlands at the normal springtime high water level will not be cut.

    iv.    A timber management plan will be established in association with a Department of Environmental Conservation ("DEC") Forester or a DEC approved consulting forester. It will identify trees appropriate for harvesting in keeping with the intent and restrictions of this agreement.

    v.    Two (2) copies of the timber management plan will be provided to the Town of Milan Planning Office before commencing any cutting of trees.

    vi.    The Town of Milan Planning Office will be notified in writing ten (10) days before any tree is cut. The written notice will identify what cutting is to take place, what equipment will be

used, and relate it to the filed timber management plan.

 vii. Light motorized equipment is permitted within the wetlands area solely for assistance in removal of cut trees. Extreme care shall be taken to minimize any disturbance to the wetlands by this equipment.

 viii. No heavy equipment is permitted within the wetlands without obtaining a DEC permit prior to its use.

 ix. Up to a maximum of three (3) cords of firewood may be removed per year. The wood will be gathered first from downed trees, second from snags not excluded by 4(B)(i) above, and third from trees permitted for cutting as described by 4(A)(iii), above

 x. All harvesting done shall be done by Keith Savoury or Jeanmarie Savoury personally or by others authorized by either or both of them to act on their behalf. If trees are harvested by anyone other than Keith Savoury or Jeanmarie Savoury personally, either or both of them must present at the time the trees are harvested.

5. <u>Enforcement.</u> The Grantee may enforce this Conservation Easement against any violating party, in law or