equity pursuant to the provisions of Article 49 of the ECL and Milan Code §200-39(b)(4).

    (A) If Grantee determines that Grantors, their Tenants, or any of his successors or assigns, is in violation of this Easement or that a violation is threatened, Grantee shall give written notice by certified U.S. Mail, return receipt requested, to the violating party of such violation and demand corrective action sufficient to cure the violation and, where the violation involves injury to the Easement Area resulting from a use or activity inconsistent with the purpose of this Easement, to restore the portion of the Easement Area so injured. If the violating party fails to cure the violation within thirty (30) days after service of notice thereof from Grantee, or under circumstances where the violation cannot be reasonably cured within a thirty (30) day period, fails to begin curing such violation within the thirty (30) day period, or fails to continue diligently to cure such violation until finally cured, Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Easement, to enjoin the violation, by temporary or permanent injunction, to recover any damages,

including recovery of reasonable costs and attorneys fees, to which it may be entitled for violation of the terms of this Easement, which damages shall be applied to defray the cost of undertaking corrective action within the Easement Area, and to otherwise require the restoration of the Easement Area to the condition that existed prior to any such injury. Grantee's rights under this paragraph apply equally in the event of either actual or threatened violations of the terms of this Easement, and Grantors agree that Grantee's remedies at law for any violation of the terms of this Easement are inadequate and that Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to which Grantee may be entitled, including specific performance of the terms of this Easement, without the necessity of proving either actual damages or the inadequacy of otherwise available legal remedies. Grantee's remedies described in this paragraph shall be cumulative. Where the party alleged to be in violation disputes the allegation that violation(s) exist, the determination as to the existence of such violation(s) shall be made by a court of

14 of 24

competent jurisdiction.

(B) <u>Grantee's Discretion.</u> Enforcement of the terms of this Easement shall be at the discretion of the Grantee, and any forbearance by Grantee to exercise its rights under this Easement in the event of any breach of any term of this Easement by Grantors shall not be deemed or construed to be a waiver by Grantee of such terms or of any subsequent breach of the same or any other term of this Easement or any of Grantee's rights under this Easement.

(C) <u>Acts Beyond Grantors' Control.</u> Nothing contained herein shall be construed to entitle Grantee to bring any action against Grantors for any injury to or change in the Easement Area resulting from causes beyond Grantors' control, including, without limitation, natural fire, flood, storm and earth movement, or from any prudent action taken by Grantors under emergency conditions to prevent, abate or mitigate significant injury to the Easement Area resulting from such causes.

6. <u>Access.</u> No right of general access by the public to any portion of the Easement Area is conveyed by this Easement.

7. <u>Costs and Liabilities; Maintenance of Premises.</u> Grantors retain all responsibilities and shall bear all costs and

15 of 24

liabilities of any kind related to the ownership, operation, upkeep, and maintenance of the Easement Area. Grantors retain the obligation to pay taxes and shall pay taxes assessed and levied on the Easement Area, but this shall not be construed as impairing the rights of any party to challenge the assessment of property pursuant to law. Grantors shall maintain adequate general liability insurance for the property covering the Easement Area.

8. <u>Amendment.</u> This Easement may be amended only with the written consent of Grantee, its successors or assigns, Grantors, their successors or assigns and all the owners of the Easement Area. Any such amendment shall be done so by written instrument executed by the Grantors and Grantee or such parties' successors or assigns and recorded by the Grantee in the land records of Dutchess County, New York. Payment of any recording fees shall be the responsibility of the Grantors, their successors or assigns. Any amendments or modifications to this Easement shall be consistent with the basic purpose of this Easement, and shall comply with Article 49, Title 3 of the ECL, Section 170 of the Internal Revenue Code and all applicable laws and regulations.

9. <u>Assignment.</u> This Easement is transferable, but Grantee may only assign its rights and obligations under this Easement to a qualified organization, at the time of the transfer, under Section 170(h) of the Internal Revenue Code of

16 of 24

1954, as amended, and the applicable regulations promulgated thereunder, and authorized to acquire and hold conservation easements under Article 49 of the ECL.

10. <u>Extinguishment.</u>   If circumstances arise such as to render the purpose of this Easement impossible to accomplish, this Easement can only be terminated or extinguished, whether in whole or in part, in accordance with the provisions of ECL §49-0307.

11. <u>Subsequent Transfers.</u>   Grantors agree to incorporate the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in all or a portion of the Easement Area, including, without limitation, a leasehold interest.  The failure of Grantors to perform any act required by this paragraph shall not impair the validity of this Easement or limit its enforceability in any way.  The Grantors, their successors or assigns, shall notify the Grantee, its successors or assigns, of any such conveyance in writing by certified U.S. mail, return receipt requested, at least thirty (30) days before any sale, transfer or conveyance.

