EXHIBIT "A"

# TOWN OF MILAN
## PLANNING BOARD
### Dutchess County New York

Wilcox Memorial Town Hall
20 Wilcox Circle
Milan, NY 12571

Tel: (845) 758-5133
(845) 876-3463
Fax: (845) 876-1449

April 7, 2005

Kenneth McCulloch
Ballard, Rosenberg, Golper & Savitt, LLP
516 Fifth Avenue, 12th Floor
New York, NY 10036
Fax: 1-212-398-9512

REF: WOODLAND HILLS SUBDIVISION

Dear Mr. McCulloch:

You, along with a representative from Povall Engineering, attended the Planning Board
meeting on April 6, 2005. The following motions were made at that meeting.

Chairman Kingman motioned that the Planning Board recommend to the Town Board that
they accept the conservation easement agreement for the Woodland Hills Subdivision
located on Willowbrook Road. Ms. Margiotta seconded. All aye. Motion carried 5-0.

Chairman Kingman motioned that the Planning Board grant preliminary plat approval for
the Woodland Hills Subdivision subject to the conditions documented in the Woodland Hills
Preliminary Plat Report Draft dated 4-6-05 as amended at the 4-6-05 Planning Board
meeting. Ms. Hoffman seconded. All aye. Motion carried 5-0. A final report reflecting the
changes is attached.

Very truly yours,

Karen Buechele, Clerk
Planning and Zoning

cc: Catherine Gill, Town Clerk

EXHIBIT "B"

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - FINAL

## WEDNESDAY, APRIL 6, 2005

**MEMBERS PRESENT:**

Lauren Kingman, Chairman
Jeffrey Anagnos
Peter Goss
Mary Ann Hoffman
Sheila Margiotta

**MEMBERS ABSENT:**

None

**ALSO PRESENT:**

None

Chairman Kingman opened the meeting at 7:00 p.m.

## PUBLIC HEARINGS:

1. Chairman Kingman read the legal notice for Judith Gelardi for her two lot subdivision located at 25 Rock City Road, tax grid no. 6371-00-918878-00 and opened the public hearing. Mr. and Mrs. Gelardi were present. Mrs. Gelardi explained they have a three acre parcel in the hamlet and are subdividing off one acre to create a building lot. They supplied an updated map. Stephen Schreiber, a neighbor, was present and displayed a copy of an aerial map. There was some discussion with Mr. Schreiber about the Gelardi's possibly conveying a small piece of property to him to allow him to erect a privacy fence. Chairman Kingman said if they decide to do that, she would have to have her surveyor change the map and come back before the board. This should be done prior to the final signing of the map.

   Chairman Kingman gave the applicant a list detailing the requirements for approval and what is left to be done. Ms. Gelardi submitted a letter from the Town of Milan Assessor stating this property is not located in an ag district. Chairman Kingman motioned to close the public hearing, Mr. Anagnos seconded. All aye. Motion carried 5-0. Ms. Gelardi paid the subdivision fees, recreation fees, and publication fees totaling $1,045.41.

   Chairman Kingman motioned that the Planning Board grant conditional final approval to the subdivision application of Judith Gelardi for property located at 25 Rock City Road, grid no. 6371-00-918878 with the conditions as follows:
   - The corners of the parcel must be located on the ground and marked by monuments which shall be referenced and shown on the plat.
   - Any covenants or deed restrictions placed on the new lot must be reviewed by the Planning Board prior to the chairman signing the final map
   - Dutchess County Department of Health endorsement of the new lot
   - Name and address of record of the owner must be placed on the plat
   - "No Further Subdivision Permitted" must be added to the plat.

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

Mr. Anagnos seconded. All aye. Motion carried 5-0.

Upon satisfactory completion of the conditions stated above, the Chairman of the Planning Board will sign the final plat. The applicant must provide four copies of the filed map to the Planning Board immediately after filing with the Dutchess County Clerk's office. The applicant was advised that conditional approval expires in 180 days and the signed mylar expires in 60 days if it is not filed with the Dutchess County Clerk's office within that time.

2.   Chairman Kingman read the legal notice for Catherine Napolitano's subdivision and lot line adjustment of property located on Spring Lake Road, tax grid numbers 6474-00-304101-00 and 6474-00-175125-00. Brandee Nelson from Crawford and Associates was present along with Catherine Napolitano. Ms. Nelson explained that this is a nine lot subdivision of a 35 acre parcel with the lots clustered around a 900 foot cul de sac. They will be developing just over 16 acres with the balance of the property, about 16 3/4 acres, being put into a conservation easement protecting the steep slopes. There is an existing dirt road that goes back to some cottages on Spring Lake Road, about 1.8 acres, which will be conveyed back to the applicant. The site has second and third growth forest, gravel soils, and has been logged selectively over the years.

