\
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**CARMEN OTERO Mc CULLOCH**,

                      Plaintiff,         **ANSWER TO AMENDED COMPLAINT**

   -against-

                                                    07 CV 9780 (LAP)(RLE)

**TOWN OF MILAN, TOWN OF MILAN TOWN BOARD, JOHN V. TALMADGE**, Town Supervisor, and **ALFRED LO BRUTTON, PAULINE COMBE-CLARK, DIANE MAY**, and **ROSS WILLIAMS**, Councilpersons, **TOWN OF MILAN PLANNING BOARD, LAUREN KINGMAN**, Chairman, and Members **JEFFREY ANAGOS, PETER GROSS, SHEILA MARGIOTTA, MARY ANN HOFFMAN,** and **PAULINE COMBE-CLARK, GARY E. BECK**, Zoning Enforcement Officer, Town of Milan, and **FRANK MARGIOTTA, BARBARA HUGHEY,** and **CHARLOTTE NORMAN,**

                      Defendants.

------------------------------------------------------------------------X

      Defendants, by their attorneys, Rice & Amon, as and for their answer to the Amended Complaint, allege, upon information and belief, as follows:

      1. Deny each and every allegation set forth in paragraphs "5", "11", "25", "26", "30", "33", "34", "35", "36", "37", "38", "40", "42", "43", "45", "46", "48", "50", "54" and "55" of the amended complaint.

      2. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "2", "10", "15", "20", "27", "28", "32", "39", "41", "44", "47", "52" and "53" of the amended complaint.

      3. Deny knowledge or information to form a belief as to the allegations set forth in paragraph "4" of the amended complaint except admit that the Article 78 petition

referred to therein is brought in the name of Carmen O. Mc Culloch" and that the allegations of the petition allege that the name of the petitioner therein is "Carmen Otero Mc Culloch and that her address was 2 Tudor Place, New York, New York.

    4.  Admit the allegations set forth in paragraph "7" of the amended complaint, except deny that the actions alleged were taken by the Town Board under color of state law.

    5.  Deny the allegations set forth in paragraph "8" of the amended complaint except admit that the Town of Milan had a duly appointed Planning Board at all times relevant herein and that it consisted of Lauren Kingman (chairman), Jeffrey Anagos, Peter Goss, Sheila Margiotta, Mary Ann Hoffman and Pauline Combe-Clark.

    6.  Deny the allegations set forth in paragraph "22" of the amended complaint except admit that in or about December, 2004, the Planning Board advised counsel that pursuant to Town Law § 282 and § 177-35 of the Town Code, further proceedings on the subdivision application were required to be stayed pending a determination in the Article 78 proceeding.

    7.  Deny the allegations set forth in paragraph "23" of the amended complaint except admit that § 177-35 of the subdivision regulations provides, in part, that "Any person or persons, or any officer, department, board or bureau of the Town, jointly or severally aggrieved by any decision of the Planning Board regarding subdivision plat decisions may apply to the New York Supreme Court for relief by a proceeding under Article 78 of the Civil Practice Law and Rules of New York State, and: A. The proceeding shall be initiated by the aggrieved party within 30 days after the filing of the Planning Board's decision in the office of the Town Clerk. B. Commencement of such

proceeding shall stay all further actions or proceedings upon which the decision is being appealed."

8. Deny the allegations set forth in paragraph "31(a)" of the amended complaint and deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31(b)" and "31(c)" of the amended complaint.

9. Answering the allegations set forth in paragraph "51" of the amended petition, respectfully refer the Court to the full text of the letter referred to therein.

## ANSWERING THE FIRST CAUSE OF ACTION

10. Answering the allegations set forth in paragraph "56" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "55" of the complaint.

11. Deny each and every allegations set forth in paragraphs "57", "60", "63", "64", "65", "70"[1], "71", "72", "73", "76", "79", "80", "84", "90", "91" "95", "96", "97", "98", "100", "101", "103", "104", "105", "106", "107", "110", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "126" and "127" of the amended complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "62", "66", "67", "68", "69", "74", "77", "78", "81", "82", "83", "85", "86", "87", "89", "92", "93", "94", "99", "102", "124" and "125" of the amended complaint.

13. Deny the factual allegations set forth in paragraph "58" of the amended complaint and further declare that the balance of the allegation is not answerable herein because it calls for a legal conclusion.

---

[1] This denial refers to first paragraph "70" – amended complaint contains two paragraphs 70.

14. The allegations set forth in paragraph "59" of the amended complaint are not answerable herein because it calls for legal conclusions.

15. Deny the allegations in paragraph "70" (second paragraph "70") of the amended complaint and respectfully refer the Court to the full text of the Comprehensive Plan.

16. Answering the allegations set forth in paragraph "75" of the amended complaint, respectfully refer the Court to the full text of the minutes of said meeting.

17. Deny knowledge or information sufficient to answer the allegations set forth in paragraph "88" of the amended complaint, except deny that the response attributed to Mr. Kingman.

18. Answering the allegations of paragraph "109" deny that the allegation accurately represents the applicable law and respectfully refers the Court to the full text of Town Law § 271 and the case law applicable to consultant fees.

## ANSWERING THE SECOND CAUSE OF ACTION

19. Answering the allegations set forth in paragraph "128" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "127" of the complaint.

20. Deny each and every allegations set forth in paragraphs "129", "130", "131", "132", "135", "136", "137", "138", "139", "140", "141", "144" and "145" of the amended complaint.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "133" and "134" of the amended complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

22. Answering the allegations set forth in paragraph "147" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "146" of the complaint.

23. Deny each and every allegations set forth in paragraphs "148" and "149" of the amended complaint.

## ANSWERING THE FOURTH CASUE OF ACTION

24. Answering the allegations set forth in paragraph "150" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "149" of the complaint.

25. Deny each and every allegations set forth in paragraphs "151" and "152" of the amended complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

26. The cause of action was dismissed by Order of the Court dated July 18, 2008.

## ANSWERING THE SIXTH CAUSE OF ACTION

27. The cause of action was dismissed by Order of the Court dated July 18, 2008.

## ANSWERING THE SEVENTH CAUSE OF ACTION

28. The cause of action was dismissed by Order of the Court dated July 18, 2008.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. Plaintiff has failed and neglected to obtain a final decision and as a result, her claims are not ripe.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

30. The claims asserted pursuant to the Fair Housing Act are barred by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

31. The challenge to conditions of the subdivision approval are barred by the statute of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

32. The complaint fails to state a claim pursuant to the Fair Housing Act.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

33. Plaintiff lacks a cognizable property interest.

34. As a result, a substantive due process claim is deficient as a matter of law.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

35. The claims asserted against the individual Defendants are barred by the First Amendment and applicable case law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

36. The complaint fails to state a claim against the individual Defendants for tortuous interference with contract/ prospective economic advantage.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

37. The individual Defendants are entitled to dismissal of the action as against them on the basis of qualified immunity.

Dated: Suffern, New York
       August 7, 2008

Rice & Amon

/s_____
By: Terry Rice (TR 1022)
Four Executive Boulevard
Suite 100
Suffern, New York 10901
(845) 357-4000