UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN OTERO MCCULLOCH,

                        **Plaintiff,**

            - against -

TOWN OF MILAN, et al.,

                        **Defendants.**

OPINION

07 Civ. 9780 (LAP) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Carmen Otero McCulloch, filed this action on November 5, 2007, against the Town of Milan, the Town of Milan Board, Lauren Kingman, Jeffrey Anagos, Peter Goss, Sheila Margiotta, Mary Ann Hoffman, Pauline Combe-Clark, Gary E. Beck, Frank Margiotta, Barbara Hughey, and Charlotte Norman ("Defendants") alleging discrimination, an improper taking, violation of equal protection laws, intentional interference with contract and economic advantage in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* ("FHA"); the United States Constitution, Fifth and Fourteenth Amendments; the Declaratory Judgment Act, 28 U.S.C. § 2201; 42 U.S.C. § 1983; and New York State and Town counterparts. Before the Court is McCulloch's motion for leave to amend her Complaint pursuant to Rules 15(a) & (c) of the Federal Rules of Civil Procedure to add a new claim of retaliation based on an incident subsequent to filing her Complaint in this action, and to add the New York Human Right Law statute as part of her statutory basis for relief. For the reasons that follow, McCulloch's motion is **DENIED**.

## II. BACKGROUND

The facts relevant to the instant motion are as follows. Plaintiff McCulloch filed this action on November 5, 2007, and filed an amended complaint on January 25, 2008. Defendants filed a motion to dismiss on December 21, 2007, and a motion to dismiss the amended complaint on March 3, 2008. On July 17, 2008, the Honorable Loretta A. Preska granted in part and denied in part Defendants' motion. Specifically, Chief Judge Preska denied the motion as to the Fair Housing Act claims, the Equal Protection claim, and the claim of tortious interference with prospective economic relations. The motion was granted as to the denial of procedural or substantive due process claims, the Takings claim, and the claim for declaratory judgment as to the Conservation Easement Agreement. (Opinion & Order, July 17, 2008 (LAP)). Defendants thereafter answered the amended complaint on August 8, 2008. Fact discovery in this case closed on September 18, 2009, and all discovery is set to close on January 19, 2010. On September 14, 2009, McCulloch filed her motion to amend the complaint.

In the proposed Amended Complaint, McCulloch alleges a new retaliation claim based on events occurring on and around March 28, 2008. McCulloch additionally proposes to add the New York Human Rights Law statute because it "provides for a three-year statute of limitations and also provides for compensatory and punitive damages in housing discrimination cases." (Plantiff's Memorandum of Law in Support of Motion to Submit an Amended Complaint, Sept. 14, 2009 ("Pl.'s Mem.") at ¶ 6.) McCulloch makes the following factual allegations in support of these new claims: 1) upon McCulloch's request for an interpretation of the Conservation Easement Agreement (CEA), Defendants responded that "the Town would not consider giving any interpretation of the CEA unless and until Ms. McCulloch dismissed her lawsuit that was

filed in Federal Court." (Prop'd Am. Compl. ¶ 174.); 2) McCulloch did not provide any new factual allegations as to the New York Human Rights Law claim but argued that she was entitled to add the claim as a legal matter pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.

In support of her motion for submitting an Amended Complaint, McCulloch asserts that since the events underlying the new retaliation claim against Defendants occurred subsequent to the original pleadings, the governing standard is provided in Rule 15(a) of the Federal Rules of Civil Procedure. (Pl.'s Mem. at ¶ 2.) McCulloch argues that Defendants are not prejudiced by the motion, and there is no undue delay, bad faith, or dilatory motive. (Plaintiff's Reply Declaration in Support of Plaintiff's Motion to Amend the Complaint and in Reply to Defendant's Response to the Motion ("Pl.'s Reply.")

Defendants responded in opposition on September 22, 2009. They argue that the motion should be denied because it will cause undue delay and prejudice, that it was filed in bad faith, and that it is futile. (Defs.' Memorandum of Law in Opposition to Motion for Leave to Amend Complaint ("Defs.' Response")).

