UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-10-13
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARMEN OTERO MCCULLOCH,

                Plaintiff,

      -against-

TOWN OF MILAN, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

07 Civ. 9780 (LAP)

MEMORANDUM & ORDER

Loretta A. Preska, Chief United States District Judge:

    Defendants (or the "Town") in the above-referenced matter
bring the instant motion for an award of attorneys' fees after
being granted summary judgment in September 2012.  For the
reasons set forth herein, Defendants' motion [dkt. no. 235] is
DENIED.

    1.  <u>Background</u>

    Plaintiff Carmen Otero McCulloch ("Plaintiff" or "Mrs.
McCulloch") brought the above-referenced matter alleging, in a
nutshell, discriminatory practices perpetrated by the Town and
others on account of Plaintiff's national original resulting in
loss to the value of her property.  Plaintiff's federal claims
were based on the Fair Housing Act, 45 U.S.C. § 3604, and 42
U.S.C § 1983 ("Section 1983").  Plaintiff also alleged various
state law claims.

This case has gone through various stages of litigation, including surviving a motion to dismiss, requests for injunctive relief, settlement conferences, and, finally, summary judgment. The Court and all parties are intimately familiar with the posture and the facts of this case.  In September 2012, the Court denied Plaintiff's motion for summary judgment and granted summary judgment to Defendants, holding that Plaintiff had failed to meet her burden of submitting evidence to support her claims.  [Dkt. No. 233.]

Defendants now move for an award of attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 3613(c)(2), and against Plaintiff's husband and attorney, Kenneth McCulloch, personally pursuant to 28 U.S.C. § 1927.[1]  After delays in briefing this motion resulting in several conferences with the Court on what constitutes acceptable submissions, oral argument was held before the Court on August 1, 2013.  The Court reserved judgment at that time.

---

[1]    Plaintiff has been represented throughout this litigation by her husband, Mr. McCulloch, who not only represented Plaintiff in this matter, but represented her in all interactions with Defendants during the events that form the basis of this discrimination lawsuit.  Mr. McCulloch, thus, has always possessed unique knowledge concerning the evidence in this case, which Defendants assert make him personally liable for the frivolousness of the case.

2

2.  <u>Legal Standard</u>

42 U.S.C. § 1988 ("Section 1988") authorizes an award of attorneys' fees to the prevailing party in any action brought pursuant to Section 1983 if an action is found to be "frivolous, unreasonable, or groundless" or if a plaintiff "continued to litigate after it clearly became so."  <u>Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n</u>, 434 U.S. 412, 422 (1978).  42 U.S.C. § 3613(c)(2) authorizes the Court in its discretion to award attorneys' fees to the prevailing party in a civil action alleging, <u>inter alia</u>, a "discriminatory housing practice."  28 U.S.C. § 1927 ("Section 1927") holds an attorney personally liable for attorneys fees, stating that when that attorney "so multiplies the proceedings in any case unreasonably and vexatiously [he] may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

3.  <u>Discussion</u>

As all parties are aware, this case has not been litigated by either side in a way the Court would characterize as a cooperative, efficient, or considerate manner.  This case has been fraught with delay since its inception, due in large part to one or the other or both of the parties' not complying with directions of the Court or to each party's general wish to make the other's tasks as difficult as possible.  As all are familiar

3

with the trajectory of this litigation, the Court will not detail those examples here.

However, despite the acknowledged flaws in Plaintiff's case and Mr. McCulloch's recalcitrant demeanor throughout, Defendants have failed to meet the standard of either Section 1988 or Section 1927 that would allow for an award of attorneys' fees against Plaintiff or against Mr. McCulloch personally.  Firstly, the Court notes that Defendants' briefs are just that—brief—and rely heavily on the declaration of the Town's attorney, Terry Rice, who outlines the evidentiary flaws in Plaintiff's case instead of providing a considered legal basis for an award.

Second, Defendants failed to provide billing statements and contemporaneous time records to Plaintiff and the Court until a conference was held and they were instructed to do so despite making various privilege and hardship arguments.  When those records were provided, they were missing entries for several time periods, including the time period preceding the motion to dismiss.  As Plaintiff points out, the lion's share of the claims that Mr. Rice's declaration lists as those that he considers to be frivolous are those that were dismissed in 2008 pursuant to Defendants' motion.  The remaining claims, by the very fact that they survived a motion to dismiss, do not rise to the level of being "frivolous" such that an award pursuant to Section 1988 is available.

4

The Court will briefly mention that an award of attorneys'
fees imposed against an attorney personally pursuant to Section
1927 is a high standard requiring conduct "akin to bad faith,"
see In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d
Cir. 2000), and thus, such a sanction should not be imposed
lightly, see Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985).
Defendant argues that because Mr. McCulloch represented Mrs.
McCulloch in all the interactions with the Town constituting the
basis of this action, and thus possessed unique knowledge of the
alleged lack of evidence in this case, he should be held to such
a standard of bad faith.  However, the Town has not met its
burden of establishing actions taken by Mr. McCulloch that would
satisfy this high standard.

    4.  Conclusion

For the forgoing reasons, Defendants' motion for attorneys'
fees [dkt. no. 235] is DENIED.

SO ORDERED.

Dated: New York, New York
      September 10, 2013

_Loretta A. Presska_
_____
UNITED STATES DISTRICT JUDGE