12. <u>Reverter.</u>  In accordance with the Town of Milan Code §200-39(A)(1)(a)(2), in the event that the Grantee becomes unwilling or unable to continue carrying out its functions, this Easement shall, at the Grantee's option, revert back to the Grantors.  The Grantee shall notify the Grantors, their successors or assigns of its intent for the Easement to revert

back to the Grantors. Grantors and Grantee hereby agree to execute, within sixty days of delivery of said written notice, such document(s) or agreements(s) which are necessary for said reverter to take effect. Grantee shall record said document(s) or agreement(s) in the land records of Dutchess County, New York. Payment of any recording fees shall be the responsibility of the Grantors, their successors or assigns.

13. <u>Existing Conditions.</u>   This Conservation Easement is granted subject to any existing conditions currently shown on the subdivision plat map prepared by Michael J. Duval, P.E., and last revised on August 31, 2007, which final subdivision plat received conditional final approval from the Town of Milan Planning Board on June 28, 2006, Exhibit "A" and that which is described in Exhibit "B" (Written Description of Existing Conditions on the Easement Area), attached hereto and incorporated herein.

14. <u>Miscellaneous Matters.</u>

    (A)  Nothing in this Agreement, express or implied, is intended to confer upon any third-party any rights or remedies under or by reason of this Agreement. Both parties represent that they is entering into this transaction as principal for their own account and not as an agent for any other party.

    (B)  This Agreement is deemed to be a contract entered into and shall be interpreted under the laws of the State of New York. Any general rule of

construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of Article 49 of the ECL. If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it invalid.

(C) Each party will, at any time and from time to time, at the request of any other party, make, execute, acknowledge and deliver, or cause to be done, all such further acts, deeds or other documents as may reasonably be necessary or appropriate to carry out the provisions of this Conservation Easement, or which are necessary to qualify this instrument as a conservation easement under ECL Article 49, Title 3 or any regulations promulgated pursuant thereto.

(D) This Agreement constitutes the entire agreement of the parties as to the subject matter hereof, supersedes all prior understandings, whether written or oral, and may not be amended or modified except by a written document signed by both parties and stating that it is intended to amend this Agreement.

(E) Both parties represents to the other party that they have the power and authority to execute, deliver and perform this Agreement, that all actions necessary to authorize the execution, delivery and performance of this Agreement have been duly taken, that they have duly executed and delivered this Agreement and that this Agreement is legal, valid and binding on them, and enforceable against them, in accordance with its terms.

(F) This Easement shall be interpreted in accordance with the laws of the State of New York. The parties agree to submit any disputes rising out of this Easement to the Supreme Court of New York in and for the County of Dutchess except as may otherwise be provided by applicable statutes. The parties, their successors and assigns, further agree, except as may otherwise be provided by applicable statutes, to submit to the jurisdiction of the Supreme Court of New York in and for the County of Dutchess should either party, or either party's successors or assigns, submit any controversies arising out of the Easement to that Court.

(G) All notices and written communications between the

parties concerning this Agreement, shall be deemed to have been served when deposited in the United States mail, with postage prepaid thereon to either of the parties at the following addresses:

If to the Town:   Supervisor
                  Town of Milan
                  Wilcox Memorial Town Hall
                  20 Wilcox Circle
                  Milan, NY 12571

If to Grantors:   Keith C. Savoury and Jeanmarie E. Savoury
                  100 Knob Hill Road
                  Standfordville, NY 12581

Either party may change the address to which notice is to be sent by like notice. If the Grantors, their successors or assigns, conveys a fee interest to all or any party of the Easement Area, he shall notify the Grantee, its successors or assigns, in writing by certified U.S. mail, return receipt requested, within 10 days after the conveyance, of the name and address of the entity or person to whom notice should be sent under this Agreement.

(H) Any reference to the Grantee in this instrument shall include the Grantee's successors or assigns unless specifically excluded. Any reference to the Grantors in this instrument shall include the Grantors' successors or assigns unless

specifically excluded.

(I) Grantee shall record this instrument in timely fashion in the offices of the Dutchess County Clerk, Town Clerk and Town Tax Assessor. Payment of any recording fees shall be the responsibility of the Grantors, their successors or assigns.

(J) Payment for the title report prepared in connection with this Easement shall be the responsibility of the Grantors, their successors or assigns.

(K) <u>Termination of Rights and Obligations.</u> A party's rights and obligations under this Easement terminate upon transfer of the party's interest in the Easement or Easement Area and such rights and obligations shall be transferred to the successor(s) and/or assign(s) in interest, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

By _____
KEITH C. SAVOURY

By _____
JEANMARIE E. SAVOURY

TOWN OF MILAN

By _____
JOHN V. TALMAGE
SUPERVISOR

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ~~DUTCHESS~~ Ulster )

On the 3rd day of November, 2007, before me, the undersigned, a notary public in and for said state, personally appeared KEITH C. SAVOURY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*Marianne Gilday*
NOTARY PUBLIC

MARIANNE GILDAY
Notary Public, State of New York
Reg. # 4917920
Qualified in Ulster County
Commission Expires January 19, 20 10

STATE OF NEW YORK )
COUNTY OF ~~DUTCHESS~~ Ulster ) ss.:
                  )