Several members of the public were present and came up to look at the map. Chairman Kingman said this subdivision is being done under the cluster provision of the zoning law, preserving at least 40% of the property as open space. Under that provision, the law allows the Planning Board to be more flexible with how the lots are configured. He explained the cluster concept. One neighbor thought it was a great idea. When asked about the road, Ms. Nelson said the town is not accepting any roads so the road will be owned by a homeowners association. One neighbor asked what impact this subdivision will have on the surrounding land, some of which is owned by Ms. Napolitano. Ms. Napolitano said it will not have an impact on her surrounding parcels. Chairman Kingman said part of the subdivision is a lot line adjustment to move the lot line over so the road is conveyed back to Ms. Napolitano. One neighbor had concerns about lighting and asked if lighting requirements were in the town ordinance. Chairman Kingman said the town does require street lighting, however, we are assuming the applicant will submit a waiver not to do the lighting. Ms. Napolitano said yes, they are planning to request a waiver since it is rural and we want to keep it that way and prefer not to have street lights. Ms. Nelson said in the homeowner's association, there will be covenants and restrictions that everyone has to abide by. Some common restrictions are for lighting, laundry lines, burning barrels, that sort of thing. These restrictions will be set down prior to final approval. A copy will be filed with the deed. The enforcement of these restrictions will be up to the homeowners association. Bob Gorecki asked about the area of the easement allowing lake access. What responsibility does the homeowners association have in

2

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

maintaining the road? Ms. Nelson said none, it is merely an easement to allow access to
the lake. Ms. Napolitano will own the 50 feet. Ms. Gorecki said then if the road
deteriorates, there is no responsibility of the landowner. Ms. Napolitano said no. Mr.
Anagnos said he would think the people who use the road would want to maintain it. Ms.
Nelson said it is a user road and there are legal ramifications, and she suggested they
consult an attorney. Mr. Gorecki asked who will maintain the area of access to the lake.
Ms. Napolitano said the homeowners association will. Mr. Gorecki was concerned about
clutter since the people using it will not own it. Ms. Napolitano said we are doing a
beautiful stair case to the lake. The nine homeowners will be using it and will certainly
want to take care of it, and we will have conditions about maintaining it. Chairman
Kingman suggested possibly including a statement that the access will be taken away if
they don't maintain it. One neighbor asked if there will be restrictions set on using the
lake as far as boats, etc. Ms. Napolitano said on Spring Lake, you can't use a gas power
boat but can use a canoe, etc. So that would apply. The neighbor asked if there is a plan
to have a dock or anything that improves the access. Ms. Napolitano said there will be a
stair case and possibly a dock or patio. Mr. Gorecki asked for the reason why the homes
are so far back from the lot lines. Ms. Napolitano said for privacy. Mr. Gorecki said I
use this road all the time and prefer to keep it natural. Ms. Nelson said there is over a
100 foot buffer. Mr. Gorecki asked if the property owner will have the right to clear up
to the buffer. Ms. Nelson said in a conventional subdivision, the owner would have the
right to clear right up to the property line. With the buffer, this is better. When asked
about the house sites, Ms. Nelson said at this time, the houses are proposed. Once the
septic systems are approved, the house sites will have to remain. If a home owner wants
to move a house site, they would have to get re-approval. Mr. Gorecki had concerns
about the road and asked if, for instance, a tree falls - who is responsible to take care of
that?  Ms. Margiotta asked what happens now in that instance?  Ms. Napolitano said
there are several users of that road. If a tree came down, and that has happened, everyone
has cleaned it up. Chairman Kingman said any shared access would need a maintenance
agreement that explicitly defines how each property owner gains access and what their
legal obligations are as far as supporting and maintaining the road. This is a pre-existing
condition and there is not a lot the town can do. Mr. Anagnos said maybe these folks
should get together and form their own homeowners association. Mr. Gorecki said right
now, we all chip in to get it plowed. Over half the road is not ours, though, and our
vested interest is only to get to our houses. Ms. Nelson said that is why we conveyed the
property back to Ms. Napolitano, so as to not disrupt current conditions. Chairman
Kingman started to suggest that if Ms. Napolitano was willing to convey the property, but
Ms. Napolitano said no.

Chairman Kingman gave a checklist to Ms. Napolitano detailing what needs to be done.

Chairman Kingman motioned that the Planning Board declare themselves lead agency for
the SEQRA process. Ms. Hoffman seconded. All aye. Motion carried. Chairman

3

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

Kingman had pulled together a draft negative declaration but is waiting for a couple of
items to be submitted. Nothing has been received yet from the Board of Health related to
the toxins. Ms. Nelson explained that in the 50's, there was a section of the site that was a
pear orchard which was pulled up in the 60's. On the site, there are a few remaining pear
trees. At the suggestion of the CAC, we did soil testing for pesticides, etc. When we
received the data back and compared it to the state standards, there was one component
that was above their guidance value; however, it was very low and does not come any
where near being a health hazard. Based on that information, the Health Department now
says they need to do more studies. Ms. Nelson thinks they are treating this like a site
along the lines of Gregg Farms. She said, again, the levels are ever so slightly over the
values. They would like to have the requirement for the Health Department study on this
waived. Chairman Kingman said the board would still require feedback from the county.
Ms. Nelson said the problem is Dutchess County does not have a protocol for sites like
this and she explained they are following Columbia County's protocol. The mineral,
arsenic, which was found is naturally found in many sites. It becomes a hazard when it is
found in high levels. Ms. Hoffman asked if the board has the authority to waive this and
Chairman Kingman said it is a grey area since Dutchess County does not have standards.
Ms. Nelson said in relaying her experience, generally, we sample and if we have samples
that are above the value, we contact the State Health Department. Generally speaking,
they don't get involved unless levels are very high above. Dutchess County Health's
response was that they need much, much more information prior to making a decision.
Ms. Nelson provided the information that she was requested to provide to the Health
Department. Chairman Kingman said he does not have the background to say it is okay
to waive, but it sounds like a marginal case and suggested this be handled in the same
way as the archeological report. Ms. Nelson said we have gone through a number of
months without a SEQRA determination and that is what we really would like from this
meeting. She did not think this rises to the level of something that should make this a
positive declaration. Chairman Kingman said it is not a question of a positive declaration
but rather what remediation is required  Karen Schneller-McDonald said she would feel
better having a response back from the Health Department but would not have a problem
setting this up like the archeological issue. The negative declaration may just have to be
changed slightly. The second area of concern is retolux and that area needs to be
protected during construction to minimize disturbance. Chairman Kingman said the last
outstanding issue was the archeological survey. There is a letter from Cynthia Blakemore
which recommends a Phase 1B identification survey be implemented, possible having to
go to a Phase II based upon results. Ms. Napolitano said two prehistoric sites were
identified on parcels to the north and south of this parcel but not directly on it. According
to Ms. Napolitano, a Phase II is an incredibly expensive survey and she does not feel
there is anything to indicate the necessity for it. There was some discussion about the
necessity of the survey, given this is a private project with no federal or state funding
involved.    Chairman Kingman will rework the determination to allow the project to
move ahead, but will require resolution to this prior to final approval and Chairman