### III. DISCUSSION

**A. Legal Standard**

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981);

*Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend may be denied "where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *Satcom Intern. Group PLC v. ORBCOMM Intern. Partners, L.P.,* No. 98 Civ. 9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). "The burden to explain a delay is on the party that seeks leave to amend." *Id.* The Court considers many factors when determining prejudice, including but not limited to, "whether opposing counsel would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay the resolution of the dispute." *See Lacher v. C.I.R.*, 32 Fed. Appx. 600, 603, 2002 WL 480576 at *3.

    Here, the event giving rise to McCulloch's retaliation claim occurred during settlement discussions. (Def's Decl. at ¶ 14.) Normally, discussions between parties at settlement conferences are confidential and do not form the basis for claims in litigation. *See Yong F. Ke v. 85 Fourth Avenue, Inc.*, No. 07 Civ. 6897 (BSJ)(JCF), 2009 WL 1058627 at *3 (S.D.N.Y Apr. 20, 2009) (the functional value of settlement discussions are greatly reduced by virtue of their confidential nature). Moreover, McCulloch's motion to amend was filed twenty-two months after she filed the complaint and eighteen months after the settlement conference that gave rise to McCulloch's putative retaliation claim. McCulloch gives little reason for her delay in filing her motion. She states that it was necessary to write a letter concerning the interpretation of the CEA (the subject matter of the retaliation claim) and to depose defendants in order to inquire about the

4

letter. (Pl.'s Reply at ¶¶14-15.) Defendants ignored McCulloch's letter on advice from legal counsel. (Def's Decl. at ¶¶ 17-18.) McCulloch's explanation does not excuse an eighteen month delay. Finally, McCulloch states the basis for her retaliation claim is founded on the Fair Housing Act, the U.S. Constitution, and the "right to interpretation," derived from contract law and in the Conservation Easement Agreement itself. (Plaintiff's statement to the Court, phone conference, October 7, 2009.) Such bases are tenuous at best for a retaliation claim.

McCulloch's second claim to add the New York Human Rights Law as part of her statutory scheme. She bases this part of her motion on Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure. (Pl's Decl. at ¶ 5.) "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." FED. R. CIV. P. 15(c)(1)(B); *Spencer Trask Software &b Information Services LLC v. RPost Intern. Ltd.*, No. 02 Civ. 1276 (PKL), 2008 WL 2156343 at *4 (S.D.N.Y. May, 22, 2008). Generally, a new legal theory premised on the same set of facts relates back to the original pleading. *See Maccharulo v. Gould*, No. 08 Civ. 301 (LTS)(THK), 2009 WL 2495780 at *4 (S.D.N.Y. Aug. 14, 2009) (finding that Plaintiff's Title II and Rehabilitation Act claims relate back to the original mental health claim in the original pleading).

On its face, McCulloch's claim relates back because her new legal theory (New York Human Rights Law, Executive Law § 690) is based on the same facts in the original pleading, namely, that Defendants allegedly discriminated against her because of her national origin and her place of residence, *inter alia*. (Pl.'s Original Complaint ¶ 61.) Although the claim relates back, it is prejudicial to defendants because the New York Human Rights Law claim provides for

5

Court finds no fatal flaw on the face of McCulloch's new allegations based on the limited record before it, the Court concludes the prejudice McCulloch will suffer in having to seek remedy for any new allegations by filing a subsequent suit is not so great as to outweigh the prejudice Defendants would suffer if they are not permitted to investigate and conduct discovery relevant to McCulloch's new allegations. (*See* Defs.' Response at 7-8.) The Court concludes this would fail to promote the efficient and speedy disposition of the original controversy between the parties and would further contribute to the delay in resolving the instant case.

Finally, the Court notes that, despite the presence of a correlation between McCulloch's new Human Rights claim and the events of alleged discrimination in the original Complaint, there has to be some endpoint to discovery and litigation in any matter. This case dates back to 2007 and the events giving rise to the Complaint took place in 2004-05. McCulloch's only explanation for the delay appears to be that this claim did not occur to her until recently. This continues a pattern in which the claims and allegations have an ad hoc quality to them. This unnecessarily burdens Defendants and the judicial process.

## IV. CONCLUSION

Based on the foregoing, McCulloch's motion to amend her Complaint is **DENIED.**

**SO ORDERED this 14th day of October 2009**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**