On the 2nd day of November, 2007, before me, the undersigned, a notary public in and for said state, personally appeared JEANMARIE E. SAVOURY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*Marianne Gilday*
NOTARY PUBLIC

MARIANNE GILDAY
Notary Public, State of New York
Reg. # 4917920
Qualified in Ulster County
Commission Expires January 19, 20 10

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF DUTCHESS )

On the 1st day of November, 2007, before me, the undersigned, a notary public in and for said state, personally appeared JOHN V. TALMAGE, SUPERVISOR, TOWN OF MILAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*Jean M. Carnright*
NOTARY PUBLIC

JEAN M. CARNRIGHT
Notary Public, State of New York
Residing in and for Ulster County
My Commission Expires 02/12/2009
Registration # 01CA4897263

**Record & Return to**
Janis M. Gomez Anderson, Esq.
Van DeWater & Van DeWater LLP
40 Garden Street
Poughkeepsie, NY 12601

EXHIBIT A



**FREDERICK W. REYNOLDS**
Registered Surveyor
95 Reynolds Lane
Shady, New York 12409
Phone: (845) 679-6343
Fax: (845) 679-6049

July 26, 2006

Description Of Conservation Easement
Hidden In The Hill
Savoury Subdivision

All that certain piece, parcel or tract of land situate in the Town Of Milan, County of Dutchess and State of New York, being bounded and described as follows:

Beginning at a point marked by a concrete monument set in the ground on the Southerly side of Knob Hill Road; thence through Lot #3 the following three (3) directions: S 24°57'32" W 118.82' to a point marked by a concrete monument set in the ground; thence S 09°57'06" W 250.27' to a point marked by a concrete monument set in the ground; thence S 50°46'05" W 95.71' to a point marked by a concrete monument set in the ground on the division line of Lot #3 and Lot #2; thence S 50°46'05" W 361.30', through Lot #2, to a point marked by a concrete monument set in the ground in the division line of Lot #2 and Lot #1; thence S 52°50'44" W 288.64', through Lot #1, to a point marked by a concrete monument set in the ground; thence along lands now or formerly Joseph Budnick and in the range of stone walls the following nine (9) directions: N 70°56'13" E 118.61', to a point; thence N 78°29'24" E 156.74' to a point; thence S 89°32'31" E 78.18' to a point; thence N 81°45'51" E 194.95' to a point; thence N 83°48'23" E 112.61' to a point; thence N 83°23'36" E 123.87' to a point; thence N 83°17'52" E 276.99' to a point; thence N 84°07'19" E 157.77' to a point in a large oak tree; thence S 89°13'37" E 106.49' to a point marked by a concrete monument set in the ground; thence along the Easterly and Northerly side of Knobb Hill Road the following seven (7) directions: on a curve to the left whose radius is 468.42' and length of arc is 115.42', with a cord bearing of N 05°43'33" W and cord length of 115.12', to a point marked by an iron rod set in the ground marking the division line between Lot #2 and Lot #3; thence N 12°47'00" W 98.07' to a point marked by an iron rod set in the ground; thence on a curve to the left whose radius is 271.08' and length of arc is 159.99', with a cord bearing of N 29°41'29" W and cord length of 157.68', to a point marked by an iron rod set in the ground; thence N 46°35'58" W 148.08' to a point marked by an iron rod set in the ground; thence on a curve to the left whose radius is 435.18' and length of arc is 191.27', with a cord bearing of N 59°11'27" W and cord length of 189.73', to a point marked by an iron rod set in the ground; thence on a curve to the right whose radius is 2020.15' and length of arc is 209.48', with a cord bearing of N 68°48'42" W and cord length of 209.38', to a point marked by an iron rod set in the ground; thence N 65°50'28" W 61.22' to the point and place of beginning.

Containing 10.696 acres of land, more or less.

Subject to any rights-of-way, easements or utility easements of record or otherwise that may affect the above described lot.

EXHIBIT B

# Conservation Easement Existing Conditions
# Hidden in the Hill Subdivision

The "Hidden in the Hill" (Keith Savoury Subdivision) comprises 26.298 acres of which approximately 10.696 acres are contained within the conservation easement. The easement area is bounded on the north and east by Knob Hill Road, on the south by private property, and on the west by lot 1 with an existing home and lots 2 and 3 that are the proposed home sites. The majority of the easement is on lot 3.

Six monuments will mark the conservation easement boundary from north to south along the western border. An additional monument at the southeastern tip of the property adjacent to Knob Hill Road will also mark the boundary of the easement.

The easement acreage consists of woodland and wetlands as described in the habitat survey report and habitat map (J. G. Barbour, P.C. Feb. 2005). Pages 2 and 4 of the survey report provide a detailed description of the soils and vegetative characteristics of the wetlands and woodland. These woodland and wetland habitats have the potential to support rare fauna and floral species as discussed in Mr. Barbour's report (page 8).

The recommendations of Mr. Barbour (pages 11, 12, and Appendix 1) appear to adequately protect the flora and fauna within the easement area that Mr. Savoury has provided.