4

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

Kingman will discuss this with Ms. Blakemore. Ms. Schneller-McDonald will talk to the Health Department about the toxic substance evaluation.

Chairman Kingman said the goal is get an actual determination at the meeting next month. Ms. Nelson said she will have addressed the rest of the items on the list for the next submission. The submission for the May 4th meeting is April 14th to allow time for the consultants to review the submission and to prepare a preliminary plat report.

Chairman Kingman motioned to suspend the public hearing until the May meeting. Mr. Anagnos seconded. All aye. Motion carried 5-0.

## ADMINISTRATIVE ITEMS:

Chairman Kingman motioned to approve the minutes of March 2, 2005. Mr. Goss seconded. All aye. Motion carried 5-0.

Correspondence
  – The EMC meeting has been rescheduled to the 21st due to the weather delay.
  – Letter received from the town engineer related to ongoing work for Pasture Rock
  – Flier from EMC on some scheduled workshops
  – Dutchess County Executive Update
  – Information from the Dutchess County Planning Federation

## APPLICATIONS:

1. Jack Tegtmeier was present regarding the Tegtmeier/Hill Lot Line Adjustment and explained that this was approved but was not filed with the Dutchess County Clerk's office within the 60 day time frame so the approval expired.

   Mr. Anagnos motioned that the Planning Board re-approve the lot line adjustment for Tegtmeier/Hill on property located on Torre Rock Road, grid numbers 6573-00-329691/333652-00 because the plat was never filed with the Dutchess County Clerk's office after the original approval was granted on October 6, 2004 and it expired. Ms. Margiotta seconded. All aye. Motion carried.

   Chairman Kingman re-signed the plat and the applicant was advised that the signed mylar expires in 60 days if it is not filed with the Dutchess County Clerk's office within that time frame.

2. Ellen Haggerty was present regarding the Quarfelt Enterprises lot line reconfiguration on property located on Quarfelt Road, tax grid numbers 6570-00-343548/367578/420546.

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

Marie Welch, L.S., submitted revised maps on 4/4/05. At the previous submission, the map reflected the conservation easement as a fourth lot, but has been redrawn showing the conservation easement across all three lots with all three lots having access.

Chairman Kingman motioned that the Milan Planning Board declare themselves lead agency for the SEQR review for this application. Ms. Hoffman seconded. All aye. Motion carried 5-0.

Chairman Kingman motioned that the Milan Planning Board declare a negative declaration for the Quarfelt Enterprises subdivision. Ms. Hoffman seconded. All aye. Motion carried 5-0.

Chairman Kingman provided Ms. Haggerty with a checklist of items that need to be completed prior to final approval.

Chairman Kingman motioned that the Milan Planning Board grant a waiver to mark the remaining four outside corners of the easement area with iron rods. The four intersections of the lot boundaries with the western boundary of the conservation easement area will be marked with concrete monuments. Mr. Goss seconded. All aye. Motion carried 5-0.

Chairman Kingman motioned that the Planning Board recommend to the Town Board that they accept this conservation easement for Quarfelt Enterprises once an agreement is reached between the applicant and the attorneys for the Town. Mr. Goss seconded. All aye. Motion carried 5-0.

Chairman Kingman motioned that the Planning Board hold a special meeting on Wednesday, April 20, 2005 for the public hearing for the Quarfelt Enterprises subdivision. Mr. Goss seconded. All aye. Motion carried.

3.  Kenneth McCulloch, applicant, and Mitch Berkeley from Povall Engineering appeared regarding the Woodland Hills subdivision on property located on Willowbrook Road. Chairman Kingman distributed a preliminary plat report detailing modifications to the plat required for final approval. A package was submitted for preliminary plat review. Ross Williams suggested they contact the town historian about road names.

The board reviewed the request for waivers submitted by Mr. McCulloch as detailed in the attached report.

Improvements to be included under performance guarantees include common driveways, utilities, storm drainage facilities, monuments, landscaping and planting, and any others as specified by the town engineer.

6

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

The board discussed the requirements for final plat approval as listed in the attached report. Chairman Kingman explained the requirement for the Open Development Area (ODA).

Chairman Kingman motioned that the Planning Board recommend to the Town Board that they accept the conservation easement agreement for the Woodland Hills Subdivision located on Willowbrook Road. Ms. Margiotta seconded. All aye. Motion carried 5-0.

Chairman Kingman motioned that the Planning Board grant preliminary plat approval for the Woodland Hills Subdivision subject to the conditions documented in the Woodland Hills Preliminary Plat Report Draft dated 4-6-05 as amended at the 4-6-05 Planning Board meeting. Ms. Hoffman seconded. All aye. Motion carried 5-0. A final report reflecting the changes is attached.

Chairman Kingman agreed that Povall Engineering should deal directly with the town engineer and asked that when materials are submitted for final approval, they should be marked as such and cross referenced to the preliminary plat report.

4.    Merri Cook appeared before the board for a discussion about her property that is located on the corners of Boice and Round Lake Roads. She was before the board about two years ago to break off 3 acres out of her 11 acres. Her situation has changed and she would now like to restructure what she has to get a third lot. Since she is facing time limitations, she would like to do a lot line adjustment creating a 5 acre and a 6 acre lot and after that is approved, subdivide the 6 acre lot into two 3 acre lots if it is doable. She has spoken to Dewkett Engineering and they seem to think it is. She said she would consider including a conservation easement. Chairman Kingman said he would like to set up a site visit with the CAC to ensure this is something we can move ahead with. If she can't move forward with the subdivision, she will put the property back to the original 8 and 3 acre lots.

There was no action taken at this meeting. Ms. Cook will appear at the May meeting for the lot line adjustment.

5.    Ciro Interrante, Architect, and Mickey Jamal, Applicant, were present on behalf of the site plan application for Chestnut Mart of Milan on property located on Route 199, tax grid no. 6571-00-536267 to bring the Planning Board up to date since the applicant has spent a couple of sessions with the ZBA. Based on those discussions, they have pulled back the canopy and building, eliminated a building, made the car wash smaller, and introduced a diesel canopy. They have eliminated almost 5,000 square feet of space. The only variances needed now are a 32 foot front yard setback variance to accommodate the canopy and a 10 foot side yard setback for the vacuums. As far as putting the gas pumps in the back, that was discussed. Mr. Jamal spoke to the station owner in

7

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

Rhinebeck who has his pumps in the back and he indicated a 40 to 50% drop in estimated sales because of that. Mr. Jamal said installing the pumps in the back does not work; it does not support sales. They have provided ramps for designated handicapped parking spaces on both sides. Mr. Interrante explained that they moved the canopy back about 30 to 35 feet to what is presently the front face of the existing building, and they have taken the new building and pushed it back to what is presently the rear of the existing building. As far as landscaping in the front, they are proposing hedges along the front, flower beds bordering both entrances, trees on each side, and additional hedges along the sides. He will provide that detail for the next meeting. The dark line on the map represents the 100 foot buffer to the wetlands. They removed all of the junked cars that were on the site. Mr. Interrante said they feel the danger to the environment was worse with the junked cars that were there. The DEC is allowing some paving inside the buffer but no buildings in exchange for the applicant cleaning up the site. The DEC is also requiring a fence around the buffer area so wind blown debris does not get into the wetland. Mr. Jamal said that area of wetland was filled in by the Taconic. They have replanted it with wild plants which will revert that area back to its natural state. Mr. Interrante said from the first pass of this project, we have reduced the square footage by almost half. We are working with a consultant on a projection on water usage. The car wash can accommodate one car at a time and will be self-serve and automatic. At a previous site, they installed tanks under the car wash to recycle the water. Mr. Jamal said the pumps are monitored 365 days a year, 24 hours a day, 7 days a week via a website. Mr. Jamal said the diesel canopy will separate out the trucks from car traffic. Mr. Interrante said there is a station on 9W in Highland that looks like this, and Chairman Kingman said it would probably be worthwhile to take a look at that. Mr. Anagnos asked if the canopies had to have a designated look required by Mobil, and Mr. Jamal said we will work with you to conform with the town. At another site, we built the station in a barn. Ms. Margiotta what kinds of things will be offered and Mr. Jamal said snacks, coffee, danish, milks, eggs, ready-made sandwiches. There will not be a deli unless there seems to be a need for it. They do not have a tenant for the second space yet; the town won't allow a fast food franchise. Mr. Interrante asked about approaching the Town Board to change that law, and Chairman Kingman said they could do that. Mr. Interrante said the septic is fine, it was sized for the original plan and has not changed.

Chairman Kingman said the applicant will need to submit five copies of the updated drawing and the long form EAF to start the circulation for lead agency.

6.   DISCUSSION:

The board had a discussion on holding special meetings for applicants.

8

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 04-06-05

Ms. Hoffman motioned to adjourn the meeting at 10:00 p.m., Mr. Goss seconded. All aye. Motion carried 5-0.

The next meeting is a special meeting of the board which will be held on Wednesday, April 20th at 7:00 p.m. at the Town Hall to hold the public hearing for the Quarfelt application.

The next regularly scheduled meeting will be held on Wednesday, May 4, 2005 at 7:00 p.m. at the Town Hall.

Respectfully submitted,

Karen Buechele, Clerk
Planning and Zoning

cc:     Catherine Gill, Town Clerk (final copy)

9

EXHIBIT "C"

# TOWN OF MILAN
## PLANNING BOARD
### Dutchess County New York

**Wilcox Memorial Town Hall**
20 Wilcox Circle
Milan, NY  12571

Tel:  (845) 758-5133
(845) 876-3463
Fax: (845) 876-1449

June 30, 2005

Kenneth McCulloch
Ballard, Rosenberg, Golper & Savitt, LLP
516 Fifth Avenue, 12th Floor
New York, NY 10036
Fax: 1-212-398-9512

REF:  WOODLAND HILLS SUBDIVISION

Dear Mr. McCulloch:

You, along with Mitch Berkey from Povall Engineering, attended the Planning Board meeting on June 29, 2005. The following motions were made at that meeting.

Chairman Kingman motioned that the Planning Board accept the Woodland Hills Final Plat Report draft as amended as the Final Plat Report. Mr. Goss seconded. All aye. Motion carried 4-0.

Chairman Kingman motioned that the Planning Board grant conditional final approval to the Woodland Hills Six Lot Major Subdivision on property located on Willowbrook Road, tax grid no. 6571-00-658185-00 with the condition that the requirements are all fulfilled as specified in the Final Plat Report to include:

- Section 177-26 & 177-48D(7) - Engineer's certification of site sufficiency for on-site water supply and SDS
- Section 177-48D(3) - Letter of credit or bond acceptable to the Town Attorney
- Section 177-48D(4) - Agreements as Listed
  - Common Drive maintenance agreements (2)
  - Utilities easements (2)
  - Covenants, conditions and restrictions
  - Conservation easement
  - Open Development Area
- Section 177-48D(5) - Utilities letters (electric and telephone)
- Section 177-48D(9) - Payment of all fees, easement donations, and other required payments.
- Section 177-29 - Performance guarantees
- Section 177-30 - General Liability insurance
- Planning Board Chairman is authorized to sign the final plat upon compliance with all conditions and requirements.

Seconded by Ms. Margiotta. All aye. Motion carried 4-0.

To: Mr. McCulloch        -2-        June 30, 2005

Conditional approval is valid for 180 days, and the signed mylar must be filed with the Dutchess County Clerk's office within 60 days of the date of signing.

Chairman Kingman motioned that the Planning Board grant approval for Kenneth McCulloch to begin erosion control and rough grading of the common driveways upon filing of the engineering escrow in the amount of $3,000 with the Town Clerk. Mr. Goss seconded. All aye. Motion carried 4-0.

Mr. McCulloch submitted a check for $3,147.50 to bring the escrow account current and a check for $3,000 to establish the engineering escrow account. Payment for the final subdivision fees in the amount of $1,000 and the recreation fees in the amount of $6,000 are due prior to the Chairman signing the mylar.

Very truly yours,

Lauren Kingman, Chairman
Planning Board

cc:     William Gallagher, Assessor
       Catherine Gill, Town Clerk
       James Modafferi, Building Inspector

EXHIBIT "D"

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - FINAL

WEDNESDAY, JUNE 29, 2005

MEMBERS PRESENT:                          MEMBERS ABSENT:

Lauren Kingman, Chairman                   Jeffrey Anagnos
Peter Goss
Mary Ann Hoffmann                          ALSO PRESENT:
Sheila Margiotta

Chairman Kingman opened the meeting at 7:00 p.m.

PUBLIC HEARINGS:

1.   Stephen Feld and Peter Hollander were present for a public hearing for their lot line
     adjustment (minor subdivision) between property located at 15 Church Road and 1515
     Jackson Corners Road, tax grid numbers 6573-00-939564 and 6573-00-980575, in 3 acre
     zoning. Ms. Hoffmann read the legal notice. Mr. Feld and Mr. Hollander were present
     and gave an overview of their application. They currently own .8 acres off of Church
     Road, which is non-conforming, and have purchased a 7 acre plus lot behind that
     property. They are adjusting the lot line so that the Church Street parcel will have 3.3
     acres and the Jackson Corners Road will have 6.6 acres which will bring the Church
     Street parcel into conformance with the acreage. Both properties have dwellings on them
     now. One neighbor came up to view the map and approved of the new plan.

     Ms. Hoffmann motioned that the Milan Planning Board declare themselves lead agency
     for this lot line adjustment. Chairman Kingman seconded. All aye. Motion carried 4-0.
     This is an unlisted action for SEQRA. The board reviewed the short EAF. Ms. Hoffman
     motioned that the Planning Board declare a negative declaration for SEQRA for this
     action. Ms. Margiotta seconded. All aye. Motion carried 4-0. There are two outstanding
     items: There needs to be a table or note added to the map listing the before and after
     acreages for each parcel, and the original property line, which is on the map, needs to be
     labeled as such.

     The applicant paid the lot line adjustment fee and the publication fees totaling $179.26.
     Ms. Hoffmann motioned to close the public hearing. Mr. Goss seconded. All aye.
     Motion carried 4-0.

     Ms. Hoffman motioned that the Town of Milan Planning Board grant conditional final
     approval to the two lot re-configuration (lot line adjustment) to Stephen Feld and Todd
     Hollander on properties located on 15 Church Road, tax grid no. 6573-00-939564 and
     1515 Jackson Corners Road, tax grid no. 6573-00-980575 with the following conditions:

1

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - FINAL - 06-29-05

1.  Original boundary line needs to be identified as such on the map
2.  Before and after chart or note needs to be added to the map for each lot providing the original size of the lot, the amount of land transferred, and the final size of each lot.

Seconded by Ms. Margiotta. All aye. Motion carried 4-0. All fees have been paid.

Once the mylar is updated, the applicant needs to provide the Planning Board Chairman with the mylar plus four copies for signature. Conditional approval expires in 180 days and the signed mylar expires in 60 days from the date of signature if it is not filed in the Dutchess County Clerk's office within that time.

## ADMINISTRATIVE ITEMS:

—  Approval of Minutes: Chairman Kingman motioned to approve the minutes of June 1, 2005 as amended. Ms. Hoffmann seconded. All aye. Motion carried.

## APPLICATIONS:

1.  Kenneth McCulloch, applicant, and Mitch Berkey from Povall Engineering were present for the Woodland Hills subdivision application on property located on Willowbrook Road. As a result of the last meeting, there were a number of minor revisions that needed to be made. A new package with revised drawings and a response letter has been submitted. A letter from the town engineer dated 6/27/05 has been submitted approving the plans with all of his outstanding issues resolved. Chairman Kingman went through final plat report. The applicant has indicated the monuments, but they need to be verified by the town engineer. Road names have been approved. The table has been amended to include total lot characteristics. The storm water plan for the pond has been submitted and approved by town engineer. As far as the ODA, Mr. McCulloch has provided a letter for the Town Board, the Planning Board has recommended approval, and the Fire Department has reviewed the application and approved it. The ODA has been reviewed by the Planning Board attorney and the Town Board attorney and should receive Town Board approval at the July meeting. Povall Engineering has responded to the letter from Greenplan and added a note to the map requiring the conservation easement be flagged and indicating on the map the area of the lady slipper. They also added the non regulated wetland and provided a planting plan for the storm water management area.

Chairman Kingman motioned that the Planning Board accept the Woodland Hills Final Plat Report draft as amended as the Final Plat Report. Mr. Goss seconded. All aye. Motion carried 4-0.

2

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 06-29-05

Chairman Kingman motioned that the Planning Board grant conditional final approval to the Woodland Hills Six Lot Major Subdivision on property located on Willowbrook Road, tax grid no. 6571-00-658185-00 with the condition that the requirements are all fulfilled as specified in the Final Plat Report to include:

1. Section 177-26 & 177-48D(7) - Engineer's certification of site sufficiency for on-site water supply and SDS
2. Section 177-48D(3) - Letter of credit or bond acceptable to the Town Attorney
3. Section 177-48D(4) - Agreements as Listed
   - Common Drive maintenance agreements (2)
   - Utilities easements (2)
   - Covenants, conditions and restrictions
   - Conservation easement
   - Open Development Area
4. Section 177-48D(5) - Utilities letters (electric and telephone)
5. Section 177-48D(9) - Payment of all fees, easement donations, and other required payments.
6. Section 177-29 - Performance guarantees
7. Section 177-30 - General Liability insurance
8. Planning Board Chairman is authorized to sign the final plat upon compliance with all conditions and requirements.

Seconded by Ms. Margiotta. All aye. Motion carried 4-0.

Conditional approval is valid for 180 days, and the signed mylar must be filed with the Dutchess County Clerk's office within 60 days of the date of signing.

Chairman Kingman motioned that the Planning Board grant approval for Kenneth McCulloch to begin erosion control and rough grading of the common driveways upon filing of the engineering escrow in the amount of $3,000 with the Town Clerk. Mr. Goss seconded. All aye. Motion carried 4-0.

Mr. McCulloch submitted a check for $3,147.50 to bring the escrow account current and a check for $3,000 to establish the engineering escrow account. Payment for the final subdivision fees in the amount of $1,000 and the recreation fees in the amount of $6,000 are due prior to the Chairman signing the mylar.

2. Catherine Napolitano, applicant, and Brandee Nelson from Crawford and Associates were present for the Stonewood Subdivision on property located on Spring Lake Road. There is no input as yet from the town engineer and town planner as they did not receive their submissions until last week. They will not have any landscaping on the plan. Utilities are underground and cable is included. They have preliminary approval and are waiting for a letter back from the Board of Health on the toxins. Ms. Nelson said the Board of

3

# TOWN OF MILAN PLANNING BOARD MEETING MINUTES - FINAL - 06-29-05

Health won't provide a letter until they issue their septic approval. The easement monuments needs to be shown on the drawing. They can't be iron rods; they need to be monuments. The applicant is working on various agreements that are needed such as the homeowners association and right of ways. They need to change Salisbury Road to Odak Farm Road and change D-1 and D-2. They will do the two foot contours in the area of disturbance. Chairman Kingman reviewed Mr. DelBene's memo with Ms. Nelson on the road and storm water. The majority of his comments are details they have but have not presented yet. They need to indicate the actual area required for the filtration basins so the homeowner knows it is a designated storm water area. Chairman Kingman suggested a separate map for the storm water detail to simplify the maps. Ms. Nelson said she anticipates getting everything together by the end of next week, and Chairman Kingman said the critical step is getting Mr. DelBene's approval in order to proceed to conditional final plat approval.

Chairman Kingman motioned that the Planning Board forego a public hearing for final plat approval for the Stonewood Subdivision. Ms. Hoffmann seconded. All aye. Motion carried 4-0. Chairman Kingman said it is critical that all of the engineering aspects of this are completed for the next meeting. Ms. Napolitano asked if they could continue with the roughing in of the road if Mr. DelBene's concerns are satisfied by Friday and he faxes a letter to the Planning Board, and Chairman Kingman said yes. Mr. DelBene also needs to review the anticipated costs for all improvements that the applicant needs to submit.

3.  Gerard Nesel appeared to update the board on the progress of his subdivision on property located on South Road. He has had the archeological survey done and they did not find anything. He showed the board a new map. Mr. Nesel said he took Greg Becker, Fire Chief, up to the site to ensure they meet the requirements for emergency access. The habitat assessment, done by Michael Nowicki from Ecological Solutions, is now complete and needs to be sent out. Karen Schneller-McDonald from Greenplan will need a copy of both the archeological and habitat reports. This will also need to have an ODA approved, and Chairman Kingman explained this process to Mr. Nesel. Chairman Kingman suggested an informal meeting be held with Karen Schneller-McDonald and Frank Margiotta from the CAC so that this can move forward with SEQRA. Mr. Nesel will coordinate that. Mr. Nesel also needs to contact the Planning Board attorney for the shared driveway agreement. The Fire Department will need to be formally contacted as part of the ODA approval process. Anything over 10% needs to be paved on the driveway. Paving is considered an improvement and can be part of a conditional approval. The town engineer will have to review the site and the paving. Mr. Nesel will need to submit a road profile for the common drive. Chairman Kingman said the road profile and storm water plan needs to be sent to Mr. DelBene as soon as they are available. Mr. Nesel is going for Board of Health approval on all three lots. As far as designating this as no further subdivision, Mr. Nesel said he would like to leave the

4

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 06-29-05

option open for another lot at some point. There was no action taken at this meeting. Chairman Kingman said at the next meeting, the Board will review the submission and hopefully set the public hearing for the September meeting.

Ms. Hoffmann motioned that the Planning Board move the meeting scheduled for Wednesday, August 3, 2005 to Wednesday, July 27, 2005 due to vacation schedules. Ms. Margiotta seconded. All aye. Motion carried 4-0.

4. Tim Ross, P.E., appeared on behalf of Glenn Carrezola to request a 90 day extension of the conditional final approval for Mr. Carrezola's subdivision of property located on South Road. Mr. Ross said the County wanted only one entrance. They could not get the required sight distance. Mr. Ross has a meeting with County and Mr. Butler, Highway Superintendent, next week. He said he has found another spot but wants to get their approval before moving forward. Mr. Ross said he also needs to address Mr. DelBene's comments.

Ms. Hoffmann motioned that the Planning Board grant an extended conditional approval for 90 days for the Carrezola subdivision. Chairman Kingman seconded. All aye. Motion carried 3-0. (Ms. Margiotta had stepped out of the room.)

5. Kevin Cunningham, L.S., was present representing the subdivision application for Mr. S. Ferrari, 1010 Holdings, on property located on Rowe Road. A CAC report was submitted dated 6/13/05 as a result of the last meeting. Chairman Kingman said the key question is whether or not Mr. Ferrari is willing to place a no further subdivision clause on the 10 acre lot with the house. Mr. Cunningham said Mr. Ferrari does not want to do that. Chairman Kingman said our impression was that Mr. Ferrari submitted documentation in support of hardship to allow him to move forward with this subdivision even though there is a moratorium in place because he was breaking off the 10 acre lot to protect the house and buildings. The concern with allowing future subdivision of that lot is that the historic house and historic setting could end up being right next to something that is not historic. Right now, it is fairly well protected and isolated. Chairman Kingman said he went through the documentation submitted and did not see anything conditional on the sale that the property be subdividable. If Mr. Ferrari does not want to add the no further subdivision note, then the Board will have to require a long form EAF due to the SEQRA requirements of historical sites. Mr. Cunningham said this is in five acre zoning so if someone wanted to further subdivide, they would have to come back before this Board for approval anyway. Mr. Ferrari really does not want to restrict that lot and wants to leave the option for subdivision open for the future. Chairman Kingman suggested Mr. Ferrari discuss this with the purchaser to see if he has any objections to no further subdivision. He may not. If they want to maintain this as a potential subdivision, then this Board needs to take a hard look at this action from a historical perspective. Chairman Kingman suggested Mr. Cunningham get back with Mr. Ferrari and see how he

5

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 06-29-05

wants to proceed. If he wants to leave it as subdividable, then Mr. Cunningham and
Chairman Kingman should meet to figure out how to best move this action along.

Chairman Kingman motioned that if the applicant is willing to add a no further
subdivision note, the Planning Board will schedule the public hearing for the August
meeting (being held on July 27th). Ms. Hoffmann seconded. All aye. Motion carried 4-0.
If the applicant wants to keep the lot as subdividable, then a long EAF needs to be
submitted and the Board will have to discuss mitigations prior to setting the public
hearing. The SEQRA determination needs to be done prior to closing the public hearing.
This is too small of an area for a conservation easement. If someone was going to
subdivide, it would be right in the area of the evergreen trees. Mr. Cunningham said it
would only be a very small section of the evergreen trees. Mr. Ferrari wanted to keep as
much of that growth as he could.

6.     Ciro Interrante, Architect, and Mickey Jamal, applicant, were present for the site plan
application of Chestnut Petroleum Distributors for Chestnut Mart on property located on
Route 199. The Town Board has agreed to move ahead to amending the definition of
convenience store and they have provided a marked up plan to the Planning Board
attorney. That will need a public hearing to be held by the Town Board, and the applicant
is hoping for August 8th for that. They have received variances from the ZBA for the
setbacks for the fuel pump and canopy with conditions and for a group of businesses with
conditions. The ZBA did not go along with moving the island 10 feet closer to the road
to allow for the possibility of parking being allowed in the front at some future point in
time.

Chairman Kingman said there will probably be other variances as we move through this
application. The next step is to have the applicant pull together the plan the way they
would like to see it. Mr. Interrante asked about the diesel canopy and building elevations
and Chairman Kingman read from section 200-41, public garages, etc. They discussed
options. There is a requirement in section 200-38, off street parking, that no parking
spaces can be within 50 feet of a front lot line so they need to move around some spaces.
They need to do some rough calculations for parking spaces. They should meet with Ted
Fink at this point also for discussion.

Mr. Interrante will draw up what is existing. They would like to keep the frame work for
the sign but change the face. The code prohibits changing a sign that is non-conforming
and does not permit self-illuminating signs. If they want to change the signs, they need to
go before the zoning board and will have to address maximum height, square footage,
internal illumination, etc. The applicant would like to keep the two lamp posts with
poster signs that are existing and are not self-illuminating. They are designed to be
changing. Chairman Kingman did not see a problem with that but said there are a bunch
of signs clamped on which are temporary signs which are not allowed. Safety signs are

6

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 06-29-05

okay. Signs that list grades are okay. The code allows window signs not exceeding 15% of the total window area that cannot be self-illuminated. The applicant needs to review section 200-44, Signs. The maximum number of building signs per lot is three. Mr. Interrante showed a design standpoint reflecting a colonial look and discussed possible shingles and color. Chairman Kingman suggested they consider details for the side of the building so as not to have blank walls. Chairman Kingman will try to set up a meeting the week of July 11th with Ted Fink.

8.     Charlie and Jean Hamilton were present for the site plan review of Bay Horse Gazebos located on Route 199. As a result of the last meeting, Chairman Kingman did some research as reflected on his report dated 6-29-05 and no evidence of a building permit, CO, or site plan for Bay Horse was found. Also, the 1994 requirements regarding bulk and area, use of yards, and site plans are the same as current zoning. The 1994 zoning code did not list shed sales as a valid use. The Town Board added that as a valid use in 2003. Bay Horse meets the criteria of 200-14.1F which requires all HB uses established prior to 1-1-2001 to be in compliance by 5-9-2006.

Mr. Hamilton submitted a site plan application, special use permit application, short form EAF, a map, and the escrow form and escrow check for $1,000. They now need to apply for specific variances while continuing along with the site plan review as well as applying for a couple of interpretations to the zoning code, as specified in the report dated 6-29-05. One question is whether stock is considered part of the maximum lot coverage allowed since it is not permanent; they may need to request a variance to allow for more lot coverage to accommodate that. It needs to be determined whether the office building is considered a permanent building and what the intention is of the phrase, "served by water and sewer". The applicant has a port-a-john and bottled water on the site. Board of Health requirements also need to be considered so a letter from them would be helpful.

Mr. Hamilton needs to submit three copies of the map in order to start circulation for SEQRA for lead agency. The area variances need to be resolved in order to proceed with the site plan process.

9.     Amanda Bodian was present for the site plan review for the Milan Road House on Route 199 which also falls under Section 200-14.1F, all HB uses established prior to 1-1-2001 must be in compliance by 2006. Chairman Kingman reviewed the status and said the applicant needs to open an escrow account so this can go out for review and gave the applicant a site plan checklist dated 6-29-05. An informal meeting was held with the owners, the ZEO, Building Inspector, and Planning and Zoning Chairmen. The two buildings were constructed in 1948 on the current six acre lot. One building has historically been a diner and the second building was historically a motel which was converted to three apartments several years ago. There is no room in the back or on the sides for parking. Historically, parking has been in the front. There are sign issues and

7

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - FINAL - 06-29-05

they need to apply for a sign permit. There are two uses, a diner and a multiple dwelling. The conversion from motel to multiple dwelling was done without site plan approval and created two unlawful situations; two principal uses on the same lot and a multiple dwelling use in the HB district. One possibility, since they have over five acres, is a group of businesses; however, a multiple dwelling is residential, not business. The diner was out of business for 18 months. Any non conforming use per the zoning code that is suspended or not used for over 12 months is no longer grandfathered. However, renting apartments is a business  Chairman Kingman said they could request an interpretation from the ZBA. Another possibility is subdividing, but the practical problem would be that currently, both structures use the same well and septic. Also, the property is very steep. Ms. Bodian said initially, they wanted to make the other business into retail space, but there are tenants there, three families. They don't have leases but there is at least one who is on public assistance. This is affordable housing and if we tell them they have to go, where would they go. Mr. Williams suggested contacting the agency in Poughkeepsie who is paying the bills and get their perspective on whether this is considered permanent housing.

Chairman Kingman said Ms. Bodian needs to give this some consideration to see what direction she would like to take. Mr. Williams asked if the septic is really sufficient to support everything on the site, and Ms. Bodian said they have a Board of Health permit for the three apartments and the diner.

Chairman Kingman said the board and the applicant need to consider this. In the meantime, though, the applicant can move ahead and open the diner.

10.   Joseph Licitra and Margaret Stauss appeared to discuss their ECHO situation on property located on the north side of Route 199. There is a primary dwelling on the site and a second dwelling that is an ECHO house which is a temporary house designed to be removed within 90 days after the elderly tenant no longer uses it. This is in the hamlet of Lafayetteville and is on a 2.2 acre lot. After Ms. Stauss' mother passed away, Mr. Licitra was of the age to use the echo home. They would like to find out how they can sell their home and not remove the ECHO unit. They have three alternatives. Remove the ECHO home, find a buyer who would meet the ECHO requirements, subdivide the property. They said the ECHO home was built by the Amish and is a wonderful home. According to Mr. Licitra, both homes share a well but the ECHO unit has its own septic.

8

TOWN OF MILAN PLANNING BOARD MEETING MINUTES - **FINAL** - 06-29-05

Ms. Hoffmann motioned to adjourn the meeting at 10:45 p.m., Mr. Goss seconded. All aye. Motion carried 4-0.

The next meeting will be held on July 27, 2005 at 7:00 p.m.

Respectfully submitted,

Karen Buechele, Clerk
Planning and Zoning

cc: Catherine Gill, Town Clerk

9